CC: BMK

PAUL J. SULLA #5398
P.O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 06 2006

at 3 o'clock and 4 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR05-00342 HG |
| Plaintiff, ) | |
| vs. ) | MOTION FOR BILL OF PARTICULARS; CERTIFICATE OF SERVICE |
| STEPHEN B. WILSON ) | |
| Defendant. ) | |

**MOTION FOR BILL OF PARTICULARS**

Comes now Defendant and moves the Court for an order pursuant to Federal Rules of Criminal Procedure Rule 7(f) directing the government to provide the following particulars with respect to the indictment in this case.

1.  In Bryan v. United States, 524 U.S. 184, 200 (1998) the Court cited to Cheek v. United States, 493 U.S. 192, 201 (1991), and said "In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the Defendant was aware of the specific provision of the tax code

that he was charged with violating." In light of this provision, Defendant Wilson moves this Court for the entry of an Order directing the Government to file a Bill of Particulars revealing the following.

2. The specific provision or provisions of the tax code that a) the indictment claims imposed the tax due and owing upon Defendant, as alleged in Counts 1 and 2; b) that Defendant stands charged with violating, with respect to counts 1-2.

3. The crime under 26 U.S.C. § 7201 which Defendant stands accused of violating specifically whether the Government claims the Defendant:

1) evaded or defeated or attempted to evade or defeat any tax imposed by this title,
or
2) evaded or defeated or attempted to evade or defeat the payment thereof.

4. Since tax evasion contains a required element the indictment must allege and the jury must find beyond a reasonable doubt, the evidence or proof tendered to the Grand Jury and the proof or evidence the Government intends to present at trial that satisfies the deficiency element of the alleged crimes in each of Counts 1 and 2.

5. If the evasion charges are not based upon an assessed tax, the law the government relies upon to create a "tax-owed" (theory) without an assessment?

6. The provisions of law, if any, that the government relies on for its claim that Defendant had taxable income in excess of the exempt amount for the prosecution years.

7. The specific amount and type of tax that the Defendant stands accused of having evaded.

8. The specific calendar date Defendant first owed the tax alleged to have become due in Count 1 and 2, and the specific amount allegedly owed by Defendant on the date stated.

9. The affirmative acts the Government contends the Defendant committed in furtherance of the evasion of tax and the specific dates, times and places, as such acts were allegedly committed.

By: _____
Paul J. Sulla, Attorney at Law
P.O. Box 425
Laupahoehoe, HI 96764

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED, on this 2ND day of June, 2006, that a true and correct copy of this REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR PRELIMINARY RELIEF was faxed and mailed, first class, postage prepaid to:

    Leslie E. Osborne
    Assistant U.S. Attorney
    Room 6100, PJKK Federal Building
    300 Ala Moana Blvd., Box 50183
    Honolulu, HI  96850

_____
Paul J. Sulla