EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  05-00342 HG |
| | ) | |
| Plaintiff, | ) | UNITED STATES' OPPOSITION |
| | ) | TO DEFENDANT'S MOTION |
| vs. | ) | FOR BILL OF PARTICULARS; |
| | ) | CERTIFICATE OF SERVICE |
| STEPHEN B. WILSON, | ) | |
| | ) | Date:  June 26, 2006 |
| Defendant. | ) | Time:  10:30 a.m. |
| _____ | ) | Judge: Barry M. Kurren |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION FOR BILL OF PARTICULARS

Comes now the United States of America and opposes the Defendant's motion for an order pursuant to Federal rules of Criminal Procedure Rule 7(f) requesting a bill of particulars.

I.   STATEMENT OF THE FACTS

The indictment in this case alleges violations of Title 26, United States Code, Section 7201, describes the year in which the violation occurred, the nature of the fraud, and the amount

of a materially false statement in regard to taxable income and the tax owed upon it in each count. The discovery in this case, which is primarily various bank deposits made by or on behalf of the Defendant, particularly describes how this crime will be proven. The law requires nothing more.

II. STATEMENT OF THE LAW

The Defendant's frivolous assertion of a tried and true "tax protestor" claim, articulated again in this motion, must be rejected by the court. The two cases upon which the Defendant relies give him absolutely no support for his request for a bill of particulars. Those cases do hold that the Defendant must be shown to have knowledge of the law in some gun and tax cases and that the government must prove that an individual is not engaged in innocent activity. In Cheek v. United States, 498 U.S. 192 (1991), the court held that the defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury.

> Willfulness, as construed by our prior decisions in criminal tax cases, requires the government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty. Cheek, supra, 201.

Knowledge and belief are characteristically questions for the factfinder. Cheek, supra, 203.

The Ninth Circuit has recently once again held that

willfulness means a voluntary, intentional violation of a known legal duty, but does not require malice, bad faith, or evil motive.  The term "willfulness" is not vague but is a term of art with a known meaning for tax defendants of knowing one's duty and voluntarily and intentionally violating it.  <u>United States v. Whistler</u>, 139 F. Appx 1 (9th Cir. 2005).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court "may direct the government to file a bill of particulars."  The rule further provides that a motion for a bill of particulars may be made before arraignment, within 10 days after arraignment, or at such later time as the court may permit.

A bill of particulars is granted only where necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense, to avoid or minimize the danger of surprise at trial, or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense.  <u>United States v. Giese</u>, 597 F.2d 1170 (9th Cir.), <u>cert. denied</u>, 444 U.S. 979 (1979).

// //

// //

// //

// //

// //

III. <u>CONCLUSION</u>

      For the foregoing reasons, the Defendant's request for a bill of particulars must be denied.  Clearly, under <u>Cheek</u>, <u>supra</u>, the Defendant is not entitled to the relief he claims.

      DATED:  Honolulu, Hawaii, June 8, 2006.

                            Respectfully submitted,

                            EDWARD H. KUBO, JR.
                            United States Attorney
                            District of Hawaii

                          By <u>/s/ Leslie E. Osborne, Jr.</u>
                              LESLIE E. OSBORNE, JR.
                              Assistant U.S. Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address on June 8, 2006:

**Served by First Class Mail:**

Paul J. Sulla, Jr., Esq.
P.O. Box 425
Laupahoehoe, HI 96764

Attorney for Defendant
STEPHEN B. WILSON


                                          /s/ Gloria Parker