PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI 96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 07 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. CR05-00342 HG |
| VS. | INDICTMENT |
| STEPHEN B. WILSON, | [26 U.S.C. ' 7201] |
| Defendant. | |

**DEFENDANT, STEPHEN B. WILSON'S,
DEMAND FOR DISCOVERY AND INSPECTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, Stephen B. Wilson, Defendant, by and through his attorney of record, Paul J. Sulla, in the above-styled and numbered Cause of Criminal Action and hereby makes his demand to inspect and/or copy or photograph each of the following items in aid of discovery in this Cause pursuant to the Federal Rules of Criminal Procedure:

1. All relevant written or recorded statements by the Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney of

1

the United States in this Action, including but not limited to, recordings or testimony including Grand Jury Proceedings, depositions, and court appearances, and Grand Jury Proceedings, telephone conversations, private conversations, interviews with government employees, public statements at seminars or other gatherings tape recorded by government agents, or other statements in any other form whatsoever as indicated above.

2. The substance of any oral statement which the Government intends to offer in evidence at the trial made by the Defendant either before or after his appearance in response to interrogations by any persons.

3. Recorded testimony of the Defendant, in any form, before any Grand Jury or Petit Jury which relates to the matters alleged in the Indictment or criminal or civil tax advice which the Defendant has previously given.

4. All books, papers, documents, photographs and/or tangible objects, which are material to the preparation of the defense of this Defendant or are intended for use by the Government as evidence-in-chief at the trial, were obtained from or belonged to the Defendant, or were generated in the investigation, or as a result of the investigation, of the Defendant. Such books, papers, documents, photographs, and/or tangible objects shall include, but not be limited to the following:

a. Copies of I.R.S. form 3949 regarding recommendation for

prosecution or referral for prosecution of the Defendant, Stephen B. Wilson.

b. A list of all the names of all the agents who have attended any or all meetings in which the Defendant was alleged to be in attendance and the written reports or tape recordings made relative thereto by any Government agents, appearing under cover or otherwise.

c. The contents of any and all written reports, recordings, and taped conversations which were gathered or produced as the result of any information gathered by electronic means without the knowledge of the Defendant.

d. A list of all persons who were interviewed or interrogated by the Special Agents of the Internal Revenue Service, the F.B.I., or any other agents responsible for the investigation of this case.

e. Copies of all letters which were forwarded to the Government by any elected representative or anyone in the service thereof, pertaining to the Defendant whether local, state, or federal.

f. A list or description of all of the witnesses which the government intends to use to prove their case against the Defendant and the subject about which said witness shall be called upon to testify and the content of the testimony to be elicited.

g. All papers, documents and forms which have been filed by the Defendant with the Government or with the Internal Revenue

Service and are intended by the Government to be introduced into evidence as support of the Government's case.

h. The contents of any and all written authorizations, authorization requests, reports, recordings, or other analyses which were gathered or produced as the result of any "postal mail cover" procedure instituted by the Internal Revenue Service and/or the United States Postal Service with respect to mails either received or sent by the Defendant during the investigation of this case by the Grand Jury or the Internal Revenue Service whether prior to or after the Indictment.

i. The following numbered and entitled Internal Revenue Service Documents pertaining to the investigation of the Defendant if such methods of investigation were utilized by the Internal Revenue Service and/or the Office of the United States Attorney in conjunction with the Grand Jury:

(1) 9141-2 - Methods to Achieve Intelligence Mission.

(2) 9342 - Selection of Taxpayer.

(3) 9383.5 - Electronic or Mechanical Eavesdropping.

(4) 9385 - Entrapment.

(5) 9444 - Arrest Without Warrant.

(6) 9452 - Searches Without Warrants.

(7) 9452.4 - Seizures Incident to Searches Without Warrants.

(8) 9551 - Sensitive Case Reports.

(9)   9551.1 - Purpose of Sensitive Case Reports.

(10)  9551.2 - Sensitive Case Defined.

(11)  9774.1 - Appropriate Sections of the Handbook for Special Agents.

(12)  All sensitive case reports and other materials relating to the "sensitive case" status of the Defendants, if any.

j. All government, Treasury, IRS, Customs, and other U.S. or state law enforcement agency, memoranda, letters, or documents reflecting:

(1) The decision to recommend investigation, prosecution, targeting for investigation, continuation of investigation, evidence gathering by consensual monitoring, evidence gathering by non-consensual monitoring, preservation, sealing or recording of any electronic tape, audio, and/or video recordings;

(2) The tax filing history of Defendant, Stephen B. Wilson;

(3) The tax payment(s) history of Defendant, Stephen B. Wilson;

(4) All IRS criminal investigations of the Defendant, Stephen B. Wilson, from 1980 to the present date;

(5) All files pertaining to IRS recommendations for criminal prosecution of Stephen B. Wilson from 1980 to the present date;

(6) All disclosures of Grand Jury information to any IRS personnel including but not limited to those employed by the Laguna

Niguel, Hawaii, and Las Vegas Districts, and

(7) All Justice Department's or U.S. Attorney General's documents, discussing the content, merits, or continuation of the investigation which resulted in the Indictment in this case.

k. The following items and information from the Fresno and Provo Service Center:

(1) The Transcript of the account of the Defendant for the years 1985 through 2006.

