EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00342 HG |
| | ) | |
| Plaintiff, | ) | RESPONSE AND/OR OPPOSITION |
| | ) | TO DEFENDANT'S VARIOUS |
| vs. | ) | DISCOVERY MOTIONS FILED |
| | ) | JUNE 8, 2006; DECLARATION OF |
| STEPHEN B. WILSON, | ) | LESLIE E. OSBORNE, JR.; |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |
| | ) | Date:  June 26, 2006 |
| | ) | Time:  10:30 a.m. |
| _____ | ) | Judge: Barry M. Kurren |

RESPONSE AND/OR OPPOSITION TO
DEFENDANT'S VARIOUS DISCOVERY MOTIONS FILED JUNE 8, 2006

Pursuant these pleadings the United States of America responds and/or opposes the various discovery motions filed by the defendant on June 8, 2006. These responses and oppositions will be set out under the title utilized by the defendant and where appropriate keyed to the paragraph number utilized by the defendant in his pleadings.

I.  INTRODUCTION

Statement of the government's position and
the appropriate law

The defendant's request for discovery must be timely. United States v. Mikaelin, 168 F.3d 380, 389 (9th Cir. 1999), and specific United States v. Price, 75 F.3d 1140, 1144-45 (10th Cir. 1996).  It is interesting to note that the defendant's discovery motions all fail on those counts.

II.  MOTIONS

A.  Motion to disclose electronic, postal
    and informant surveillance

There was no electronic, postal or informant surveillance in this case.  (See Declaration of Leslie E. Osborne, Jr., attached hereto).

B.  Motion for production of Jenks materials

Defendant's Paragraph 2.  The United States will provide all witness statements it intends to use on the Friday prior to trial.

Defendant's Paragraph 3.  The United States has conducted no investigation or compiled any information concerning prospective jurors, does not know the identity of the prospective jurors and does not intend to gather information relating to their tax history.

C.   <u>Defendant's motion demanding discovery and inspection</u>

<u>Defendant's Paragraph 1</u>.  The government has made the defendant's statements available.

<u>Defendant's Paragraph 2</u>.  The government has provided the substance of oral statements of the defendant.

<u>Defendant's Paragraph 3</u>.  There is no recorded testimony of the defendant before any grand or petit jury.

<u>Defendant's Paragraph 4</u>.  All books, papers, documents and/or tangible objects have been provided.

<u>Defendant's Paragraph 4a</u>.  Rule 16 of the Federal Rules of Criminal Procedure imposes no obligation upon the United States to provide the information contained in this paragraph (Fed.R.Crim.P. 16(a)(2); see e.g., <u>United States v. Licausi</u>, 167 F.3d 33, 51-52 (1st Cir. 1999)(and in particular see <u>United States v. Koskerides</u>, 877 F.2d 1129, 1133-34 (2d Cir. 1989), <u>United States v. Mann</u>, 61 F.3d 326, 330-31 (5th Cir. 1995)). These cases and the rule make it clear that reports, memoranda or other internal government documents and reports on tax liability are all exempt from discovery.

<u>Defendant's Paragraph 4b</u>.  The name of the Revenue Agent has been provided in discovery with those documents indicating statements made by the defendant to that agent.

<u>Defendant's Paragraphs 4c, 4d, 4e, 4g, 4h, 4i, 4j</u> and all of its subparts are resolved by the authorities set out in

response to defendant's argument in 4a above and Rule 6(e) of the Federal Rules of Criminal Procedure.

<u>Defendant's paragraph 4f</u>.  Discovery requests are never an appropriate vehicle to obtain information concerning government witnesses.  <u>United States v. Kilrain</u>, 566 F.2d 979, 985 (5th Cir.), <u>cert. denied</u>, 439 U.S. 819 (1978).  <u>United States v. Largent</u>, 545 F.2d 1039 (6th Cir. 1976).

### III.  <u>CONCLUSION</u>

The United States has complied with all of its discovery obligations as set forth under Rule 16 and as may be required pursuant to <u>Brady</u> and <u>Giglio</u>.

For the foregoing reasons the defendant's requests should be denied.  The government will provide the Jenks material on the Friday prior to trial and witness lists when required pursuant to local practice.

DATED:  Honolulu, Hawaii, June 9, 2006.

    Respectfully submitted,

    EDWARD H. KUBO, JR.
    United States Attorney
    District of Hawaii

    By   /s/ Leslie E. Osborne, Jr.
       LESLIE E. OSBORNE, JR.
       Assistant U.S. Attorney

       Attorneys for Plaintiff
       UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address on June 12, 2006:

**Served by First Class Mail:**

Paul J. Sulla, Jr., Esq.
P.O. Box 425
Laupahoehoe, HI 96764

Attorney for Defendant
STEPHEN B. WILSON

DATED:  June 12, 2006, at Honolulu, Hawaii.

/s/ Cheri Abing