PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 3 2006

at __1__ o'clock and __59__ min. __P__ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. CR05-00342 HG |
| VS. | INDICTMENT |
| STEPHEN B. WILSON, | [26 U.S.C. ' 7201] |
| Defendant. | |

## DEFENDANT'S MOTION FOR LEAVE TO TAKE CRIMINAL DEPOSITION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW the Defendant, Steven Wilson, and files this Motion for the Entry by this Court of an Order allowing him to take a criminal deposition of a foreign witness to obtain testimony for trial pursuant to Rule 15 Federal Rules of Criminal Procedure and, in support of said Motion, would show the court the following:

1. Dr. Steven Wilson ("Wilson"), the Defendant is charged with tax crimes arising out of the alleged misuse of a Foreign Trust arrangement. The Prosecution will advance the theory and

1

argument at trial that Wilson controlled, and therefore owned for tax purposes, all of the purported "unreported gross income" on which the Government and IRS base their claims of "tax loss".

2. Based on the discovery produced so far by the Government and discussions with Government counsel, Defendant and his counsel have concluded that the Government intends to rely solely on proof that Defendant Wilson invested monies belonging to the Trust entity(s) with various security companies. The Government intends to ignore any other evidence which would tend to prove that Wilson did not control, and therefore did not own, the income in question. The Trust(s) in question had bank accounts overseas in Hong Kong where the money that was invested came from. Wilson was (and is) not a signatory or owner of any of those foreign accounts. Wilson had no way to compel transfer of the invested funds into the United States before the funds were invested. Wilson had no claim to the money invested and did not benefit personally from the money. Nor did Wilson violate any trust agreement in his handling of the investment for the Trust(s).

3. In order to refute the Government's claim that Wilson owned the invested monies, for criminal tax purposes, it is necessary for Defendant to obtain testimony and evidence of the ownership and control of the foreign accounts as well his own lack

2

of ownership or control of the accounts.

4. The overseas accounts are located in Hong Kong, a protectorate of the Peoples Republic of China. Defendant Wilson has located the following witness:

>Anita Lee
>
>8/F Heng Shan Centre
>
>141-145 Queen's Road
>
>Wanchai, Hong Kong

The witness is willing to voluntarily appear at a deposition and to give testimony. The witness is outside the subpoena power of this Court and can not be compelled to appear at trial and testify. The witness has knowledge of the ownership and control of the foreign accounts where the funds came from to make the investments which have been relied on by the Government to falsely claim that Defendant Wilson owned and controlled the funds in question.

5. Exceptional circumstances exist supporting the entry of an order allowing the taking of the foreign deposition of the above witness whose testimony is exculpatory and available from no other domestic source. Defendant has the right to take the deposition of this witness in order to obtain testimony in aid of his case-in-chief which will not be available at trial under the processes of this court.

6. This Court should enter an order allowing the Defendant to take the deposition of Anita Lee who has specific information concerning Allen Resources Co. Ltd the Trustee of the principal Trust in question and, who, as a result of that position, has personal knowledge of the ownership and control of the Trust(s) monies and accounts.

## MEMORANDUM OF LAW

Rule 15, Federal Rules of Criminal Procedure provides that depositions may be taken in criminal cases in order to procure testimony at trial which will, otherwise, not be available.

Exceptional circumstances exist in this case to take the foreign deposition of the witness Anita Lee to obtain testimony which, otherwise, would not be available. When the only means to rebut the government's case is to obtain evidence or testimony "beyond the jurisdiction of the Court's processes exceptional circumstances exist which support the entry of an order to take a criminal deposition. U.S. v. Fei Ye, 436 F.3d 1117 (9th Cir. 2006). The interests of justice require that the deposition be taken in order to allow Defendant to rebut the Government's circumstantial evidence that will be produced at trial. The testimony sought from the witness through the deposition is direct evidence which will rebut the Government's circumstantial evidence

4

and is available from no other source.

Wherefore, as a result of the above premises, Defendant prays that this court entertain this Motion and, after due consideration of same, that this court enter an order: (1) Granting the Defendant leave to take the deposition of Anita Lee as played for herein.; and (2) Granting Defendant such other and further relief, both in law and in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

_____
PAUL J. SULLA  #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

CERTIFICATE OF CONFERENCE

US Attorney Les Osborne OPPOSES this motion.

_____
Paul J. Sulla

5

## CERTIFICATE OF SERVICE

I, Paul J. Sulla, certify that a true and correct copy of the foregoing was sent to Atty Leslie E. Osborne Rm 6100, PJKK Federal Building, 300 Ala Moana Blvd. Box 50183, Honolulu, Hawaii 96850 by United States postage prepaid and facsimile on this the 22nd day of June, 2006.

_____
Paul J. Sulla

WILSCRDP.DOC/TK384

6

PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI 96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. CR05-00342 HG |
| VS. | INDICTMENT |
| STEPHEN B. WILSON, | [26 U.S.C. ' 7201] |
| Defendant. | |

## DEFENDANT'S MOTION FOR LEAVE TO TAKE CRIMINAL DEPOSITION

BEFORE the Court on this the ____ day of _____, 2006, came on to be heard the Motion of the Defendant for Leave to Take Criminal Deposition and, the Court after due consideration of same, is of the opinion that relief should be granted. It is therefore;

ORDERED that the Defendant IS / IS NOT GRANTED leave to take deposition of _____.

SIGNED on this the ____ day of _____, 2006.

_____
JUDGE PRESIDING

7