ORIGINAL

PAUL J. SULLA #5398
P.O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 7 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR05-00342 HG |
| Plaintiff, ) | |
| ) | PRETRIAL STATEMENT |
| vs. ) | |
| STEPHEN B. WILSON ) | Date:  June 26, 2006 |
| Defendant. ) | Time:  10:30 a.m. |
| ) | Judge: Barry M. Kurren |

**PRETRIAL STATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

   NOW COMES the Defendant, Stephen B. Wilson, by and through attorney of record Paul J. Sulla presents the following as his initial Pretrial Statement:

1.   Jurisdiction and venue are not disputed.

1

2.  <u>Substance of Action</u>.  The action arises under an indictment under Chapter 26 USC 7201 alleging that the Defendant Stephen Wilson did willfully attempt to evade or defeat large part income due knowing to him for years 1998 and 1999 for the sum set forth in the indictment.

The Defendant entered a not guilty plea and has various defenses including and limited to the fact that he had lack of control over any funds alleged to be taxed to him by the Internal Revenue Service under the Indictment.  The amounts due and claimed by the Indictment have no basis or fact.  The Defendant also has certain reliance defenses in the structure of his affairs and the sale of his business and other mitigating circumstances that would impact any finding as to his guilt or innocence.

3.  <u>Undisputed Facts.</u>  Dr. Wilson does not dispute that he filed his personal tax returns are in the amounts set forth in the indictment.

4.  <u>Disputed Facts.</u>  Dr. Wilson will dispute the fact that he had any intention or created any act to avoid or evade his legal taxes.  Dr. Wilson will deny he had any control over funds that the alleged WHIC Trust with Allen Resources Ltd of Hong Kong was Trustee.  Dr. Wilson denies that any part of the funds going to

2

WHIC were his individual funds which he had any obligation to file a personal tax return upon.

5. <u>Relief Prayed.</u>  Defendant seeks a dismissal of all counts under the Indictment.  The Defendant also seeks an accounting to demonstrate how the government arrived at the amount that the Indictment claimed was taxable to him and/or the tax owed.  The Defendant would also like to further negotiate with the Internal Revenue Service relative to the actual amount of tax loss claimed.

6. <u>Previous Motions.</u>  The Defendant has filed Motions for Bill of Particulars and for various Discoveries relative to the production to Jencks materials, tax information on the jury panel, motions to disclose and suppress any illegal electronic or informant surveillance.  There has been a previous Motion to Continue that was allowed under the Stipulation of the Parties and an Order Continuing Trial.

7. <u>Witnesses to be called.</u>  The Defense in not yet certain of which witnesses it will call.  The Defense does anticipate that it will call the Defendant Dr. Wilson to testify as to all the facts relevant to the charges and transactions related thereto.  In addition the defense may call Dr. Gordan Ontai of Honolulu,

purchaser of the Defendant's medical practice in 2003; Anita Lee a representative of the trustee Allen Resources Ltd. of Hong Kong and/or its attorneys that have represented Allen Resources Co. Ltd Trustee relative to the sale of the business back to Dr. Wilson in 2001.

8.  <u>Exhibits, Schedules, and Summaries.</u>  The Defendant at this time has not identified the documents he intends to offer as exhibits in the trial.  The Defendant intends to introduce the Purchase Agreements, notes, and security agreements entered into by him when he reacquired the practice in 2001 from the WHIC Trust and also the records relative to the sale of the business to Dr. Ontai in 2003.

9.  <u>Further Discovery or Motions.</u>  The Defendant is seeking a Continuance of the trial for July 18, 2006.  The Defendant would also like to seek an Order Allowing a Foreign Deposition of the principals of the Trustee Allen Resources Ltd. of Hong Kong.

10. <u>Stipulations.</u>  There has been one Stipulation Continuing Trial; no other stipulations have been entered into.

11. <u>Settlement Discussions.</u>  There have been some settlement discussions relative to this matter.  All of the parties are at

4

an impasse as the Defendant is not able to determine the manner and nature of the tax income charged against him, how it was calculated or its basis. Further the Defendant seeks the ability to negotiate with the Internal Revenue Service prior to any plea in order to determine the amount of tax loss, if any, but has been denied this opportunity by the government.

12. <u>Trial-estimate.</u> The Defendant will be seeking an extension of time for continuation of the present trial scheduled for July 18, 2006 for a period of sixty to ninety days. The reasons for same are to allow new counsel the ability to get further involved in this case and for other discovery that is required prior to this trial such as the foreign deposition.

Once the case is ready for trial the Defense anticipates that it would take five days of trial, not counting the time to impanel the jury, for the Defense to conclude its defense.

                                                    Respectfully submitted
Stephen B. Wilson
By his attorney

_____
Paul J. Sulla

5

<u>CERTIFICATE OF SERVICE</u>

I, Paul J. Sulla, certify that a true and correct copy of the foregoing Pre Trial Statement was sent to Atty Leslie E. Osborne Rm 6100, PJKK Federal Building, 300 Ala Moana Blvd. Box 50183, Honolulu, Hawaii 96850 by United States postage prepaid and facsimile on this the 22nd day of June, 2006.

_____
Paul J. Sulla

WILSCRDP.DOC/TK385