EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00342 HG |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S PROPOSED |
| | ) | JURY INSTRUCTIONS TO WHICH |
| vs. | ) | THE DEFENSE OBJECTS; |
| | ) | CERTIFICATE OF SERVICE |
| STEPHEN B. WILSON, | ) | |
| | ) | Trial:  July 18, 2006 |
| Defendant. | ) | Time:  9:00 a.m. |
| | ) | Chief Judge Helen Gillmor |

GOVERNMENT'S PROPOSED JURY
INSTRUCTIONS TO WHICH THE DEFENSE OBJECTS

The government hereby submits its proposed jury

instructions to which the defense objects.

DATED:  Honolulu, Hawaii, July 10, 2006.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

A matter is material if it has a natural tendency to influence or was capable of influencing the ability of the IRS to audit or verify the accuracy of the tax return or a related return, that is, it is material if it is necessary to determine whether or not there is any tax liability.

United States v. Gaudin, 515 U.S. 506, 509 (1995).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Willfulness as used in these instructions requires the government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.

United States v. Pomponio, 429 U.S. 10, 12 (1976).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

An attempt to evade and defeat a tax involves two things:

First, the attempt to evade and defeat a tax;

Second, some act willfully done in the furtherance of such an intent.

United States v. Mal, 942 F.2d 682, 685 (9th Cir. 1991).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

The term gross income for income tax purposes consists of income from whatever source derived, including but not limited to compensation for services.  The term taxable income means gross income minus any deductions allowed by law.

When monies are acquired, lawfully or unlawfully, without consensual recognition of an obligation to repay or restriction on their disposition, such monies are income even though it may still be claimed that the defendant is not entitled to retain the money and even though he may be required to restore its equivalent.

James v. United States, 366 U.S. 213, 219-20 (1961).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

To establish the defendant's gross income, the government has relied upon proof by the so-called "bank deposits method" of determining income during a particular period. This "bank deposits method," is an indirect or circumstantial way to reliably determine income.

The theory of this method-of-proof is that, if a taxpayer is engaged in an activity that produces income and if that taxpayer periodically deposits money in bank accounts under the taxpayer's name, or under the taxpayer's control, it may be inferred, unless otherwise explained, that these bank deposits represent taxable income.

In this method of proof, a taxpayer's bank deposits for the tax year are totaled, with adjustments made for funds in transit at the beginning and again at the end of that year. Any "non-income" deposits are excluded from this total and income which has not been deposited is included in the total. This procedure provides a gross income figure.

Source:   United States v. Hardy, et al., Cr. No. 02-00133 ER
          (Dist. of HI 2005) (Rafeedie, J.)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

TRUSTS REQUIRED TO FILE TAX RETURNS

Every legitimate trust having gross income of $600 or more for any tax year must file an income-tax return for that year.

Authority:

26 U.S.C. § 6012(a)(4).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

SUBSTANCE OVER FORM

Where an individual exercises complete dominion and control over income and its sources, the tax law generally attributes the income to the individual rather than to a nominal owner.  The Tax Code taxes legal entities such as trusts and corporations separately from their owners.  But if the entities lack economic substance or serve as the alter ego of an individual taxpayer who uses them to evade taxes, the tax burden falls on the individual taxpayer.  This is a basic principle of federal income-tax law.  Tax consequences flow from the substance rather than the form of a transaction, and control over property, rather than documentary title marks the real owner for federal tax purposes.

For taxation purposes, dominion and control means actual command over the income and its means of production.  For example, income from a property transaction is attributable to the person who controlled and implemented the transaction and who benefitted from it.  Conducting the transaction in the name of a nominee does not prevent the income from being attributed to the real party in interest.  Likewise, the real party in interest cannot escape the consequences of such income by anticipatory arrangements and contracts.

Therefore, a trust or corporation that lacks economic substance and has no purpose other than tax avoidance is not

recognized for Federal tax purposes.  Generally, the law will not recognize a trust for Federal tax purposes if the creator keeps substantially unfettered powers of disposition or beneficial enjoyment of trust property.  Federal tax law will disregard such an entity for Federal tax purposes, even if it is valid pursuant to the laws of another governmental entity.

