PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 0 7 2006

at 3 o'clock and 40 min. P. M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      '

    Plaintiff,      '      CR. NO. CR05-00342 HG

                         '

VS.      '      INDICTMENT

                         '

STEPHEN B. WILSON,      '      [26 U.S.C. ' 7201]

                         '

    Defendant.      '

### DEFENDANT, STEPHEN B. WILSON'S, TRIAL BRIEF

    The Defendant, Stephen B. Wilson ("WILSON"), through his undersigned attorney, submits the following brief addressing various issues which may arise during the trial of this case. In the event that Wilson testifies in his own defense, the current decisional law permits him to fully testify regarding his intent and he may offer into evidence exhibits in support of his beliefs. Further, as to every required element of proof relevant to this case, the prosecution must prove each such element, Wilson may contest and offer proof in opposition thereto, and the court may not direct a verdict as to any of these elements. Finally, depending upon the testimony and evidence offered by him, he is

1

entitled to have presented to the jury his "theory of defense" jury instruction(s) when the court instructs the jury in this case.

## A. EVIDENCE REGARDING DEFENDANT'S INTENT

The crimes charged in the indictment in this case require proof of "intent" crimes. Wilson must be given the full opportunity to explain to the jury that he lacked the requisite intent required for conviction of crime(s). He has both the right to fully testify, and further he may offer into evidence relevant items to prove his innocence. The right to testify in one's own behalf and to call witnesses is an essential part of due process; see Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045 (1973).

## 1. Defendant's Right to testify.

A variety of cases hold it to be error to exclude relevant testimony from the defendant or testimony offered on his behalf. For example, in Crane v. Sowders, 889 F.2d 715 (6th Cir. 1989), the exclusive evidence against a youth charged with murder was his confession. When trial started, defense counsel in his opening statement, proposed to show the jury, by proof, the circumstances of the confession. Thereafter, the prosecution moved in limine to prevent such proof, and the motion was granted. Crane was convicted, and the state appellate courts held that exclusion of such

2

testimony was harmless, but the Supreme Court disagreed in <u>Crane v.</u>
<u>Kentucky</u>, 476 U.S. 683, 106 S.Ct. 2142 (1986), reversed and
remanded. On remand, the Kentucky Supreme Court once more held the
error harmless.  On review of its decision by habeas corpus, the
Sixth Circuit concluded that simply permitting the appropriate
facts to be recounted in opening statements by defense counsel is
no substitute for proof and vacated the conviction.

In <u>United States v. Calhoun</u>, 726 F.2d 162, 164 (4th Cir.
1984), the court was faced with the issue of the propriety of the
exclusion of defense testimony.  There, a deputy sheriff on trial
for violating the civil rights of a man he beat to death with a
flashlight was precluded from answering questions regarding his
intent. In reversing, the court held:

> Any argument that the error was harmless, on the grounds that the jury must
> have appreciated that the answers to the two questions would have been in
> the negative, does not favorably impress us. Such an approach would
> diminish greatly the benefits to be derived from taking the stand in one's own
> defense.

A similar result was reached in <u>United States v. Sanders</u>, 862
F.2d 79 (4th Cir. 1988).  Sanders, the Defendant, was charged with

3

forcibly rescuing property seized by the I.R.S. He was permitted to testify that he thought his lawyer had given instructions that it was legal for him to do so and that the bankruptcy court had approved his possession of the property. That court held it error to have excluded the testimony of Sanders' daughter regarding a phone call she received from the lawyer.

In United States v. Quinette, 753 F.2d 188 (1st Cir. 1985), the court was reviewing the conviction of a felon charged with illegal possession of a firearm. The evidence of the felon's actual possession of the firearm was conflicting, and the defense sought to have introduced, through a witness, a statement made by police officers to the effect of 'Where is the gun?" The exclusion of this evidence required a reversal.

In United States v. Kohan, 806 F.2d 18 (2nd Cir. 1986), the exclusion of testimony concerning a witness' conversation with a culpable party was at issue. A lawyer was convicted for having two forged checks totalling $143,500 pass through his trust account, the proceeds having been given to the culpable party. In reversing, it was held error to exclude the offered testimony. See also Gilmore v. Henderson, 825 F.2d 663 (2nd Cir. 1987).

