PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CR. NO. CR05-00342 HG |
| VS. | INDICTMENT |
| STEPHEN B. WILSON, | [26 U.S.C. ' 7201] |
| Defendant. | |

### DEFENDANT, STEPHEN B. WILSON'S, OBJECTIONS TO GOVERNMENT'S PROPOSED JOINT JURY INSTRUCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

Defendant, Steven B. Wilson ("WILSON"), after conference with, United States Attorney Leslie E. Osborne, was able to agree to certain jury instructions as are set forth in the PARTIES AGREED UPON JURY INSTRUCTIONS signed on July 10, 2006, but still asserts, through his attorney Paul J Sulla, the following objections to several of the Government's Proposed Joint Jury instructions:

1. Defendant Wilson has agreed upon the Government's proposed instruction **No.1** and raises no objection to Government's proposed jury instruction **No. 2 and 3**.

1



2. Defendant Wilson objects to the Government's Proposed Jury Instruction **No. 4** on the basis that if the Government received such an instruction to the jury, then the Government should be precluded from proving, or attempting to prove, that Defendant owes an actual tax deficiency for any of the years at issue. If the Government adopts the theory, and has the jury charged in accordance with such theory, that it need not prove the existence of an actual tax deficiency for the years at issue, then the Government should not be allowed to prove or attempt to prove any "actual tax deficiency" allegedly owed by the Defendant. A Government claim that the Government went "farther than it needed to go" in its purported proof of the Defendant's guilt would be prejudicial and would lead to an improper verdict.

3. With respect to the Government's Proposed Jury Instruction **No. 4**, Defendant objects to this instruction on the basis that the same is adequately covered by Ninth Circuit Model Criminal Jury Instructions.

4. With respect to the Government Proposed Jury Instruction **No. 5**, Defendant Wilson objects to the instruction as a whole because the instruction contains excerpted language from the Internal Revenue Code which the Government believes is helpful to its case, but does not contain a balanced instruction of the portions of the Internal Revenue Code pertinent to this case which would present a fair and comprehensible understanding of the relevant tax law to the jury. For instance, the Government gives the impression that all income is taxable under the I.R.C. with its excerpts while leaving out the excerpt that states that all income is taxable unless "exempt" by law. See 26 U.S.C. ' 61 and 62. Further, the jury will not understand the term, "consensual recognition of an obligation to repay" without further instructions from the Court concerning what that term would mean. Last of all, the quotations from the case James v. United States, 366 U.S. 213, 219-20 (1961) are taken out of context and this language as worded impermissibly concentrates on the Government's theory of the case.

5. With respect to the Government's Proposed Jury Instruction **No. 6,** Defendant objects to such instruction on the basis that the same constitutes an impermissible comment on the evidence by this Court in a manner prejudicing Defendant's case and aiding the prosecution. By instructing the jury that "this bank deposits method is an indirect or circumstantial way to reliably determine income, the Court has, in effect, instructed a verdict to the jury on the reliability of the Government's adopted method of proof in this case. The whole instruction offered by the Government cites no authority other than the District Court case of <u>United States v. Hardy</u>, which apparently took place in this District. It is unknown whether Hardy's counsel objected to these instructions as impermissibly commenting on the evidence and containing erroneous legal conclusions. Thus the Proposed Jury Instruction No. 6 is impermissible as a whole and should not be given.

6. With respect to the Government's Proposed Jury Instruction **No. 7,** Defendant Wilson objects to the instruction as written. The Government's language, "every legitimate trust," is objectionable and constitutes and impermissible comment on the evidence by the

Court. The language is specifically inserted in the instruction in order to place the Government "one up" on the Defendant with respect to whether or not the trust(s) utilized by the Defendant, or by persons or entities working with the Defendant, were "legitimate." The issue of whether or not the trust in question should have filed tax returns for the income which the Government claims should have been claimed by Wilson on his individual returns, is a corollary issue in this case which requires additional instructions if the evidence at trial supports the Government theory that this is some evidence of the Defendant's guilt.

7. With respect to the Government's Proposed Jury Instruction **No. 8**, Defendant Wilson objects to the instruction as a whole. Instructing the jury, "This is a basic principle of federal income tax law" is incomprehensible to the normal juror and would constitute an impermissible comment by the Court on the evidence and the reliability of the Government's case. The statement, "Tax consequences flow from the substance rather than the form of the transaction and control over property rather than documented title

marks the real owner for federal tax purposes" is incorrect as an absolute statement of law. A jury charged in this manner would receive an erroneous legal instruction. Further, the instruction as worded is problematic because it does not contain definitions of important words on whose meaning the jury is invited to rely in judging the guilt or innocence of the Defendant. For instance, the term "nominee" as well as the term "real party in interest" is not defined. The instruction is further objectionable because the Government's claim, "Likewise, the real party in interest can not escape the consequences of such income by anticipatory assignments and contracts" is a false statement of the law. A bona fide contract would defeat the Government's claim of unlawful assignment of income between two individuals, two entities, or an entity and an individual. This specific area is covered in Defendant's Proposed Jury Instructions with citations. See Defendant's Proposed Jury Instruction **No. 28**. Furthermore, the statement, "Federal tax law will disregard such an entity for federal tax purposes even if it is valid pursuant to the laws of another Governmental entity" is likewise a false statement of the law. Whereas a sham transaction theory may be used to assess income

6

against a party for federal income tax purposes that would not owe tax on the same income under state law and/or would not own such income under state law, in the collection area where the IRS is attempting, for tax purposes to collect against an individual or entity, the validity of an entity under state law has to be recognized by the federal government.

8. All of the above objectionable quotations by the Government are contrary to law, may be contrary to the facts of the case as proven at trial, and will constitute clear legal error if given.

WHEREFORE, this Court should sustain Defendant Wilson's objections to the Proposed Joint Jury Charge submitted by the Government.

Respectfully submitted,

PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson

7

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to Leslie Osborne, Jr., AUSA, Room 6100 PJKK Federal Building, 300 Ala Moana Blvd., Box 50183, Honolulu, HI 96850 by facsimile and U.S. Mail, postage prepaid, on this the 11th day of July, 2006.

_____
Paul J. Sulla

WILSOBJ2.JI/TK385