PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 2 2006

at ___ o'clock and ___ min. __ M
SUE BEITIA, CLERK

Attorney for Defendant
Stephen B. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

        Plaintiff,

VS.

STEPHEN B. WILSON,

        Defendant

CR. NO. CR05-00342 HG

INDICTMENT

[26 U.S.C. ' 7201]

### DEFENDANT, STEPHEN B. WILSON'S, MEMORANDUM IN SUPPORT OF DEFENDANT WILSON'S PROPOSED JOINT JURY INSTRUCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

Defendant, Steven B. Wilson ("WILSON"), through his counsel, Paul Sulla, submits the following memorandum in support of the submission of Defendant Wilson's Proposed Jury Instructions previously filed in this case and following the withdrawal of **No. 5,19,20 and 21** are attached hereto for the Court's consideration:

### BACKGROUND

I.

1.    Defendant, Stephen Wilson, previously submitted the Proposed Jury Instructions attached hereto.  The Court requested a further submission from Defendant Wilson explaining the potential

1



applicability of Defendant's Requested Instructions to the evidence which is expected to be presented by the parties in this case. Defendant Wilson files this memorandum in support of his previous filed instructions pursuant to the direction of the Court with the supporting authority as shown on each proposed jury instruction.

## FACTORS, LAW, AND EVIDENCE, SUPPORTING DEFENDANT WILSON'S PROPOSED JURY INSTRUCTIONS

II.

1.    The submission of Defendant's Proposed Jury Instruction **No. 1** is necessary to insure that Defendant Wilson is not convicted based on the actions, statements, or intentions, of others. Without an instruction that Defendant is not on trial for any conduct or offense not charged in the indictment, Defendant Wilson faces the real risk of conviction based on the actions of others for which he is not criminally responsible.  The Ninth Circuit, recognizing this basic principle, promulgated this pattern jury instruction.

2

2.    Defendant Wilson's Proposed Jury Instruction **No. 2** concerning accomplice testimony may be necessary if evidence from a purported "accomplice" is presented by the Government in its case-in-chief.  The Ninth Circuit recognizing this principle promulgated ' 4.11 of its Model Jury Instructions for Criminal Cases.

3.    Defendant Wilson's Proposed Jury Instruction **No. 3** should be given if a witness appears for the prosecution or for the defense that has a prior conviction. A prior conviction may affect the witness' testimony and constitute a ground of legal bias.  The Ninth Circuit, recognizing this principle, promulgated ' 4.12 of its Model Jury Instructions for Criminal Cases.

4.    Defendant Wilson's Proposed Jury Instruction **No. 4** should be given in a case involving the filing of allegedly fraudulent returns.   This instruction makes it clear to the jury that Defendant Wilson can not be convicted unless he knew the various returns prepared and presented to the Internal Revenue Service were materially false and fraudulent as to any material matter.  Guilty knowledge of the Defendant is differentiated in the instruction

3

from mere thought or suspicion on the Defendant's part that the
returns might contain materially false or fraudulent statements.
This instruction clearly sets out the difference between guilty
knowledge and mere suspicion.

5.  Defendant Wilson's Proposed Jury Instruction **No. 5** was a
duplicate of Proposed Jury Instruction **No. 4** and is withdrawn.

6.  In Defendant Wilson's Proposed Jury Instruction **No. 6**,
Wilson points out to the Court that he is entitled to a theory of
the case instruction.  A theory of the case instruction can not be
formulated without the benefit of the evidence and testimony which
has been admitted at trial.  Defendant Wilson will need to wait
until the conclusion of the evidence in order to submit a
formulated theory of defense instruction.

7.  Defendant Wilson's Proposed Jury Instruction **No. 7** is
submitted in further support of the Defendant Wilson's right to
submit a Defendant's theory of the case instruction.

8.  Defendant Wilson's Proposed Jury Instruction **No. 8** may be supported by evidence at trial if any of the Government agents claim that Defendant Wilson lied to such agents during the course of their investigation.

9.  Defendant Wilson's Proposed Jury Instruction **No. 9** should be given if the IRS complains that Defendant Wilson asked the Government agents investigating his case for any information or otherwise asserted his rights to a hearing before the IRS or at any other type of administrative adjudication. This instruction, when given, prevents the jury from inferring guilt based on the exercise by a citizen or taxpayer of the First Amendment right to access to the Courts and to an administrative adjudication.

