EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA



ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 1 4 2006

at 3 o'clock and 10 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.   05-00342 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | |
| | ) | |
| STEPHEN B. WILSON, | ) | Date:   July 14, 2006 |
| | ) | Time:   2:00 p.m. |
| Defendant. | ) | Chief Judge Helen Gillmor |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

        Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant, STEPHEN B. WILSON, and his attorney, Paul J. Sulla,

Jr., Esq., have agreed upon the following:

        1.    Defendant acknowledges that he has been charged in

the Indictment with violating Title 26, United States Code, Sections 7201, income tax evasion.

2.    Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.    Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with income tax evasion for the calendar year 1998.  The prosecution agrees to move to dismiss Count 2 of the Indictment as to the Defendant after sentencing.

5.    Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    Defendant enters this plea because he is in fact guilty of filing a materially false federal income tax return for the calendar year 1998 on or about August 16, 1999 for the purpose of evading income tax as charged in Count 1 of the Indictment, and agrees that this plea is voluntary and not the result of force or threats.

7.    Defendant understands that the penalties for the offenses to which he is pleading guilty include:

        a.    up to 5 years imprisonment and a fine of up to

$100,000, plus a term of supervised release of at least two years
but not more than three years as to Count 1,

In addition, the Court must impose a $100 special assessment for
the count to which the Defendant is pleading guilty.  Defendant
agrees to pay $100 for the count to which he is pleading guilty
to the District Court's Clerk's Office, to be credited to said
special assessments, before the commencement of any portion of
sentencing.  Defendant acknowledges that failure to make such
full advance payment in a form and manner acceptable to the
prosecution will allow, though not require, the prosecution to
withdraw from this agreement at its option.

      8.  Defendant admits the following facts and agrees
that they are not a detailed recitation, but merely an outline of
what happened in relation to the charge to which Defendant is
pleading guilty:

      a.   On or about August 16, 1999, in the District
of Hawaii, the Defendant willfully attempted to evade and defeat
a large part of the income tax due and owing by him to the United
States for the calendar year 1998.

      b.   The Defendant evaded taxes for 1998 by
preparing and causing to be prepared a materially false 1998
federal income tax return that reported his federal income for
that year in the amount of $46,915.63 upon which there was a tax
due and owing of $9,840.00.

c.   The Defendant well knew and believed that his taxable income for the 1998 calendar year was substantially higher than reported and there was a materially higher tax due upon that income.

d.   The Defendant submitted the materially false return for 1998 to the IRS willfully, knowing it was false.

9.   Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.  There are no stipulations pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines.

a.   For sentencing purposes the United States will concede that the maximum income the Defendant should have claimed for 1998 was $376,969.80 and that the maximum federal tax owed upon that amount was $138,552.91. The maximum total federal tax for 1998 and 1999 was $234,528.01.

b.   The United States asserts that the true tax alleged in Counts 1 and 2 of the Indictment as being owed and not fully reported as well as the appropriate state tax and possible

4

general excise tax will be the financial factors upon which any offense level may be predicated.

        c.    A representative of the Internal Revenue Service will meet with the Defendant prior to sentencing to try and arrive at a stipulated tax loss figure. The United States will only claim a higher tax if information provided by the Defendant leads to that conclusion during the negotiations.

        d.    The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if Defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the Probation Office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

        11.    The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any

5

stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

a.   The precise amount of the federal income tax loss is in dispute.  That matter will be resolved by the parties prior to sentencing by stipulation or at the sentencing hearing before the District Court.

13.   The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except

6

that Defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b.   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.   The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.  The

7

Defendant understands that the Court will not accept an agreement
unless the Court determines that the remaining charges adequately
reflect the seriousness of the actual offense behavior
and accepting the agreement will not undermine the statutory
purposes of sentencing.

16. Defendant understands that by pleading guilty he
surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty
to the charges against him, he would have the right to a public
and speedy trial. The trial could be either a jury trial or a
trial by a judge sitting without a jury. The Defendant has a
right to a jury trial. However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random. Defendant
and his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges. The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed
innocent, and that it could not convict him unless, after hearing

all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

       c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

       d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

       e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

       17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

       18. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor

agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21. The Defendant agrees that he will fully cooperate with the United States.

a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings.

b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United

10

States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.  Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d.  Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

22.  Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense:

a.  The decision as to whether to make such a request or motion is entirely up to the prosecution.

b.  This Agreement does not require the prosecution to make such a request or motion.

c.   This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

d.   Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines.

DATED:   Honolulu, Hawaii, _____7/14/06_____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

RONALD G. JOHNSON
Chief, Major Crimes

LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

STEPHEN B. WILSON
Defendant

PAUL J. SULLA, JR., ESQ.
Attorney for Defendant

Joe Alfred Izon Jr.
Attorney for Defendant

12