1   PAUL J. SULLA #5398
    P. O. Box 425
2   Laupahoehoe, HI   96764
    (808) 962-0025
3
    Joe Alfred Izen, Jr.
4   5222 Spruce Street
    Bellaire, Texas   77401
5   (713) 668-8815
    (713) 668-9402 FAX
6   ATTORNEYS FOR DEFENDANT
    STEPHEN B. WILSON
7
                  IN THE UNITED STATES DISTRICT COURT
8                     FOR THE DISTRICT OF HAWAII

9   UNITED STATES OF AMERICA,          §
                                       §
10       Plaintiff,                    §    CR. NO. CR05-00342 HG
                                       §
11  VS.                                §    INDICTMENT
                                       §
12  STEPHEN B. WILSON,                 §    [26 U.S.C. § 7201]
                                       §
13       Defendant.                    §

14  **AFFIDAVIT OF JOE ALFRED IZEN, JR. IN RESPONSE TO DISTRICT
       COURT'S "ORDER TO SHOW CAUSE" DATED AUGUST 8, 2006**
15
    STATE OF TEXAS        )
16                        )
    COUNTY OF HARRIS      )
17
         BEFORE ME, the undersigned authority, on this day personally
18
    appeared Joe Alfred Izen, Jr. known to me to be an attorney for
19
    the Defendant, Stephen B. Wilson, in the above-styled case who,
20
    after being by me duly sworn on his oath, did depose and testify
21
    as follows:
22
         1.   My name is Joe Alfred Izen, Jr.  I am over the age of
23
    eighteen years, and am fully competent to make this affidavit.
24
         2.   I was retained by Defendant, Stephen B. Wilson, to
25
    assist his retained counsel, Paul Sulla, in preparation for trial
26
    or sentencing proceedings.
27
         3.   I initially discussed my intention to file a Motion to
28

                                   1

1  Appear Pro Hac Vice with the Government attorney in charge of
2  this case, Les Osborne, before filing the Motion. I was informed
3  by Mr. Osborne, at that time, that if the Defendant entered into
4  a plea agreement, the Government would not oppose my entry of
5  appearance in this case, pro hac vice, to assist Mr. Paul Sulla
6  in representing the Defendant. I am a solo practitioner who
7  offices at 5222 Spruce Street, Bellaire, Texas 77401. Mr. Sulla
8  assisted me in preparing and filing the Motion to Appear Pro Hac
9  Vice as required by this Court's Local Rules. After filing the
10 Motion Pro Hac Vice, I received a copy of a paper signed by Mr.
11 Osborne in which Mr. Osborne claimed that although he felt
12 "constrained" not to object to my appearance pro hac vice to
13 represent Defendant Wilson, he felt it "necessary" to bring
14 various concerns about my conduct to the attention of the Court.
15 Mr. Osborne's conduct -- claiming he would not object to the
16 request for appearance and, thereafter, objecting to the appear-
17 ance in violation of his earlier representation -- is consistent
18 with other IRS and Tax Division actions directed against Joe
19 Alfred Izen, Jr. which have been ongoing since the early eight-
20 ies. While Mr. Osborne's submission is only a few pages long, it
21 purports to raise "questions" referenced by this Court's August
22 8, 2006 order about cases and legal representation which began
23 over twenty years ago. Apparently Mr. Osborne's sources fed him
24 incomplete and inaccurate information. Mr. Osborne's submission
25 merely repeats what he has been told to say by his "sources" and
26 he has no supporting personal knowledge of the truthfulness of
27 the accusations he makes other than what he might have gleaned in
28 the unlikely event that he completely read all the Court deci-

2

1  sions he cited.

