6292     DUFRESNE v. CIR

| | |
|---|---|
| HOYT W. YOUNG; BARBARA D. YOUNG,<br>  *Petitioners-Appellants,*<br>  v.<br>COMMISSIONER, INTERNAL REVENUE SERVICE,<br>  *Respondent-Appellee.* | No. 92-70347<br>T.C. No.<br>4201-84 |
| TERRY D. OWENS; GLORIA OWENS,<br>  *Petitioners-Appellants,*<br>  v.<br>COMMISSIONER, INTERNAL REVENUE SERVICE,<br>  *Respondent-Appellee.* | No. 92-70349<br>T.C. No.<br>40159-84 |
| RALPH RINA,<br>  *Petitioner-Appellant,*<br>  v.<br>COMMISSIONER, INTERNAL REVENUE SERVICE,<br>  *Respondent-Appellee.* | No. 92-70662<br>T.C. No.<br>17640-83<br>OPINION |

Appeal from the United States Tax Court

Argued and Submitted
April 11, 1994—San Francisco, California

Filed June 14, 1994

EXHIBIT
B

<pre>                    DUFRESNE v. CIR                    6293</pre>

Before: Alfred T. Goodwin, Warren J. Ferguson, and
Stephen S. Trott, Circuit Judges.

Per Curiam

## SUMMARY

### Tax/Litigation and Procedure (Civil)/Attorneys and Judges

The court of appeals vacated a decision of the United States Tax Court and remanded with directions. The court held that the tax court must conduct an evidentiary hearing to determine if the government's secret settlement agreements with plaintiffs in tax cases warrant vacating the tax court's decision.

Appellee Commissioner of the Internal Revenue Service disallowed interest deductions claimed by taxpayers who participated in certain investment programs. Approximately 1300 cases were filed in the tax court by participants seeking a redetermination of tax deficiencies assessed against them. From those cases, a group were chosen by the parties as test cases. It was agreed that the decision in the tax cases would be binding in all the cases.

The tax court found that the interest deductions were not allowable. The court entered decisions against the taxpayers determining deficiencies in their tax liability.

The Commissioner filed motions in the test cases to vacate the decision and to conduct an evidentiary hearing. The Commissioner stated that it appeared that prior to the trial of the test cases, a secret settlement agreement had been entered into between her district counsel and one of the test case plaintiffs, contingent upon the plaintiff not prevailing in his case. The

tive of all the other cases and were not sham or collusive proceedings. It is now known that was not true.

The tax court found that the interest deductions were not allowable. It found that the Kersting plans were shams and that the primary and leverage loans and obligations under stock option agreements did not create genuine indebtedness.

On March 13, 1992, the tax court entered decisions against the taxpayers determining deficiencies in their tax liability in accordance with its opinion.

On June 9, 1992, the Commissioner filed motions in the test cases, *Thompson, Cravens,* and *Rina* to vacate the decision and to conduct an evidentiary hearing. In her motions, the Commissioner stated that, from information then known to the Commissioner's regional counsel, it appeared that prior to the trial of the test cases, a secret settlement agreement had been entered into between her district counsel and Thompson that was contingent upon Thompson not prevailing in his case. This information had not been divulged to the Commissioner's offices, to the taxpayers, or their counsel in the other tax cases, or to the tax court. The Commissioner stated further that a similar contingent settlement might also have been reached with Cravens prior to trial, and which similarly had not been disclosed. Both Cravens and Thompson, although test case plaintiffs, had testified adversely to the taxpayers at the trial.

The Commissioner presented a telling case of corruption of the process of the tax court and the rights of both the government and the taxpayers. She pointed out that the agreement between the government trial lawyers and Thompson was based on the premise that early in the litigation Thompson had prepaid an amount of money roughly equal to the deficiency determined by the Commissioner plus interest thereon. Under the secret agreement, Thompson's deficiency would be reduced from an excess of $200,000 to $15,000. That reduc-

6294   DUFRESNE v. CIR

Commissioner further stated that a similar contingent settlement might also have been reached with another plaintiff prior to trial and which similarly had not been disclosed. The Commissioner pointed out that, under the agreements, the government, in effect, agreed to pay the legal fees for the two test case plaintiffs. The tax court denied the Commissioner's motion.

One of the test case plaintiffs, appellant Ralph Rina, filed a motion to reconsider the tax court's order denying the Commissioner's motion to vacate. Rina's motion was denied. Rina and others appealed.