(2) The names of all persons who had responsibility for the processing of Defendant's tax returns.

(3) The I.R.S. forms 4340 or any other common language transcript pertaining to the Defendant.

(4) I.R.S. form 4303, known as the "National Computer Center Transcript."

(5) A complete explanation of the code and other markings as they appear on I.R.S. forms, transcripts and other documents that were received, processed and used in the processing of I.R.S. forms related to the Defendant for the tax years 1995 through 2006.

(6) All document locator numbers that are associated with the Defendant.

(7) Form 321 pertaining to the Defendant, known as "Referral Report of Potential Fraud Cases."

(8) The Special Agent's report concerning his investigation of the Defendant relative to this Action.

(9) Any other report prepared by the I.R.S. that discusses or recommends prosecution in the present action.

(10) Any form 1040 or facsimile thereof that has been prepared by the Internal Revenue Service for the Defendant pursuant to Title 26 U.S.C. Section 6020(b).

l. Any correspondence pertaining to this Defendant or to this prosecution from and to the Justice Department, any U.S. Attorney General, the Internal Revenue Service, the Federal Bureau of Investigation, the United States Attorney for the District of Hawaii, the United States District Court of any Division in the United States, such documents to include
letters, memoranda, summaries or any other written documents.

m. The name and address of any person or persons who have executed written affidavits, or other oaths, under penalties of perjury, swearing that the Defendant herein has committed a crime against the United States of America and a copy of said affidavits and sworn statements.

o. A copy of all documents and evidence discoverable by the Defendant under and pursuant to the Jencks Act.

p. The names and relationship of any of the Grand Jurors who have a personal, financial, business, social, or blood relationship to any Judge, prosecutor, or member of the United States Attorney's office of the office of the Attorney General.

q. The names and relationships of any of the Grand Jury.

7

r. All Grand Jury Minutes and other documentation proving or establishing that Special Agents and other agents of the Internal Revenue Service, Federal Bureau of Investigation, and any other law enforcement agencies purportedly "assisting" the Federal Grand Jury returning the indictment in this case were sworn to secrecy when they had access to Grand Jury materials.

s. The Defendant demands that these documents be produced far enough in advance of any cross-examination to be used effectively and/or, in the alternative that a reasonable recess be granted in order to study such documents and evidence prior to cross-examination.

t. All documentation and evidence, from the Clerk's office, or otherwise, which would establish the chain of custody of any evidence and/or testimony allegedly provided to an investigating Grand Jury in the United States District Court for the District of Hawaii regarding the Defendant, Stephen B. Wilson.

u. All tax calculations reflecting taxes allegedly owed by Defendant for any indictment year.

**PLEASE TAKE FURTHER NOTICE THAT:**

1. The materials enumerated in this Demand shall be produced for examination at the offices of the United States Attorney for the District of Hawaii, at the address of the Assistant U. S. Attorney in charge of this case on or before the 16th day of June, 2006, pursuant to Rule 16 of the Federal Rules of Criminal

Procedure.

2. Upon failure to comply with the terms of this Demand, the Defendant will move for an Order compelling compliance and/or an Order prohibiting the Government from producing unproduced evidence at trial.

3. If, prior to or during trial, the Government discovers additional evidence or material previously requested or ordered, which is subject to the discovery or inspection under this Rule, the Government shall promptly notify the above-named Defendant of the existence of this additional evidence or material.

DATED: This the 6th day of June, 2006.

Respectfully submitted,

_____
PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI 96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

CERTIFICATE OF SERVICE

I, Paul J. Sulla, certify that a true and correct copy of the foregoing was sent to Les Osbrwe, Assistant U/S. Attorney, by United States postage prepaid on this the 6th day of June, 2006.

_____
Paul J. Sulla

WILSON.D4D/TK384

PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. CR05-00342 HG |
| VS. | INDICTMENT |
| STEPHEN B. WILSON, | [26 U.S.C. ' 7201] |
| Defendant. | |

ORDER ON DEFENDANT'S DEMAND FOR DISCOVERY AND INSPECTION

BEFORE the Court on this the ____ day of _____, 2006, came on to be heard the Demand of the Defendant, Stephen B. Wilson, for Discovery and Inspection in aid of discovery pursuant to the Federal Rules of Criminal Procedure. The Court, after due consideration of said Demand, is of the opinion that the same SHOULD / SHOULD NOT be GRANTED. It is therefore;

ORDERED that the United States Attorney IS / IS NOT COMPELLED to produce the material enumerated in Defendant's Demand for Discovery and Inspection and said items SHALL BE PRODUCED for examination on the _____ day of _____, 2006 at the office of the United States Attorney for the District of Hawaii at _____, Hawaii.

SIGNED on this the _____ day of _____, 2006.

_____
JUDGE PRESIDING