Neely v. United States, 775 F.2d 1092, 1094 (9th Cir. 1985);
Zmuda v. Commissioner, 731 F.2d 1417, 1421 (9th Cir. 1984);
Hanson v. Commissioner, 696 F.2d 1232 (9th Cir. 1983);
United States v. Schmidt, 935 F.2d 1440, 1447-49 (4th Cir. 1991);
United States v. Noske, 117 F.3d 1053, 1059 (8th Cir. 1997);
United States v. Buttorff, 761 F.2d 1056, 1061 (5th Cir. 1985);
see Gregory v. Helvering, 293 U.S. 465, 469 (1935);
Lucas v. Earl, 281 U.S. 111, 114-15 (1930);
Ronkowski v. Commissioner, 1956 WL 516 (U.S. Tax Ct. 1956) (the
effective owner of a tavern, rather than his nominee, bears the
burden of paying taxes on the tavern's income).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

A tax deficiency proven by the United States during the course of the trial need not be the exact amount alleged in the indictment nor even substantial, the government is only required to prove beyond a reasonable doubt that there was some tax deficiency.

Ninth Circuit Model Criminal Jury Instruction No. 9.06(a) (2004);
United States v. Marashi, 913 F.2d 724, 735 (9th Cir. 1990).

**CLEAN SET**

INSTRUCTION NO. _____

A matter is material if it has a natural tendency to
influence or was capable of influencing the ability of the IRS to
audit or verify the accuracy of the tax return or a related
return, that is, it is material if it is necessary to determine
whether or not there is any tax liability.

INSTRUCTION NO. _____

Willfulness as used in these instructions requires the government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty.

INSTRUCTION NO. _____

An attempt to evade and defeat a tax involves two things:

First, the attempt to evade and defeat a tax;

Second, some act willfully done in the furtherance of such an intent.

INSTRUCTION NO. _____

The term gross income for income tax purposes consists of income from whatever source derived, including but not limited to compensation for services. The term taxable income means gross income minus any deductions allowed by law.

When monies are acquired, lawfully or unlawfully, without consensual recognition of an obligation to repay or restriction on their disposition, such monies are income even though it may still be claimed that the defendant is not entitled to retain the money and even though he may be required to restore its equivalent.

INSTRUCTION NO. _____

To establish the defendant's gross income, the government has relied upon proof by the so-called "bank deposits method" of determining income during a particular period.  This "bank deposits method," is an indirect or circumstantial way to reliably determine income.

The theory of this method-of-proof is that, if a taxpayer is engaged in an activity that produces income and if that taxpayer periodically deposits money in bank accounts under the taxpayer's name, or under the taxpayer's control, it may be inferred, unless otherwise explained, that these bank deposits represent taxable income.

In this method of proof, a taxpayer's bank deposits for the tax year are totaled, with adjustments made for funds in transit at the beginning and again at the end of that year.  Any "non-income" deposits are excluded from this total and income which has not been deposited is included in the total.  This procedure provides a gross income figure.

INSTRUCTION NO. _____

### TRUSTS REQUIRED TO FILE TAX RETURNS

Every legitimate trust having gross income of $600 or more for any tax year must file an income-tax return for that year.

INSTRUCTION NO. _____

SUBSTANCE OVER FORM

Where an individual exercises complete dominion and
control over income and its sources, the tax law generally
attributes the income to the individual rather than to a nominal
owner.  The Tax Code taxes legal entities such as trusts and
corporations separately from their owners.  But if the entities
lack economic substance or serve as the alter ego of an
individual taxpayer who uses them to evade taxes, the tax burden
falls on the individual taxpayer.  This is a basic principle of
federal income-tax law.  Tax consequences flow from the substance
rather than the form of a transaction, and control over property,
rather than documentary title marks the real owner for federal
tax purposes.

For taxation purposes, dominion and control means
actual command over the income and its means of production.  For
example, income from a property transaction is attributable to
the person who controlled and implemented the transaction and who
benefitted from it.  Conducting the transaction in the name of a
nominee does not prevent the income from being attributed to the
real party in interest.  Likewise, the real party in interest
cannot escape the consequences of such income by anticipatory
arrangements and contracts.

Therefore, a trust or corporation that lacks economic
substance and has no purpose other than tax avoidance is not

recognized for Federal tax purposes.  Generally, the law will not recognize a trust for Federal tax purposes if the creator keeps substantially unfettered powers of disposition or beneficial enjoyment of trust property.  Federal tax law will disregard such an entity for Federal tax purposes, even if it is valid pursuant to the laws of another governmental entity.

INSTRUCTION NO. _____

A tax deficiency proven by the United States during the course of the trial need not be the exact amount alleged in the indictment nor even substantial, the government is only required to prove beyond a reasonable doubt that there was some tax deficiency.

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address on July 10, 2006:

**Served by First Class Mail:**

Paul J. Sulla, Jr., Esq.
P.O. Box 425
Laupahoehoe, HI 96764

Attorney for Defendant
STEPHEN B. WILSON

*Gloria Parker*