In Rosario v. Kuhlman, 839 F.2d 918 (2nd Cir. 1988), the exclusion of certain defense evidence was held constitutional

error. In this case, which involved a murder prosecution, the state used the testimony of a deceased witness given at the prior trial of the case. The defense sought to introduce the testimony given in another case by a witness who impeached the chief prosecution witness. The court held that exclusion of this important evidence constituted error of constitutional dimension.

In United States v. Detrich, 865 F.2d 17, 21(2nd Cir. 1988), the conviction of a dentist for importing heroin was reversed due to the erroneous exclusion of defense evidence. Detrich offered to prove that he had no knowledge he was in possession of heroin because he simply brought back from India what he thought was a suit needed for a wedding. His effort to introduce a co-defendant's statement regarding a wedding the following month was excluded. In reversing, the court held:

> We cannot find it harmless to exclude a statement that would have supported the main theory of the defense.

A conviction for draft evasion was the subject of United States v. Bowen, 421 F.2d 193, 197 (4th Cir. 1970). The Defendant Bowen was not permitted to explain why he didn't report for the draft, and led to a reversal of his conviction:

5

Although the record is replete with evidence of willfulness on the part of the Defendant in failing to report for induction, we think that he should not have been deprived of the opportunity to deny it, or to offer any        possible explanation for his conduct. In short, while the right to answer the question posed to him may have availed him little, he should not have been denied that right.

See also United States v. Leake, 642 F.2d 715 (4th Cir. 1981). (The exclusion of the defendant's testimony regarding his intent was held reversible error.)

United States v. Popenas, 780 F.2d 545 (6th Cir. 1985) involved a tax conviction. An attorney had prepared the tax returns at issue, but denied, on the stand, personal culpability. The defense possessed an affidavit executed by the attorney which acknowledged incompetence. The exclusion of this critical impeachment evidence was reversible error.

Convictions for attempted possession and distribution of contraband drugs were the subject of United States v. Peak, 856 F.2d 825 (7th Cir. 1988). The theory of the defense in this case was that the defendants planned to capture the drug sellers at the scene of the sale. One defendant's exculpatory statements supportive of this theory which were recorded on tape, were

6

excluded from evidence. The court held that this exclusion of evidence impaired the presentation of the accused's sole means of defense, thus requiring reversal.

In United States v. Slaughter, 891 F.2d 691 (9th Cir. 1989), the exclusion of an inculpatory statement by the main prosecution witness offered by the defense was held error. See also United States v. Gillespie, 852 F.2d 475 (9th Cir. 1988). In United States v. Cantu, 876 F.2d 1134 (5th Cir. 1989), the exclusion of the defendant's testimony that he was entrapped by an informer caused a reversal. The exclusion of evidence regarding reliance upon the advice of an attorney in a currency transaction prosecu tion caused a reversal in United States v. Eisenstein, 731 F.2d 1540 (11th Cir. 1984). The failure to permit a defendant to testify regarding his intent required a reversal in United States v. Kelly, 888 F.2d 732 (11th Cir. 1989).

In United States v. Lueben, 812 F.2d 179, 181 (5th Cir. 1987), the defendant was prosecuted and convicted of submitting false loan applications to various banks. The prosecution submitted evidence, in the form of expert testimony, to show how the false statements had a tendency to defraud a bank. To rebut this testimony, the defense called an expert for the purpose of showing that this

"false" information could not have misled any bank. The defense testimony was excluded. The appellate court held such exclusion to be reversible error:

> We find it difficult to understand why this testimony would not confuse the jury when offered by the government, but would confuse the jury when offered by the defendant.

The validity of a conviction of a doctor for a bank robbery was the subject of United State v. Alexander, 816 F.2d 164 (5th Cir. 1987). The robber had been photographed by various bank cameras, and copies of those photos were circulated in the vicinity of the bank after the robbery. Some people noticed the similarity of likeness between the robber and the doctor and the latter was arrested. At trial, the doctor sought to introduce the testimony of an expert to point out critical distinctions in facial features between the robber and the doctor, but this testimony was precluded by the grant of a motion in limine. Alexander's conviction was reversed. The court held the testimony to be a "legitimate and excellent" rebuttal of the prosecution's case.