10.  Defendant Wilson's Proposed Jury Instruction **No. 10** should be given if the Defendant or the Government presents any evidence that establishes that Defendant was instructed by the Government or Government agents to act in the manner the Government claims is criminal. Stated another way, if there is evidence that Defendant relied on the Government representations or information

to act in the manner that he did which is the basis of the indictment, the Defendant should be acquitted.

11.    Defendant Wilson's Proposed Jury Instruction **No. 11** provides the jury a definition of a pure trust. Defendant Wilson anticipates that the Government may introduce certain trust instruments into evidence as part of its criminal case against him and that such trust(s) will be "pure trusts" fitting the definition of this instruction.

12.    Defendant Wilson's Proposed Jury Instruction **No. 12** is necessary to prevent the jury from convicting Defendant based on IRS claims at trial that Defendant's actions made it more difficult for IRS to investigate Defendant and that therefore Defendant's actions "impeded or obstructed" the IRS in the execution of its lawful duties.

13.   Defendant Wilson's Proposed Jury Instruction **No. 13** should be given in order to prevent the jury from convicting the Defendant based on mere failure to file any of the returns (trust or personal) for the relevant years to the indictment.

14.   Defendant Wilson's Proposed Jury Instruction **No. 14** should be given for the same reason and on the same grounds as Proposed Jury Instruction **No. 12.**

15.   Defendant Wilson's Proposed Jury Instruction **No. 15** should be given if there is evidence at trial that supports Defendant's claim that he relied in good faith on an accountant or tax preparer in filing and paying taxes for the indictment years in question in a manner which the prosecution claims violated 26 U.S.C. ' 7201. The jury needs a definition of "good faith" in order to determine whether Defendant had the specific intent to commit crimes charged in the indictment.

16.   Defendant Wilson's Proposed Jury Instruction **No. 16** should be given in order to provide the jury an understanding that willful intent can not be found merely because of gross negligence or reckless disregard for the truth.

17.   Defendant Wilson's Proposed Jury Instruction **No.   17** should be given in order to prevent the jury from finding Defendant guilty merely because he had a difference of opinion with the IRS over the meaning or application of the tax laws.

18.   Defendant Wilson's Proposed Jury Instruction **No.   18** should be given if there is evidence at trial to support an argument that the law pertinent to the charges in the indictment was unclear to Defendant at the time the crime(s) were allegedly committed.

19.   Defendant Wilson's Proposed Jury Instruction **No.   19** is a duplicate of Proposed Jury Instruction **No. 7** and is withdrawn.

20.   Defendant Wilson's Proposed Jury Instruction **No. 20** is a duplicate of Proposed Jury Instruction **No. 14** and is withdrawn.

21.   Defendant Wilson's Proposed Jury Instruction **No. 21** is a duplicate of Proposed Jury Instruction **No. 13** and is withdrawn.

22.   Defendant Wilson's Proposed Jury Instruction **No. 22** should be given to balance the instructions demanded by the Government concerning the application of the sham transaction theory facts of the present case.   The instruction as worded would prevent the jury from finding the Defendant guilty for one charge or one year based solely on alleged proof beyond reasonable doubt of facts constituting a sham in other year(s).

23.   Defendant Wilson's Proposed Jury Instruction **No. 23** should be given to balance the Government's instruction concerning assignment of income, nominee, and real party in interest.   Without this instruction, the jury may convict the Defendant even though

9

the Government failed to prove beyond a reasonable doubt that Defendant Wilson reasonably relied on a contract which provided that someone other than himself owned the disputed income which the Government claims Wilson should have put on his personal tax return.

24.    Defendant Wilson's Proposed Jury Instruction **No. 24** should be given in order to provide a balanced statement of the law which the Government has requested to be given to the jury concerning the definition of income, sham transaction, and other theories.

25.    Defendant Wilson's Proposed Jury Instruction **No.    25** should be given if supported by evidence that foreign transactions or payments occurred which the Government claims affected the tax liability of the Defendant.

26.    Defendant Wilson's Proposed Jury Instruction **No.    26** should be given if evidence is produced at trial which proves that Defendant Wilson challenged a summons issued by the IRS.