2      4.  Mr. Osborne, in making his accusations, does not write

3  on a clean slate.  Mr. Osborne's "non-objection" objection  to

4  Izen's Motion to Appear Pro Hac Vice contains the same allega-

5  tions repeated on at least four other previous occasions in

6  unsuccessful efforts to bar or interfere with Izen's Federal tax

7  practice.  Mr. Osborne's allegations of Izen's "unfitness" to

8  practice are a carbon copy of the other unsuccessful charges

9  filed by the United States Department of Justice, Tax Division in

10  the case styled <u>United States of America, Plaintiff, v. Gregory</u>

11  <u>T. Mayer, Et Al, Defendants</u>, No. 8:03-cv-415-T-26-TGW, a case

12  formerly pending before the United States District Court for the

13  Middle District of Florida, Tampa Division, Honorable Richard A.

14  Lazzara.  In that case, the U.S. Department of Justice counsel,

15  Michael Raum, from the same "Department of Justice" as Mr. Os-

16  borne alleged:

17      Joseph Izen has a long history of abusive and frivolous
        litigation in tax cases.  As such, he is unfit to
18      represent anyone in this Court let alone this Defendant
        who has been sued for promoting abusive tax shelters
19      and preparing frivolous returns.

20  Government Motion to Disqualify Izen in <u>Mayer</u> at P. 6.   (Copy

21  obtainable on electronic docket of case.)   After losing the

22  Motion to Disqualify in the Florida District Court, the "Depart-

23  ment of Justice" Tax Division filed another motion, through Mr.

24  Charles O'Reilly, which attempted to relitigate Raum's unsuccess-

25  ful allegations.

26      5.  The sole basis for the Government's unsuccessful Motion

27  for Disqualification in <u>Mayer</u> was the Tax Division's and its

28  client, IRS', complaints concerning Izen's representation of tax

1  defendants. In the _Evans_ case, the Justice Department combined
2  its accusations of Izen's unfitness with the claim, later de-
3  bunked by the Presiding Federal Judge, Honorable James Lorenz,
4  that Izen had a conflict of interest.

5      6.  The U.S. District Judge who entertained the Government's
6  Motion to Disqualify in the Tampa case admonished Mr. Raum for
7  his failure to accurately represent the status of the Seventh
8  Circuit decision involving Izen's appeal of discovery sanctions
9  imposed in the Tax Court.

10     7.  Undeterred by that rebuff, the Government once more
11 forced Izen to respond to the same Government accusations in the
12 San Diego case and has repeated the same allegations in this
13 case.

14     8.  The Government brought the unsuccessful motion in the
15 _Mayer_ case at the inception of that tax shelter injunction ac-
16 tion.  The Government waited over a year after Izen's initial
17 appearance in the San Diego case before attempting the same
18 unsuccessful ploy.

19     9.  Undeterred by the San Diego and Tampa rulings, the
20 Government, through Mr. Osborne, once more forum shops for a more
21 favorable ruling.  Once more, Izen is required to respond with
22 documentary evidence and to present a complete history of his
23 dealings with the "Justice" Department and IRS.

24     10. The Government's repetitive conduct described below is
25 cynical and retaliatory action taken not for the purposes of
26 upholding the equity, good conscience, and equitable practices of
27 the Federal Courts required under the laws to protect the consti-
28 tutional rights of the Defendant(s) but, instead, to manipulate

4

1    the choice of the Defendant's counsel and to obtain an advantage
2    in this litigation.
3        11.   Joe Alfred Izen, Jr. was licensed June 10, 1977 in the
4    Supreme Court of Texas and retained other federal licenses there-
5    after.
6        12.   Attached hereto, and marked Exhibit A, is a true and
7    correct copy of the decision in United States v. Dahlstrom, 714
8    F.2d 1423 (9th Cir. 1983) in which the government's unconstitu-
9    tional efforts to thwart commercial speech were thwarted.
10        13.   Attached hereto and marked Exhibit B is a true and
11    correct copy of the Ninth Circuit's first decision involving the
12    Dixon test cases (DuFresne, Et Al v. C.I.R., 26 F.3rd. 105 (9th
13    Cir. 1994) in which the Ninth Circuit ordered (over the govern-
14    ment's objection) an evidentiary hearing to determine the full
15    extent of the government's fraud in bribing witnesses and parties
16    testifying before the Tax Court.
17        14.   Attached hereto and marked Exhibit C is a true and
18    correct copy of the docket sheet of the Tax Court case Dixon v.
19    Commissioner, Docket No. 9382-83 (Consolidated),  which estab-
20    lishes that the government filed an unsuccessful Motion to Dis-
21    qualify Izen from continuing to represent his clients after he
22    won the first appeal to the Ninth Circuit.  (See Exhibit B.)
23        15.   Attached hereto and marked Exhibit D is a true and
24    correct copy of the docket sheet in the case styled U.S. v.
25    Robert Henkell, Et Al.  That case, like the Mayer case, involved
26    claims of abusive tax shelter.  Entries in that docket sheet
27    reflect that Izen's Motion for Entry of Appearance Pro Hac Vice
28    was granted by the Presiding District Judge despite the govern-