[1] The taxpayers, the government, and the tax court have all been cheated by the conduct described by the Commissioner and Rina. [2] It could not be determined from the record whether the extent of misconduct rose to the level of a structural defect voiding the judgment as fundamentally unfair, or whether, despite the government's misconduct, the judgment could be upheld as harmless error. [3] Thus, the tax court's decision was vacated. The tax court was directed to conduct an evidentiary hearing to determine the full extent of the admitted wrong done by the government trial lawyers.

## COUNSEL

Joe Alfred Izen, Jr., Bellaire, Texas, for petitioners-appellants Robert L. DuFresne, et al.

Steven Parks, United States Department of Justice, Washington, D.C., for respondent-appellee Commissioner Internal Revenue Service.

DUFRESNE v. CIR                          6295

## OPINION

PER CURIAM:

These cases concern certain investment programs presented and managed by Henry Kersting. Kersting presided in Hawaii over numerous holding corporations, acceptance corporations, automobile leasing corporations, and lending institutions. He created and administered assorted investment programs which he sold primarily to commercial airline pilots. In each plan, a client obtained a primary loan from one Kersting corporation in order to purchase stock or an investment certificate in another Kersting corporation. The taxpayer simultaneously obtained a leverage loan from another Kersting corporation in an amount equal to one year's interest on the primary loan, the proceeds of which were used to pay the interest owed on the primary loan. The corporation in which the client invested made a nontaxable distribution in the amount of the leverage loan. At the end of the year, if the transactions were not repeated, the taxpayer returned the stock or investment certificate to the Kersting corporation in satisfaction of the primary loan. The interest paid by means of these loans was then charged as a deduction on the taxpayer's tax returns.

The Commissioner disallowed the interest deductions claimed by the taxpayers, and issued notices of deficiency detailing deficiencies in their federal tax liabilities for the year in which the interest deductions were claimed and additional assessments for negligence or intentional disregard of rules or regulations. Approximately 1300 cases were filed in the tax court by participants in the Kersting plans seeking a redetermination of tax deficiencies assessed against them. From those cases, a group was chosen by the parties as test cases, and were consolidated in the tax court for purposes of trial and opinion. It was agreed that the decision in the tax cases would be binding in all the cases. The Commissioner and the taxpayers believed that the test cases were fairly representa-

| DUFRESNE v. CIR | 6297 |
|---|---|

tion in tax liability would generate a refund to Thompson of more than $60,000, which would then be forwarded to Thompson's lawyer to pay his legal fees. In effect, the government agreed to pay Thompson's legal fees. The agreement with Cravens was similar.

On June 22, 1992, the tax court denied the Commissioner's motion to vacate, stating that the Commissioner's concerns of impropriety and corruption of the system made no difference. It stated that "the Court's findings, analyses and conclusions . . . would remain the same."

One of the test case plaintiffs, Rina, filed a motion to reconsider the tax court's order denying the Commissioner's motion to vacate. In the motion to reconsider, the taxpayer Rina set forth evidence that Thompson's attorney (who was the main beneficiary of the settlement) was privy, at his insistence, to the test case trial strategy, read counsel's trial notes and overheard communications with clients. The motion for the tax court to reconsider was denied.

[1] The taxpayers, the government, and the tax court have all been cheated by the conduct described by the Commissioner and the taxpayer, Rina. The tax court dismissed the Commissioner's motion without an evidentiary hearing and without any apparent curiosity about the extent of the impact of the corruption upon 1300 taxpayers whose cases were still pending when money was paid by the government.

[2] We cannot determine from this record whether the extent of misconduct rises to the level of a structural defect voiding the judgment as fundamentally unfair, or whether, despite the government's misconduct, the judgment can be upheld as harmless error. *See Arizona v. Fulminante*, 499 U.S. 279, 309 (1991).

[3] Accordingly, the decision of the tax court is vacated. That court is directed to conduct an evidentiary hearing to

| 6298 | DUFRESNE v. CIR |
|---|---|

determine the full extent of the admitted wrong done by the government trial lawyers. In the event that the tax court concludes that on the basis of the hearing that its decision remains valid, it may reinstate the judgment, but only if accompanied by findings of fact and conclusions of law that will permit adequate review.

The tax court is directed to consider on the merits all motions of intervention filed by parties affected by this case.

All subsequent appeals will be scheduled before this panel.

VACATED AND REMANDED WITH DIRECTIONS.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY BARCLAYS / ELECTROGRAPHIC—SAN FRANCISCO—(415) 588-1155

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 1994 by Barclays Law Publishers.