In United States v. Roark, 753 F.2d 991 (11th Cir. 1985), a

bank teller was tried and convicted of robbing the bank for which she worked. The confession Roark gave the day after the robbery was used against her at trial. Here, the defense offered testimony from an expert to explain critical factors regarding the confession, but the confession was excluded.  This error caused reversal of the conviction. See also United States v. Cohen, 888 F.2d 770, 777 (11th Cir. 1989) ("trial court's discretion does not extend to exclusion of crucial relevant evidence").

Here, testimony offered by Wilson regarding his innocent intent is plainly admissible and he should be allowed to so testify fully and completely concerning that intent.

**2.  Evidence supportive of that intent.**

In addition to being permitted to testify as to intent, Wilson likewise has a right to introduce relevant evidence which supports his position. Such evidence would include materials that he read, studied and relied upon.

In Commonwealth v. Capitolo, 471 A.2d 462 (Pa.Super. 1984), several individuals were arrested for trespassing upon property owned by a nuclear power plant. At trial, the defendants offered to submit evidence of a factual nature regarding the reasons why they engaged in the trespass. In reversing the convictions of these

9

parties, the court stated:

By limiting appellants' evidence to their own testimony of their reasons for committing the trespass, the trial court - as it recognized it was doing - effectively denied appellants the opportunity to prove justification," 471 A.2d, at 467.

And they could not prove their reasonableness without proving what in fact 'the harm or evil sought to be avoided' was ... But without any basis in fact these beliefs cannot be reasonable. By rejecting appellants' offer of the expert testimony and documentary evidence summarized in their offer of proof, the trial court precluded appellants from proving that their beliefs did have a basis in fact. Thus the court precluded appellants from proving that their beliefs were reasonable. 471 1A.2d, at 468.

Several tax cases also establish that such "reliance" evidence is admissible. In United States v. Garber, 607 F.2d 92, 99 (5th Cir. 1979), a criminal conviction for violating 26 U.S.C. ' 7201 was reviewed. The primary issue in the case was whether the sale of rare blood plasma resulted in taxable income. At trial, Garber sought to prove through an expert, but was prevented from doing so,

that her belief regarding the non-taxability of the receipts from the sale of such plasma was reasonable and had a foundation in the law. In reversing Garber's conviction, the Fifth Circuit held:

> By disallowing Nall's testimony that a recognized theory of tax law supports Garber's feelings, the court deprived the defendant of evidence showing her state of mind to be reasonable.

The Tenth Circuit permits this type of evidence. In Miller v. United States, 120 F.2d 968, 970 (10th Cir. 1941), that court stated the following rule regarding admissibility of evidence concerning intent and motive of an accused:

> Whenever the belief of a person or the motive of his act or conduct is material, he may not only directly testify that he had no intent to defraud, but he may buttress such statement with testimony of relevant circumstances, including conversations had with third persons or statements made by them, tending to support his statement that he had no intent to defraud.

Both in Miller and in Haigler v. United States, 172 F.2d 986 (10th Cir. 1949), convictions were reversed on the grounds of the

11

exclusion of evidence relating to intent; in Haigler, the issue
involved exclusion of testimony regarding the defendant's under-
standing of the law. In Peterson v. United States, 268 F.2d 87
(10th Cir. 1959), and United States v. Brown, 411 F.2d 1134 (10th
Cir. 1969), exclusion of similar evidence resulted in reversals.
See also United States v. Poll, 521 F.2d 329 (9th Cir. 1975), and
United States v. Vreeken, 803 F.2d 1085 (10th Cir. 1986).

In the past, all Circuits but the Seventh held that the ele-
ment of "willfulness" in tax prosecutions was premised upon a
subjective standard; in contrast, the Seventh Circuit had held that
this element was an objective standard, meaning that the
defendant's beliefs had to be objectively reasonable. In Cheek v.
United States, 498 U.S. 192, 111 S.Ct. 604 (1991), The Supreme
Court resolved this split and declared that "willfulness" was
governed by a subjective standard. Cheek also appears to have
addressed the issue of what type of evidence a defendant can
introduce in support of his beliefs. See also United States v
Pabisz, 936 F.2d 80 (2nd Cir. 1991).