27.  Defendant Wilson's Proposed Jury Instruction **No. 27 and 28** should be given in order to balance the legal instruction which the Government has requested which support its theory of the case.

28.  Defendant Wilson's Proposed Jury Instruction **No.   29** should be given if evidence is adduced at trial indicating that Defendant Wilson relied on the advice of a tax preparer in taking the actions he did which the Government claims violated the law.

29.  Defendant Wilson's Proposed Jury Instruction **No.   30** should be given in the event evidence is produced at trial that Wilson relied on a tax counsel to take the actions or failed to take the actions which the Government claims resulted in the commission of a crime.

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendant Wilson prays that this Court entertain this argument and, after due consideration of same, that this Court charge the jury in conformity with Defendant Wilson's Proposed Jury Instructions.

Respectfully submitted,

PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Attorney for Defendant
Stephen B. Wilson


CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to Leslie Osborne, Jr., AUSA, Room 6100 PJKK Federal Building, 300 Ala Moana Blvd., Box 50183, Honolulu, HI 96850 by facsimile and U.S. Mail, postage prepaid, on this the 11th day of July, 2006.

Paul J. Sulla

WILSOBJ2.JI/TK385

12

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 1

EVIDENCE   OF   OTHER ACTS OF DEFENDANT OR ACTS AND
STATEMENTS   OF OTHERS

You are here only to determine whether Defendant is guilty or not guilty of the charges in the Indictment. Your determination must be made only from the evidence in the case. The Defendant is not on trial for any conduct or offense not charged in the Indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the Defendant, only as they relate to this charge against this Defendant.

Source: Ninth Circuit Manual of Model Jury Instructions, Criminal, Section 3.10, 2000 Edition, P. 46.

The foregoing requested Instruction, timely and properly presented was:

Given      _____

Refused    _____

Modified   _____

This ___ day of July, 2006.

_____
DISTRICT COURT JUDGE

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 2

TESTIMONY OF ACCOMPLICE

You have heard testimony from _____ who admitted to being an accomplice to the crime charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.   You should consider such testimony with greater caution than that of other witnesses.

Source:  Ninth Circuit Manual of Model Jury Instructions, Criminal, Section 4.11, 2000 Edition, P. 71.

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

This ___ day of July, 2006.


_____
DISTRICT COURT JUDGE

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 3

WITNESS WHO PLEADS GUILTY


_____ who pleaded guilty to a crime arising out of the same events for which the Defendant is on trial. This guilty plea is not evidence against the Defendant. You may consider it only in determining this witness' believability. You should consider this witness' testimony with great caution, giving it the weight you feel it deserves.

Source:  Ninth Circuit Manual of Model Jury Instructions, Criminal, Section 4.12, 2000 Edition, P. 72.

The foregoing requested Instruction, timely and properly presented, was:

Given       _____

Refused     _____

Modified    _____

This ____ day of July, 2006.


_____
DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED JURY INSTRUCTION NO. 4

KNOWLEDGE IS AN ESSENTIAL ELEMENT OF THE OFFENSE --

Actual knowledge (that the Defendant advised _____ to prepare and file) various income tax returns were materially false and fraudulent is an essential element of the offense charged. You may not find the Defendant guilty unless you find beyond a reasonable doubt that she knew that the various returns were prepared and presented to the Internal Revenue Service under her advice were materially false and fraudulent as to any material matter. It is not sufficient to show that the Defendant may have suspected or thought that the returns in question were materially false or fraudulent.

The fact of knowledge, however, may be established by direct or circumstantial evidence just as any other fact in the case.

Source: Devitt and Blackmar, Federal Jury Practice and Instructions, Section 14.08.

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

This ___ day of July, 2006.

_____
DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED JURY INSTRUCTION NO. 6

DEFENDANT'S THEORY OF THE CASE --


Discussion -- It is not possible at this time for the De-fendant to formulate a theory of the case instruction. This instruction will be formulated and submitted based on the evidence which supports Defendant's defense.

However, it is plain error for a Trial Court to refuse to grant the Defendant a theory-of-the-case instruction. Source: Bursten v. United States, 395 F.2d 976, 981 (5th Cir. 1968); Perez v. United States, 297 F.2d 12 (5th Cir. 1961); United States v. Dixon, 201 F.3d 1223, 1230 (9th Cir. 2000); Cheek v. United States, 498 U.S. 192, 202 (1991).