ment's oral objections which contained the same allegation that Izen was "unfit" to practice.  Izen continued to represent Henkell and his other clients without incident throughout the California case until the Judge signed an order allowing Izen to withdraw.

16.  Attached hereto and marked Exhibit E is a true and correct copy of the decision of the Ninth Circuit in <u>United States</u> <u>v.</u> <u>Troescher</u>.  That case, citing <u>Argomaniz</u>, refuted the government's claim that a "tax crime exception" existed to the constitutional protections against self-incrimination contained in the Fifth Amendment.  That decision cites <u>Argomaniz</u> and blocked IRS efforts to abrogate the Fifth Amendment in its criminal investigations in the Ninth Circuit.

17.  Attached hereto and marked Exhibit F is a true and correct copy of the first decision of the United States Court of Appeals for the Fifth Circuit styled <u>Joe</u> <u>Alfred</u> <u>Izen,</u> <u>Jr.</u> <u>v.</u> <u>Terrence</u> <u>Catalina,</u> <u>Special</u> <u>Agent,</u> <u>Et</u> <u>Al</u>.  That case highlights the fact that the Director of Practice of the Internal Revenue Service unsuccessfully brought an action to disbar Izen before the Internal Revenue Service in 1989 based on Izen's (alleged) failure to file income tax returns during his divorce (years 1985, 1986, and 1987).

18.  Attached hereto and marked Exhibit G is a true and correct copy of the Ninth Circuit's second opinion in <u>Dixon</u> <u>v.</u> <u>Commissioner</u>, once again excoriating the IRS and the government for fraud on Court and the bribing of witnesses and imposing sanctions on the government, in the form of forcing the government to extend the same fraudulent benefits it provided its

1  testifying informant to all involved taxpayers in an amount which

2  may ultimately exceed $400,000,000.00.

3      19.    Attached hereto and marked Exhibit H is a true and

4  correct copy of part of the appellate decision in <u>Johnson</u> <u>v.</u>

5  <u>Commissioner</u> before the Seventh Circuit alluded to as a potential

6  basis for disqualification.  (See Government's Motion to Disqua-

7  lify Izen in San Diego case, P. 4, fn 2.)

8      20.    Attached hereto and marked Exhibit I is a true and

9  correct copy of the letter from another attorney at the Depart-

10  ment of Justice, Tax Division, which Izen received after the

11  government learned Izen had been retained by Defendant, Edward J.

12  Lashlee, in a tax case in the Central District of California,

13  Santa Ana Division.

14      21.    Attached hereto and marked Exhibit J is a true and

15  correct copy of the threatening letter Izen received from the

16  government's counsel in the Tampa case, Mr. Raum, on April 4,

17  2003 which was dated "March 18, 2003."

18      22.    Attached hereto and marked Exhibit K is a true and

19  correct copy of the Florida Bar Rules which Izen claimed were

20  violated by the Department of Justice Tax Division in the Tampa

21  case before Judge Lazzara.