This became clear in United States v. Powell, 955 F.2d 1206,
1214 (9th Cir. 1991), which reversed a tax conviction on the
grounds that evidence offered by a defendant regarding his intent

12

was erroneously excluded:

The Supreme Court in <u>Cheek</u> held that 'forbidding the jury to consider evidence that might negate willfulness would raise a serious question under the Sixth Amendment's jury trial provision.' <u>Cheek</u>, 111 S.Ct. at 611. Although a district Court may exclude evidence of what the law is or should be, see <u>United States v. Poschwatta</u>, 829 F.2d 1477, 1483 (9th Cir. 1987), cert. denied, 484 U.S. 1064, 108 S.Ct. 1024, 98 L.Ed.2d 989 (1988), it ordinarily cannot exclude evidence relevant to the jury's determination of what a defendant thought the law was in ' 7203 cases because willfulness is an element of the offense. In ' ' 7203 prosecutions, statutes or case law upon which the defendant claims to have actually relied are admissible to disprove that element if the defendant lays a proper foundation which demonstrates such reliance. See <u>United States v. Harris</u>, 942, F.2d 1125, 1132 n. 6 (7th Cir. 1991); <u>United States v. Willie</u>, 941 F.2d 1384, 1391-99 (10th Cir. 1991). Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law. In addition, the court may instruct the jury that the legal material admitted at trial is relevant only to the defendant's state of mind and not to the requirements of the law, and may give other proper cautionary and limiting instructions as well.

13

And even more recently, the Sixth Circuit followed <u>Powell</u> and likewise reversed a conviction where similar evidence was excluded; see <u>United States v. Gaumer</u>, 972 F.2d 723 (6th Cir. 1992).

These pre- and post-<u>Cheek</u> decisions support admission of the documentary evidence Wilson seeks to offer into evidence which supports his beliefs and views.

**3.    Reliance upon governmental representations.**

Wilson may also offer evidence regarding certain statements and representations made by government officials that relate to his intent and understanding of the law.  Many of these statements constitute admissions of the government; see <u>United States v. Van Griffin</u>, 874 F.2d 634, 638 (9th Cir. 1989) (government manuals admissible as party admissions under Fed.R.Evid. 801(d)(2)(D)); and <u>United States v. GAF Corp.</u>, 928 F.2d 1253 (2nd Cir. 1991). In <u>Arizona Grocery Co. v. Atchison, T. & S.F. Ry. Co.</u>, 284 U.S. 370, 52 S.Ct. 183 (1932), it was held that a party could rely upon the representations made by a government agency, and in <u>Moser v. United States</u>, 341 U.S. 41, 71 S.Ct. 553 (1951), the Court held that such reliance could constitute a defense to actions taken by the government. These decisions are supported by others such as <u>Raley v. Ohio</u>, 360 U.S. 423, 79 S.Ct. 1257 (1959), <u>Cox v. Louisiana</u>, 379

14

U.S. 559, 85 S.Ct. 476 (1965), United States v. Laub, 385 U.S. 475, 487, 87 S.Ct. 574 (1967), and United States v. Penn, Industrial Chemical Corp., 411 U.S. 655, 674, 93 S.Ct. 1804, 1816 (1973). In Penn. Industrial, supra, a company being criminally prosecuted for water pollution sought to assert a defense of reliance upon certain applicable agency regulations, but the trial court precluded the admission of such evidence. In reversing, the Supreme Court held that this reliance did constitute a defense and that the agency representations, the subject regulations, should be given as instructions.

The federal appellate courts do recognize the "reliance" defense. One of the earliest cases granting a verdict of acquittal on this ground was United States v. Mancuso, 139 F.2d 90, 92 (3rd Cir. 1943). There, the defendant filed suit to enjoin his induction into the armed forces and the district court erroneously granted an injunction. Mancuso later used the injunction order as justification for refusing induction. His conviction for refusing enlistment was vacated because of his reliance upon the erroneous order.

Other courts have addressed this issue. In United States v. Tallmadge, 829 F.2d 767, 775 (9th Cir. 1987), the defendant was

15

prosecuted for possessing firearms after he was convicted of a felony. In defense, Tallmadge demonstrated that a licensed arms dealer, later revealed to be a government agent, represented to him that it was lawful for him to acquire firearms. Because Tallmadge relied upon the word of this government agent, that court held that it would violate due process to convict him:

> The prosecution and conviction of Tallmadge for the receipt and possession of firearms, after he was misled by the government agent who sold him the weapons into believing that his conduct would not be contrary to federal law, violated due process.