There is no requirement that the Defendant's theory of the case be "reasonable" in the view of the Trial Judge or as a matter of law. Bursten, supra, at P. 981. Bryan v. United States, 373 F.2d 403 (5th Cir. 1967).

The foregoing requested Instruction, timely and properly presented was:

Given       _____

Refused     _____

Modified    _____

This ____ day of July, 2006.


_____
DISTRICT COURT JUDGE

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 7

"THEORY OF THE CASE SOURCE" --


A Defendant in a criminal case is entitled to have the jury consider any theory of the defense supported by law and which has some foundation in the evidence, however tenuous.

Source:  Charron v. U.S.. 412 F.2d 657 (9th Cir. 1969)

The foregoing requested Instruction, timely and properly presented, was:

Given        _____

Refused      _____

Modified     _____

        This ____ day of July, 2006.


                                        _____
                                        DISTRICT COURT JUDGE

**COURT'S JURY INSTRUCTION NO. _____**

**DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 8**


**UNTRUE REPRESENTATIONS MADE IN GOOD FAITH --**

If you find that any untrue representations were made by any of the Defendants while acting in good faith, you must find those Defendants not guilty.

Source:  U.S. Shewfelt, 455 F.2d 836 (9th Cir. 1972).

The foregoing requested Instruction, timely and properly presented, was:

Given          _____

Refused        _____

Modified       _____

This ___ day of July, 2006.


_____
DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON' PROPOSED JURY INSTRUCTION NO. 9

DUE PROCESS RIGHT TO HEARING

You are instructed that the IRS must provide a citizen who demands it with an administrative hearing on all non-frivolous constitutional issues, and all frivolous, or non-frivolous, statutory issues raised by the citizen before taking final adverse action against the citizen.

Source:   Bothke v. Fluor Engineers and Constructors, 713 F.2d 1405 (9th Cir. 1983) and 834 F.2d 804 (9th Cir. 1987); Davis v. Scherer, 468 U.S. 1831 (1984).

The foregoing requested Instruction, timely and properly presented, was:

Given       _____
Refused     _____
Modified    _____

    This ____ day of July, 2006.

                                        _____
                                        DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

**DEFENDANT WILSON' PROPOSED JURY INSTRUCTION NO. 10**

ENTRAPMENT BY ESTOPPEL --

If you find that the Government told the Defendants in this case that any conduct described in the indictment was legal and that the Government failed to prove beyond a reasonable doubt that the Defendants did not reasonably rely on the Government's statement(s) you must find that the Defendants are not guilty.

You are further instructed that a Defendant's reliance is reasonable if "a person sincerely wanting to obey the law would have accepted the information as true, and would not have been put on notice to make further inquiries."

Source:  U.S. v. Talmadge, 829 F.2d 767, 773 (9th Cir.); U.S. v. Lansing, 424 F.2d 225, 227 (9th Cir. 1970).

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

This ____ day of July, 2006.

_____
DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON' PROPOSED JURY INSTRUCTION NO. 11

PURE TRUSTS - DEFINITION --

A Pure Trust is a form of business organization consisting of an arrangement whereby property is conveyed to Trustees in accordance with the terms of an instrument of trust, to be held and managed for the benefit of such persons as may from time to time be holders of transferable certificates issued by trustees showing the shares into which the beneficial interest in the property is divided. These certificates, which resemble certificates for shares of stock in a corporation are issued, and transferred, in like manner, entitle the holders to share ratably in the income of the property, and, upon termination of the trust, in the proceeds.

If the Trustees are principals and free of the control of the certificate holders in the management of the property a (Pure) Trust is created.

Source: Navarro Savings Assn. v. Lee, 446 U.S. 458 (1980).

The foregoing requested Instruction, timely and properly presented was:

Given      _____

Refused    _____

Modified   _____

This ___ day of July, 2006.

_____
DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON' PROPOSED JURY INSTRUCTION NO. 12

FRAUD - TAXES - AFFIRMATIVE ACT REQUIRED --

You are instructed that in order to establish an attempt to impede or obstruct, the Government must prove beyond a reasonable doubt that the Defendants committed one or more acts which were calculated to mislead or conceal.