22      23.    Attached hereto and marked Exhibit L is a true and

23  correct copy of the transcript of motion proceedings before the

24  Honorable Richard A. Lazzara, United States District Judge, on

25  the Tax Division, Department of Justice's Motion to Disqualify

26  Joe Alfred Izen, Jr. held on May 1, 2003.

27      24.    Attached hereto and marked Exhibit M is a true and

28  correct copy of the second decision before Rehearing of the

1  United States Court of Appeals for the Fifth Circuit styled <u>Joe</u>
2  <u>Alfred Izen, Jr., Et Al, Plaintiffs, v. Terrence Catalina, Spe-</u>
3  <u>cial Agent and the United States of America, Et Al, Defendants</u>,
4  No. 02-21182 filed August 23, 2004, referred to by the Fifth
5  Circuit as <u>Izen II</u>.   The Fifth Circuit later changed its Opinion
6  and ultimately ruled in favor of the Government on Izen's <u>Bivens</u>
7  claims of First Amendment retaliation.    Recently the United
8  States Supreme Court denied certiorari in <u>Izen v. Catalina</u> based
9  on its ruling in <u>Moore v. Hartman</u> that a Grand Jury indictment
10  establishes probable cause which, in turn, bars First Amendment
11  retaliation claims.  Mr. Les Osborne and other Government counsel
12  "do no credit to themselves or their Departments" by urging this
13  Court to consider Izen's exercise of his rights to access to the
14  Courts to redress First Amendment and other constitutional grie-
15  vances as a basis for disqualification of an attorney "pro hac
16  vice."

17       25.   Attached hereto and marked Exhibit O is a true and
18  correct copy of the Docket Sheet of the Tampa case before Judge
19  Lazzara which proves the Government's filing of a Notice of
20  Appeal and that Judge Lazzara's order denying the Government's
21  Motion to Disqualify is final.

22       26.   The Justice Department Tax Division routinely repre-
23  sents the Internal Revenue Service in the tax cases in which Izen
24  is involved which are either appealed from the United States Tax
25  Court or which begin in, and later may be appealed from, the
26  United States District Courts.   Exhibit F establishes that the
27  IRS attempted to disbar Izen from appearing before it way back in
28  1989.   Three of the cases relied on by the government in its

8

1    unsuccessful Florida motion occurred prior to that date. Oelze,

2    1983; Watson, 1982; and Ripley, 1987.    These decisions were

3    mentioned in Johnson v. C.I.R., 289 F.3d 452, 454 (7th Cir.

4    2002). The Dixon case which the government purported to rely on

5    in its Florida motion as evidence of its claim that Izen was

6    "unfit to practice" is the same case in which the government

7    unsuccessfully sought to disqualify Izen before the evidentiary

8    hearing ordered by the Ninth Circuit and which, in turn, resulted

9    in the recent Ninth Circuit Opinion harshly criticizing the

10   government's attorneys for their fraud and the government for

11   failing to make adequate disclosure to the Tax Court concerning

12   the extent of the fraud.    See Exhibits B, C, and G, attached.[1]

13       27.    In the previous abusive shelter penalty case in the

14   Eastern District of California, District Judge Schwartz dismissed

15   the Government's objection to Izen's qualifications out of hand.

16   Izen remained on that case and represented his clients without

17   incident for several years.

18       28.    In United States v. Troescher the Government "pio-

19   neered" a new interpretation of tax law through which it hoped to

20   use to circumscribe the constitutional rights of United States

21   citizens to remain silent.    Although the Tax Division, Department

22   of Justice purported to appeal the Ninth Circuit decision in

23   Troescher to the United States Supreme Court, the Solicitor

24   General took control of the case and dismissed thereby avoiding

25   --------------------

26       1. The Dixon case described a massive IRS fraud that was conducted by IRS
     counsel operating out of Honolulu, Hawaii.    While Mr. Osborne's letter omits

27   this information, it is inconceivable that the "sources" of Mr. Osborne's
     "concerns" would be ignorant of this fact or the clear motive for retaliation

28   harbored by the local IRS Office.