See also  United States v. Albertini, 830 F.2d 985 (9th Cir. 1987).

In United States v. Clegg, 846 F.2d 1221 (9th Cir. 1988), the defendant was charged with arms smuggling in Pakistan and sought to defend himself with the factual defense that high government officials approved his activities.  The Ninth Circuit held this claim, if proven, such to be a valid defense. In United States v. Heller, 830 F.2d 150, 154 (11th Cir. 1987), the defendant, a lawyer, was convicted of tax crimes who had sought to defend himself on the basis that his accounting methods conformed with the

16

dictates of a tax court decision. In reversing the convictions, that court held that a jury instruction covering the substance of the tax court decision upon which Heller had relied should have been given. In United States v. Hedges, 912 F.2d 1397 (11th Cir. 1990), the defendant had acted upon the advice given to him by a Standards of Conduct officer regarding a conflict of interest matter. Hedges was prosecuted for conflicts violations, defended himself with the factual argument that he had relied upon the advice of the Standards officer, and tendered a corresponding requested jury instruction which was not given. On appeal, the court acknowledged the validity of this defense and held it was error to refuse the giving of a jury instruction on this point. In United States v. Brady, 710 F.Supp. 290 (D.Colo. 1989), a defendant charged with illegal possession of firearms ("coyote getters") was acquitted when he showed that he directly relied upon the word of a state judge. The most recent case on this issue, United States v. Levin, 973 F.2d 463 6th Cir. 1992), was one where the trial court dismissed an indictment because of reliance upon a government representation.

Several state courts have also acknowledged this defense. In Schiff v. People, 111 Colo. 333, 141 P.2d 892 (1943), the defendant had received stolen property and informed the police about such

17

receipt.  The police instructed him to simply retain possession;
his conviction for possession of stolen property was reversed.  In
People v. Markowitz, 18 N.Y.2d 953, 223 N.E.2d 572 (1966), a
defendant who was told by certain public officials that he did not
need a license to sell merchandise at Yankee Stadium had his
conviction vacated through use of this defense.  In State v.
Ragland, 4 Conn. Cir. 424, 233 A.2d 698 (1967), a defendant's
conviction for driving without a license was vacated based upon the
fact that he drove the car on the occasion in question at the order
of police officers.  In Connelly v. State, 1 Ga.App. 261, 351 S.E.2d
702 (1987), a defendant who had relied upon a misleading driver's
license form had his conviction for driving offenses reversed.  In
State v. Chiles 569 So.2d 45 (La.App. 4 Cir. 1990), a pawn shop
owner who relied upon the practices of the local sheriff's office
had her conviction for failure to abide by record keeping laws
reversed.  See also Commonwealth v. Twitchell, 617 N.E.2d 609, 616-
620 (Mass. 1993), and State v. McKown, 475 N.W.2d 63, 68 (Minn.
1991).  The legal essence of these cases is that a criminal
defendant does have available the defense of reliance upon
representations made to him by government officials,  such as
judges, executive department officers and agents.

## B.  DIRECTING A VERDICT UPON ELEMENTS IN A CRIMINAL CASE

In criminal cases, a court cannot direct a verdict of guilty or direct the finding of any particular element of the prosecution's case; see United Brotherhood of Carpenters and Joiners of America v. United States, 330 U.S. 395, 408, 67 S.Ct. 775, 782 (1947); United States v. Martin Linen Supply Co., 430 U.S. 564, 572, 97 S.Ct. 1349, 1355 (1977); Connecticut v. Johnson, 460 U.S. 73, 83, 103 S.Ct. 969, 975 (1983); United States v. Hayward, 420 F.2d 142, 144 (D.C. Cir. 1969); United States v. Spock, 416 F.2d 165, 180 (1st Cir. 1969); United States v. Manuszak, 234 F.2d 421, 425 (3rd Cir. 1956); United States v. Johnson, 718 F.2d 1317 (5th Cir. 1983); United States v. Burton, 737 F.2d 439, 441 (5 Cir. 1984); United States v. Bass, 785 F.2d 1282, 1285 (5th Cir. 1986); Schwachter v. United States, 237 F.2d 640, 644 (6th Cir. 1956); Buchanan v. United States, 244 F.2d 916, 920 (6th Cir. 1957); United States v. Rowan, 518 F.2d 685, 693 (6th Cir. 1975); United States v. England, 347 F.2d 425 (7th Cir. 1965); United States v. Kerley, 838 F.2d 932, 937 (7th Cir. 1988); Compton v. United States, 377 F.2d 408, 411 (8th Cir. 1967); United States v. Goings, 517 F.2d 891, 892 (8th Cir. 1975); United States v. Garaway, 425