Source: U.S. v. Carlson, 235 F.3d 466 (9th Cir. 2000); Spies v. United States, 317 U.S. 492 (1943).

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

    This ____ day of July, 2006.

                            _____
                            DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

## DEFENDANT WILSON' PROPOSED JURY INSTRUCTION NO. 13

TAX EVASION -- MERE FAILURE TO FILE --


You are instructed that mere Failure to File, standing alone, is not an act "calculated to mislead or conceal" which, if proved beyond a reasonable doubt, can satisfy the Government's requirement to prove the Defendants' commission of an affirmative act calculated to mislead or conceal.


Source:  U.S. v. Carlson, 235 F.3d 466 (9th Cir. 2000); Spies v. United States, 317 U.S. 492 (1943); Edwards v. United States, 375 F.2d 862 (9th Cir. 1967).


The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

        This ____ day of July, 2006.


                                    _____
                                    DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 14

TAX EVASION -- MAKING THE IRS' JOB MORE DIFFICULT/NOT IMPEDING OR OBSTRUCTING --

You are instructed that acts which merely make the IRS' job more difficult may not be considered by you in determining the guilt or innocence of any Defendant.

Source: United States v. Caldwell, 989 F.2d 1056 (9th Cir., 1993).

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

    This ___ day of July, 2006.

                              _____
                              DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED JURY INSTRUCTION NO. 15

GOOD FAITH --

You are instructed that good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with knowingly intending to defraud, which is an essential part of the charges. The burden of proof is not on the Defendant to prove his good faith, of course, since she has no burden to prove anything.

The United States must establish beyond a reasonable doubt that the Defendant acted with specific intent to defraud as charged in the indictment. One who expresses an opinion honestly held by him or belief honestly entertained by him is not chargeable with fraudulent intent even though his opinion is erroneous or his belief is mistaken. And similarly, evidence which establishes only that a person made a mistake in judgment or an error in management or was careless does not establish fraudulent intent.

While the term "good faith" has no precise definition, it means among other things, a belief or opinion honestly held with an absence of intention of taking unfair advantage of another.

Source: U.S. v. Sayakham, 186 F.3d 928 (9th Cir., 1999).

The foregoing requested Instruction, timely and properly presented was:

Given        _____
Refused      _____
Modified     _____

    This ___ day of July, 2006.

                                      _____
                                        DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

## DEFENDANT WILSON'S PROPOSED JURY INSTRUCTION NO. 16

**PROOF OF SPECIFIC INTENT; CARELESS DISREGARD FOR THE TRUTH --**


You are instructed that "willful" requires proof of specific intent to do something which the law forbids. More than a showing of careless disregard for the truth is required.


Source:  U.S. v. Brooksby, 668 F.2d 1102, 1104 (9th Cir. 1982); U.S. v. Dahlstrom, 713 F.2d 1423 (9th Cir. 1983)

The foregoing requested Instruction, timely and properly presented was:

Given      _____
Refused    _____
Modified   _____

        This ____ day of July, 2006.

                                  _____
                                  DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED JURY INSTRUCTION NO. 17

NEGLIGENCE / NO PROOF OF GUILT --


Degrees of negligence only give rise in the tax system to civil penalties. The criminal law concerns itself with willful violations of tax law and its purpose is not to penalize frank differences of opinion.


Source:  U.S. v. Brooksby, 668 F.2d 1102, 1104 (9th Cir. 1982); U.S. v. Dahlstrom, 713 F.2d 1423 (9th Cir. 1983); U.S. v. Bishop, 412 U.S. 346, 360, 361 (1972)

The foregoing requested Instruction, timely and properly presented was:

Given      _____
Refused    _____
Modified   _____

     This ____ day of July, 2006.


                                    _____
                                    DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED JURY INSTRUCTION NO. 18

NOTICE / TAX LAW --

Due Process requires that a person be given fair notice as to what constitutes illegal conduct so that he may conform his conduct to the requirements of the law.

Source: U.S. v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 2203; U.S. v. Dahlstrom, 713 F.2d 1423 (9th Cir. 1983);

The foregoing requested Instruction, timely and properly presented was:

Given    _____
Refused  _____
Modified _____

This ____ day of July, 2006.