1    an even broader reaching precedent.

2     29.  The Certificate of Service from the Seventh Circuit

3    Court of Appeals on its order discharging Izen from the show

4    cause order previously issued, and finding Izen innocent of any

5    wrongdoing on appeal, belies the Justice Department's misrepre-

6    sentation, first made through Mr. Raum (in Florida), continued

7    through Mr. O'Reilly, and now reiterated through Mr. Les Osborne,

8    that Izen was found guilty of any misconduct for filing an appeal

9    before the United States Court of Appeals for the Seventh Circuit

10   of the Tax Court discovery sanctions.

11    30.  The letters written to Izen by attorneys at the Tax

12   Division Department of Justice when they learned of his intended

13   appearance, closely mirror the expression of "concerns" submitted

14   by Mr. Les Osborne and were intended to intimidate Izen and to

15   interfere with the Defendant's counsel of choice.  (See Exhibits

16   I and J.)

17    31.  The May 21, 2002 letter written by Tax Division Attor-

18   ney Nanette L. Davis addressed to Defendant, Edward Lashlee, who

19   had entered into a plea agreement with the Government and was

20   awaiting sentencing, is the letter most analogous to Mr. Osbor-

21   ne's current submission which this Court saw fit to make the

22   subject of its show cause order.  (See Exhibit I attached.)  Izen

23   continued to represent the Defendant Lashlee, without incident,

24   after receiving the "Davis" threat. The Government never filed

25   any motion to disqualify Izen.

26    32.  Tax Division counsel Raum sent a similar threatening

27   letter on March 18, 2003, less than a year later and pursued the

28   same fallacious allegations.  (See Exhibit J.)

33.   The government's numerous unsuccessful efforts to disqualify Izen and injure his practice are consistent with an overall scheme to manipulate the Defendant's possible choice of counsel in tax cases to its own benefit.   The Government has continued with this course of conduct despite the admonitions of Judge Lazzara in the hearing on the Tax Division's Motion to Disqualify.   This conduct can support no conclusion other than a Tax Division effort to harass and intimidate Izen in bad faith and to deny his clients, such as Defendant Wilson, their Sixth Amendment right in a criminal case to counsel of choice.   See attached Exhibit L, P. 3, LL 15-25; P. 4, LL 1-25; P. 5, LL 1-25; P. 6, LL 1-25; P. 7, LL 1-25; P. 8, LL 1-25; P. 9, LL 1-9.

34.   After being admonished by District Judge Lazzara for filing its Motion for Sanctions and making "mistakes" in his allegations against "Izen," Government counsel Raum admitted:

> I recognize it's - I recognize it's a difficult stretch.  It's a difficult burden for the United States to bear.

Exhibit L, P. 7, LL 18-23.   Despite this admission, the Government has repetitively filed the same slanderous allegations in case after case hoping perhaps to obtain, by repetition, and forum shopping what the illegality and factual inaccuracies of their prior motions could not obtain them in the Florida and San Diego cases.

35.  Izen recounted to the Florida Court how he represented clients before the United States District Court for the Southern District of Florida, Honorable Norman Rutger, in U.S. v. Stuart McLean, Fort Lauderdale Division; Securities and Exchange Commis-

11

1  sion v. Eric Bartoli, Southern District of Florida, Miami Divi-

2  sion, and several cases before the Middle District of Florida,

3  without any problems.

4      36. It is interesting to note that the Government failed to

5  file any Motion to Disqualify Izen in United States, Plaintiff,

6  v. Lynn Meredith, Et Al. Defendants, Criminal No. CR 02-00372 DDP

7  formerly pending before the United States District Court for the

8  Central District of California, Honorable Dean D. Pregerson.

9  Presumably, the Government counsel were just as aware there, as

10 here, of the IRS and Tax Division desire to injure Izen's prac-

11 tice and prevent him from successfully representing tax Defen-

12 dants. Like the Evans case and the Lashlee case, the Meredith

13 case was concluded without incident.