19

F.2d 185 (9th Cir. 1970); and <u>United States v. Goetz</u>, 746 F.2d 705, 708 (11th Cir. 1984).

In this case, if Wilson attempts to offer any evidence concerning any or all of the elements which must be proven herein to convict him, that evidence not only should be admitted, but this Court cannot exclude such proof and essentially direct a verdict as to the contested element.

### C. THEORY OF DEFENSE JURY INSTRUCTIONS

a defendant in a criminal case is entitled to jury instructions regarding the law of his defense if there is evidence to support the requested defense instruction. As it is essential to instruct a jury on the elements required to be shown and proved for the offense set forth in an information or indictment, it is likewise essential that instructions on defenses to that charge, or elements of the defense, be given. Lawful defenses are numerous and include such defenses as alibi, consent, self-defense, insanity, entrapment, lack of requisite mens rea, reliance upon advice, good faith misunderstanding of the law, reliance upon Supreme Court opinions and many others. A failure to instruct a jury on the law supportive of a defense creates in any jury's mind the assumption that the only task before it is to determine if the government has

20

proven the elements of the offense charged, regardless of any real, factual defenses presented in evidence and argued in closing by counsel.

In Bird v. United States, 180 U.S. 356, 391, 21 S.Ct. 403 (1901), the Supreme Court, reversing a conviction on the basis of a failure to give defense instructions, explained this rule as follows:

> It is well settled that the defendant has a right to a full statement of the law from the court, and that a neglect to give such full statement, when the jury consequently fall into error, is sufficient reason for reversal. ... The chief object contemplated in the charge of the judge is to explain the law of the case, to point to the essentials to be proved on the one side and the other, and to bring into view the relations of the particular evidence addressed to the particular issues involved.

In Bird a murder conviction was reversed because of a failure to give the theory of defense related to self-defense.

In Strauss v. United States, 376 F.2d 416, 419 (5th Cir. 1967), the court reversed a conviction on the basis of a failure to give theory of defense instructions. In equating the failure to so instruct with the impermissible conduct of directing a verdict in a criminal case, the court stated:

It is elementary law that the defendant in a criminal case is entitled to have presented instructions relating to a theory of defense for which there is any foundation in the evidence. ... If the trial judge evaluates or screens the evidence supporting a proposed defense, and upon such evaluation declines to charge on that defense, he dilutes the defendant's jury trial by removing the issue from the jury's consideration. In effect, the trial judge directs a verdict on that issue against the defendant. This is impermissible.

Like the Strauss case above for the Fifth Circuit, the Seventh Circuit follows this proposition of law. In United States v. Indian Trailer Corp., 226 F.2d 595 (7th Cir. 1955), and United States v. Phillips, 217 F.2d 435 (7th Cir. 1954), that circuit reversed convictions where theory of defense instructions were not given. (The Phillips case was a tax evasion case.) In United States v. Grimes, 413 F.2d 1376, 1378 (7th Cir. 1969), the court stated the rule as follows when it reversed a conviction:

The defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence, however tenuous.