_____
DISTRICT COURT JUDGE

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 22

SHAM-MUST BE DECIDED SEPARATELY AS TO EACH TAXABLE YEAR


The issue of whether a corporation, trust, or other entity is a Sham must be decided separately as to each taxable year by taking into account all relevant facts of a particular case.

Source:  U.S. v. Cumberland Pub. Service Co., 338 U.S. 451 (1950).

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified   _____


_____
JUDGE PRESIDING

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 23

SHAM CLAIM DEFEATED BY BONA FIDE CONTRACT


You are instructed that, for tax purposes, a transaction which is "unreal or a sham" may be disregarded. But a real transaction having an independent business purpose, may not be disregarded though designed to procure "an advantageous tax consequence".

Source: Samson Tire and Rubber Corp. v. Rogan, 136 F.2d 345, 347 (9th Cir.) and Commissioner v. Laughton, 113 F.2d 103, 104 (9th Cir.).

The foregoing requested Instruction, timely and properly presented was:

Given      _____

Refused    _____

Modified   _____


_____
JUDGE PRESIDING

COURT'S INSTRUCTION NO. _____

DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 24

LEGAL RIGHT OF DEFENDANTS TO REDUCE THEIR TAXES BY LAWFUL MEANS


You are instructed that any taxpayer including the Defendants have a legal right to decrease the amount of what otherwise would be their taxes, or altogether avoid them, by means which the law permits.

Source:  Gregory v. Helvering, 239 U.S. 465, 469, 55 S.Ct. 266, 267, 79 L.Ed. 596.  Laughton at Pg. 103.

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____


                              _____
                              JUDGE PRESIDING

COURT'S INSTRUCTION NO. _____

<u>DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 25</u>

LEGALITY OF FOREIGN BANK ACCOUNTS AND FORMATION OF DOMESTIC
AND FOREIGN TRUSTS, LIMITED LIABILITY COMPANIES OR CORPORATIONS


Standing alone there is nothing illegal about forming Domestic or Foreign Trusts, Limited Liability Companies, or Corporations, or in those entities transferring funds into and out of the United States or opening Bank Accounts abroad.

<u>Source:</u>   **United States v. Moran**,759 F.2d 777,785 (9th Cir. 1985)

The foregoing requested Instruction, timely and properly presented, was:


Given        _____

Refused      _____

Modified     _____

      This ____ day of July, 2006.


                                    _____
                                    DISTRICT COURT JUDGE

COURT'S JURY INSTRUCTION NO. _____

DEFENDANT WILSON'S JURY INSTRUCTION NO. 26

IRS SUMMONS / TAXPAYERS RIGHT TO CHALLENGE AT AN
ENFORCEMENT HEARING-


The taxpayer is entitled to a hearing before enforcement of an IRS Summons is ordered where he/she can challenge the summons on any appropriate ground.

**Source:  United States v. Powell,** 379 U.S. 48, 57-58 (1964)

**United States v. Richie,**  15 F.3d 592, 595 (6th Cir. 1994)

**Strong v. United States,** 57 F.Supp 2d 908, 915 (N.D. Cal. 1999)

The foregoing requested Instruction, timely and properly presented, was:


Given        _____

Refused      _____

Modified     _____


This ____ day of July, 2006.


                              _____
                              District Court Judge

COURT'S INSTRUCTION NO.

**DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 27**

DEFINITION OF INCOME:    FOREIGN SOURCE EXPLAINED:

The term income **as applied to United States citizens and legal residents, and corporations, trusts, and limited liability companies owned or controlled by United States citizens or legal residents**, is a broad concept that includes any economic gain from whatever **taxable** source.    The essence of **taxable** income is the accrual of some gain, profit, or benefit to the taxpayer.

**United States citizens, corporations, trusts, and limited liability companies are taxed on the worldwide income that they own or control.**

**Federal income taxes are not levied on the income of foreign corporations, trusts, limited liability companies, or other foreign entities not owned or controlled by United States citizens or legal residents which is not effectively connected with a United States Trade or Business, or is not from sources within the United States.**

Federal income taxes are levied upon income **received by foreign corporations, trusts, and limited liability companies which is effectively connected with a United States Trade or Business or from sources within the United States,** which is derived from compensation for personal services of every kind and in whatever

form paid, whether as wages, commissions, or money earned for performing services, or dealings in property.