14     37. As stated in Izen's previous Application to Appear Pro

15 Hac Vice, Izen is not currently suspended or disbarred in the

16 United States Tax Court, any other Federal District Court or

17 Court of Appeals, or any state Court.

18     38. The Federal District Judge presiding over the San Diego

19 case, Honorable James Lorenz, chose to ignore the Government's

20 attack on Izen's qualifications and denied the Government's

21 Motion to Disqualify. A true and correct copy of that November

22 5, 2004 order denying the Government's motion is attached as

23 Exhibit N.

24     39. While Defendant Evans has not yet been sentenced and his

25 case may yet be appealed to the Ninth Circuit, the same is not

26 true for the Mayer case which was formerly pending before Judge

27 Lazzara.  In the Mayer case, the Government, displeased with

28 Judge Lazzara's ultimate ruling refusing to bar Mayer from pre-

paring tax returns, filed a Notice of Appeal to the Eleventh Circuit. Thereafter, the Government voluntarily dismissed its appeal and Judge Lazzara's orders became final. Having failed to appeal the denial of its Motion to Disqualify Izen from appearing pro hac vice on the same grounds as that repeated by Mr. Osborne in his submission, the Government is now barred by res judicata and collateral estoppel from continuing to raise such arguments. Undeterred by any guiding legal principles, the Government counsel or IRS personnel who are responsible for feeding these allegations to Mr. Les Osborne, continue to careen from case to case raising the same claims which are now barred by final judgment, res judicata, and collateral estoppel, in hopes of obtaining a more favorable forum. A true and correct copy of the Docket Sheet of the Tampa, Florida case proving the finality of Judge Lazzara's order is attached as Exhibit O.

40. Mr. Les Osborne should be ordered by this Court to provide a detailed listing of the names and current addresses of the persons in the Tax Division, Department of Justice, and/or the IRS, who provided him the "information" he put forth in his submission and, further, Mr. Osborne should be directed to show cause why he did not inform this Court that the Government allegations were already the subject of a Final Judgment which barred further litigation of such claims.

41. While the Court's Show Cause Order seems to question Izen's fitness to practice, the basis of this Court's Show Cause Order was its reliance on the truthfulness, accuracy, and viability of the Government claims Mr. Les Osborne placed in his "non-objection" to the Court. A serious question must be raised

1  concerning the fitness to practice of the Government counsel who

2  directed Mr. Raum, an apparently inexperienced counsel, Mr.

3  O'Reilly, a very experienced counsel, and now, Mr. Osborne,

4  perhaps an ignorant (or unwitting) counsel, to file motions or

5  charges with Federal Courts which were inaccurate, misleading,

6  and/or barred by prior litigation.    Such conduct violates the

7  Model Rules of Conduct recognized by the American Bar Association

8  as well as the Disciplinary Rules of Florida, California, and

9  Hawaii State Bars.

10      42.   Both Izen, as well as Defendant Wilson, have incurred

11  costs and attorney's fees as a result of having been forced to

12  respond to Mr. Les Osborne's "non-objection" objections which

13  were incorporated into this Court's Order to Show Cause.    This

14  voluminous response to the Government's allegations has been

15  necessary in order to prevent the Government from manipulating

16  the Defendant's right to counsel of choice in this criminal

17  proceeding.

18      43.   I have read the foregoing Affidavit and all of the

19  facts alleged therein are true and correct and within my own

20  personal knowledge.

21      44.   FURTHER AFFIANT SAYETH NAUGHT.

22

23  _____
    Joe Alfred Izen, Jr.

24      SUBSCRIBED AND SWORN TO BEFORE ME on this the 22nd day of
    August, 2006, to certify which witness my hand and seal.
25

26  _____
    NOTARY PUBLIC IN AND FOR
    HARRIS COUNTY, TEXAS
27  My commission expires:

28  WILSDISQ.JAF/TK386



KAREN COOLEY
MY COMMISSION EXPIRES
June 21, 2010

14