Convictions were similarly reversed in United States v. Vole, 435 F.2d 774 (7th Cir. 1970), and United States v. Martin-Trigona, 684 F.2d 485 (7th Cir. 1982), so this rule continues its validity today. This is the position of the remainder of the circuits; see Walker v. United States, 344 F.2d 795 (1st Cir. 1965); United States v. Nani, 218 F.2d 730 (2nd Cir. 1955); United States v. Sawyer, 210 F.2d 169 (3rd Cir. 1954); United States v. Mitchell, 495 F.2d 285 (4th Cir. 1974); United States v. Steinhorn, 927 F.2d 195 (4th Cir. 1991); United States v. Lewis, 592 F.2d 1282 (5th Cir. 1979); United States v. Curry, 681 F. 406 (5th Cir. 1982); Marson v. United States, 203 F.2d 904 (6th Cir. 1953); United States v. Garner, 529 F.2d 962 (6th Cir. 1976); United States v. Manning, 618 F.2d 4 (8th Cir. 1980); Lufty v. United States, 198 F.2d 760 (9th Cir. 1952); United States v. Corrigan, 548 F.2d 879 (10th Cir. 1977); Perry v. United States, 422 F.2d 697 (D.C. Cir. 1969); and Smith v. United States, 331 F.2d 784 (D.C.Cir. 1964).

In United States v. Opdahl, 930 F.2d 1530, 1533 (11th Cir. 1991), a conviction was reversed due to the failure of the District Court to include within its jury instructions the "theory of the defense" in that case. There, the court stated:

The district court's refusal to deliver a jury instruction requested by defendant constitutes reversible error if the instruction '(1) is correct, (2) is not substantially covered by other instructions which were delivered, and (3) deals with some point in the trial so 'vital that the failure to give the requested instruction seriously impaired the defendant's ability to defend.'

See also United States v. Morris, 20 F.3d 1111, 1117 (11th Cir. 1994), and United States v. Ruiz, 59 F.3d 1151, 1154 (11th Cir. 1995).

In United States v. GAF Corp., 928 F.2d 1253, 1262 (2nd Cir. 1991), that court, in reversing some criminal convictions, stated the general rule by simply quoting other cases:

'[A] criminal defendant is entitled to instructions relating to his theory of defense, for which there is some foundation in the proof, no matter how tenuous that defense may appear to the trial court';...'[i]t is well established that '[a] criminal defendant is entitled to have instructions presented relating to any theory defense for which there is any foundation in the evidence, no matter how weak or incredible that evidence may be.'

Finally in <u>United States v. Garner</u>, 529 F.2d 962, 970 (6th Cir. 1976), that court stated the general rule in the following fashion:

> In a criminal case it is reversible error for a trial Judge to refuse to present adequately a defendant's theory of defense.
>
> "[W]hen a theory of defense finds some support in the evidence and in the law, a defendant is entitled to some mention of that theory in the instructions... Even if the supporting evidence is weak or of doubtful credibility its presence requires an instruction on the theory of defense."

Here, depending upon the evidence and testimony presented by Wilson, theory of defense instructions that are submitted on his behalf should be given to the jury.

### D.    EXPERT WITNESSES & OATHS.

Sometimes, prosecutors invade the province of the jury by having experts testify about various ultimate facts in a case. This can lead quite often to reversal of any convictions gained thereby; see <u>United States v. Benson</u>, 941 F.2d 598 (7th Cir. 1991). Some witnesses have religious objections to taking an oath which should be taken into consideration; see <u>Gordon v. Idaho</u>, 778 F.2d 1397 (9th Cir. 1985); and <u>Ferguson v. Commissioner</u>, 921 F.2d 58 5th Cir. 1991).

E.   **GOVERNMENT'S FAILURE TO PROPERLY INVESTIGATE THIRD PARTY CULPABILITY ADMISSIBLE --**

The government's failure to properly investigate third parties who may be responsible for the crime is relevant and admissible. United States v. Crosby, 75 F.3d 1343, 1347, (9th Cir. 1996); United States v. Bahamande, 445 F.3d 1225 (9th Cir. 2006); United States v. Sager, 227 F.3d 1238, 1145 (9th Cir. 2000).

### CONCLUSION

For the reasons expressed above, Wilson should be permitted to fully and completely testify at trial of this case and offer evidence in support of his beliefs.  The court should allow admission of conflicting evidence on all elements of proof in this case, and Wilson's theory of defense instructions should be given.

Respectfully submitted this the ___ day of July, 2006.

Respectfully submitted,

PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

26

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to Leslie Osborne, Jr., AUSA, Room 6100 PJKK Federal Building, 300 Ala Moana Blvd., Box 50183, Honolulu, HI 96850 by facsimile (808) 541- 2958 and/or U.S. Mail, postage prepaid, on this the 5th day of July, 2006.

Paul J. Sulla

WILSONVO.DRE/TK385

27