The tax, **if due according to the above rules,** is also levied upon profits earned from the conduct of business, regardless of its nature - legal or illegal - and from interest, dividends, rents, and the like.

The term "gross income" means all income from whatever source unless it is specifically exempted by law.

**Source:**  **The I.R.C. sections defining foreign exempt income.**

The foregoing requested Instruction, timely and properly presented, was:


Given        _____

Refused      _____

Modified     _____


        This the ____ day of July, 2006.


                          _____
                          District Court Judge

<u>COURT'S INSTRUCTION NO.</u>

<u>DEFENDANT WILSON'S PROPOSED INSTRUCTION NO. 28</u>

SUGGESTED ADDITIONAL LANGUAGE TO BE ADDED TO DEFENDANT'S THEORY
OF THE CASE

On the other hand, a bona fide contract entered into by the parties, at arms length, honestly performed without collusion for a bona fide economic purpose, must be given effect irrespective of whether or not one of the purposes of entering into the contract was tax reduction or avoidance.

Generally the law will not recognize a trust **as a separate taxable entity** if the creator keeps unfettered powers of disposition or beneficial enjoyment of trust property **unlimited by the potential control of adverse trustee(s).**

In determining whether an entity was used to evade the assessment of federal income taxes as alleged in the indictment you must consider the following elements:  1) whether the defendant intended to escape taxes on his/her own or another's earnings by assigning, transferring, selling, or giving away some or all of the taxpayer's future earnings to another individual or entity **without a bona fide economic purpose for doing so and while maintaining a high degree of control over the earnings purportedly assigned, transferred, sold, or given away.;** and 2) whether the taxpayer continued to maintain a high degree of dominion and control over the assets **or earnings** over the assets after transfer to such

entity **unfettered by the power of any adverse trustee(s).**

**Source: <u>Laughton v. Commissioner</u>, 113 F.2d 345, 347 and <u>Stern v.</u>**
**<u>Commissioner</u>   (9th Cir.).   Sections of the Internal Revenue code**
**defining Grantor Trusts and Adverse Trustees for the purposes of**
**those sections.**

The foregoing requested Instruction, timely and properly presented,
was:


Given      _____

Refused    _____

Modified   _____

       This _____ day of July, 2006.


                          _____
                          District Court Judge

COURT'S INSTRUCTION NO. ____

DEFENDANT'S PROPOSED INSTRUCTION NO. 29

<u>DEFENSE -- RELIANCE ON TAX PREPARER</u> –


If the Defendant provided his tax preparer with full infor-mation with regard to his taxable income and his expenses, and the Defendant then adopted, signed, and filed the tax return(s) prepared by his tax preparer without having reason to believe that it was not correct, then you must find the Defendant not guilty.

If, on the other hand, you find beyond a reasonable doubt that the Defendant did not provide full and complete information to his tax preparer, or that he knew that the return as prepared by his tax preparer was not correct, and substantially understated the tax liability of the Defendant, then you may find the Defendant guilty even though he did not prepare the return himself, but rather had it prepared for him by another person.

Source: <u>U.S. vs. Venditti</u>, 533  F.2d 217, 219 (5th Cir. 1976).

The foregoing requested Instruction, timely and properly presented was:

Given        _____

Refused      _____

Modified     _____

     This ____ day of July, 2006.


_____
DISTRICT COURT JUDGE

COURT'S INSTRUCTION NO. ____

DEFENDANT'S INSTRUCTION NO. 30

<u>DEFENSE -- RELIANCE ON TAX COUNSEL -</u>


If you find that the Defendant had discussed this matter with competent tax counsel and that the tax return(s) herein were prepared pursuant to that advice, then you must find that the Defendant did not willfully file a false return or make a false statement, and you should bring in a verdict of not guilty.

<u>Source:</u>  <u>Bursten v. United States</u>, 395 F.2d 976, 981 (5th Cir. 1968)

The foregoing requested Instruction, timely and properly presented was:

Given          _____

Refused        _____

Modified       _____

This ____ day of July, 2006


_____
DISTRICT COURT JUDGE