# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

### JUDGMENT - WITH ORAL ARGUMENT

Date: May 3, 2002

BEFORE:

Honorable RICHARD A. POSNER, Circuit Judge

Honorable TERENCE T. EVANS, Circuit Judge

Honorable ANN CLAIRE WILLIAMS, Circuit Judge

No. 01-2509

SHIRLEY L. JOHNSON,
            Petitioner

    v.

COMMISSIONER OF INTERNAL REVENUE,
            Respondent - Appellee

APPEAL OF: JOE A. IZEN, JR.

Appeal from an order of the United States Tax Court
No. 6452-99

    The judgment of the United States Tax Court is AFFIRMED, with
costs, in accordance with the decision of this court entered on this
date.

(1061-110393)

EXHIBIT
H

# United States Court of Appeals

*For the Seventh Circuit*
*Chicago, Illinois 60604*

May 3, 2002

*Before*

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

No. 01-2509

| | |
|---|---|
| SHIRLEY L. JOHNSON,<br>*Petitioner,* | Appeal from the United States Tax Court |
| *v.* | Nos. 6452-99, 6453-99 |
| COMMISSIONER OF INTERNAL REVENUE,<br>*Respondent-Appellee.* | Mary Ann Cohen,<br>*Judge.* |

Appeal of: Joe Alfred Izen, Jr.

## ORDER

On May 3, 2002, we affirmed the Tax Court's imposition of sanctions against appellant Joe Alfred Izen, Jr. We now **ORDER** Izen to show cause why he should not be sanctioned for filing a frivolous appeal. *See* Fed. R. App. P. 38. The response is due on or before May 17, 2002.

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

SHIRLEY L. JOHNSON,

   Petitioner-Appellant,

  v.          Appeal No. 01-2509

COMMISSIONER OF INTERNAL REVENUE,

   Respondent-Appellee.

On the appeal of JOE A. IZEN, JR.,

   Counsel for the Petitioner

## ATTORNEY IZEN'S RESPONSE TO THE PANEL'S SUA SPONTE ORDER TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED FOR TAKING A FRIVOLOUS APPEAL

  Attorney Izen should not be sanctioned for appealing the Tax Court's Section 6673(a)(2) sanction against him on legitimate constitutional grounds. First, Izen was entitled to rely on legislative history and the congressional testimony of former Chief Tax Court Judge Arthur L. Nims, III for his argument that Section 6673(a)(2) exempted Government attorneys from personal sanctions liability for the Tax Court. Izen's justified reliance takes any "misreading" of the statute on his part out of the "frivolous" category, and well above this jurisdiction's frivolity bench mark of *de minimis* argumentative plausibility. Second, the issue of whether the Government attorney exemption had a rational basis is a point over which reasonable men and women might disagree, and was again based in part on authoritative congressional testimony. Finally, the work product submitted to this Court on Izen's behalf demonstrated command of the

1

record and controlling legal principles, and fully argued Izen's contentions with at least the required *de minimis* plausibility. For all these reasons, Izen should not be sanctioned for taking his appeal.

This jurisdiction applies a two-part test to Rule 38 sanctions: "To award sanctions under Rule 38 . . . we must conclude that (1) the appeal is frivolous, and (2) sanctions are appropriate." *Depoister v. Mary M. Holloway Found.*, 36 F.3d 582, 588 (7th Cir. 1994) (citations omitted). An appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." *Spiegel v. Continental Illinois Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 1986) (quoting *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 184 (7th Cir. 1985)). In turn, "the courts have looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Reid v. United States*, 715 F.2d 1148, 1155 (7th Cir. 1983). A bad faith finding, however, is not required after the court's decisions in *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (en banc) and *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 331 (7th Cir. 1995).

The Slip Opinion characterized Izen's constitutional challenge as "frivolous," because "Izen's . . . argument rests on a misreading" of the statute. *Johnson v. CIR, Appeal of Joe Alfred Izen, Jr.*, No. 01-2509, slip op. at 4-5 (7th Cir. May 3, 2002). If Izen did, in fact, misread the statute, he was in good company. As fully discussed on brief, former Chief Judge of the United States Tax Court Arthur L. Nims, III also read the statute as exempting government attorneys from personal sanctions liability. (A.Br. 26, 28-29.)[1] Judge Nims expressed his concerns over

------

[1] Attorney Izen's Appellant's Brief is cited as (A.Br. xx.), references to the Respondent-Appellee's Brief are cited as (R.Br. xx.), and the appendix bound with Appellant's Brief is cited as (App. xx.).

2

the government attorney exemption twice in his congressional testimony, and Izen relied on Judge Nims interpretation of the statute. *See id* Speaking before the House Ways and Means Committee on the Section 6673 amendment, Judge Nims opined that: "[I]f the attorney appears on behalf of the United States, then Tax Code section 6673(a)(2)(B) imposes liability on the United States, rather than on the attorney personally for unreasonably and vexatiously multiplying the proceedings." *Review of the Civil Penalty Provisions Contained in the Internal Revenue Code, 1989: Hearings on H.R. 2528 Before the Subcomm. on Oversight of the House Comm. On Ways and Means*, 101st Cong. 247 (1989) (second statement of Arthur L. Nims III, Chief Judge, United States Tax Court).

And the relevant House Report confirmed Judge Nims statement that Government attorneys were exempted from personal sanctions liability:

> The bill also authorizes the Tax Court to require any attorney or other person permitted to practice before the Court to pay excess costs, expenses, and attorney's fees that are incurred because the attorney or other person unreasonably and vexatiously multiplied any proceeding before the Court. *If the attorney is appearing on behalf of the Commissioner of Internal Revenue, the United States is to pay these costs in the same manner as an award of these costs by a district court.* This provision is comparable to the authority already provided to district courts under 28 U.S.C. Section 1927.

H.R. Rep. No. 101-247, at 1400 (1989) (emphasis added).

The House Report and Judge Nims did not read subsections (A) and (B) in the mutually exclusive disjunctive, as the Opinion did, but rather applied subsection (B) as a mandatory qualifier directing sanctions to be paid by the United States if the attorney to be sanctioned under subsection (A) appeared on behalf of the Commissioner. Put somewhat differently, if the "any attorney" to be sanctioned appeared on behalf of the Commissioner, "the United States is to pay these costs . . . ." *Id* Izen was entitled to rely on both the House Report language and the congressional testimony of Judge Nims to support his argument that Section 6673(a)(2) exempts

3

Government attorneys from personal sanctions, notwithstanding the fact that reasonable men and women might disagree over this issue, as the competing interpretations of Congress, the Panel, Judge Nims, and Izen prove.

An appeal based in large part on a misreading of a statute over the meaning of which reasonable and respected men and women have disagreed should not be held frivolous: "An appeal is 'frivolous' when the result is foreordained by the lack of substance to the appellant's arguments . . . . The standard depends on the work product: neither the lawyer's state of mind nor the preparation behind the appeal matter." *Mars Steel v. Continental Bank,* 880 F.2d at 938, *see also In the Matter of John A. Maurice,* 73 F.3d 124, 127 (7th Cir. 1995). Here, by the very fact of reasonable disagreement, the Panel's interpretation of Section 6673(a)(2) was not foreordained. In fact, while an appeal may not even "present close questions," sanctions will not be imposed under Fed. R. App. P. 38 when the argument displays "at least *de minimis* plausibility." *Borowski v. DePuy, Inc., a Division of Boehringer Mannheim Co.,* 876 F.2d 1339, 1342 (7th Cir. 1989).

Moreover, even in the face of an unlikely successful outcome, the "*de minimis* plausibility" rule protects the ability to make colorable arguments for a change in existing law or to tread in unsettled areas. And as Judge Easterbrook recently advised, appeals involving unsettled issues are "not frivolous and . . . not sanctionable under Rule 38." *Mars Steel Corp. v. Continental Bank,* 880 F.2d at 939. We respectfully submit that the meaning of Section 6673(a)(2) is an unsettled matter of first impression, susceptible to competing views, and therefore Izen's argument on appeal is not the proper object of sanctions.

Moving away from the disputed interpretation of Section 6673(a)(2), in the alternative, the Slip Opinion states that "[Izen's] equal protection claim would be frivolous in any event, as it is easy to imagine a rational basis for treating public lawyers in this respect different from

4

private ones." *Johnson v. CIR, Appeal of Izen*, slip op. at 5 (citations omitted). We respectfully submit that principles of *de minimis* plausibility and the safe harbor of unsettled issues discussed immediately above counsel strongly against the imposition of sanctions against Izen for making a lack of rational basis claim. Again, as with the Section 6673(a)(2) interpretation issue, Izen relied on Judge Nims' apparent concern over the irrationality of what he viewed as a Government attorney exemption from personal sanctions liability: "We also note that 27 [sic] U.S.C. 1927 covers both private and Government attorneys. We have heard of no unfairness this presents to the Government. *We think it should apply to both in the Tax Court. It would be unfair on its face to exempt Government attorneys.*" *Review of the Civil Penalty Provisions Contained in the Internal Revenue Code, 1989: Hearings on H.R. 2528 before the Subcomm. on Oversight of the House Comm. on Ways and Means*, 101st Cong. 104 (1989), p. 100, February 21 (statement of Arthur L. Nims III, Chief Judge, United States Tax Court) (emphasis added).

Based in part on Judge Nims' congressional testimony, Izen urged that a Government attorney exemption from personal sanctions liability was irrational, in that such an exemption could not, under any set of facts, further the statute's purpose of deterring litigation misconduct by any attorney who appears before the Tax Court. (A.Br. 33-34.) While the Panel may not even consider this issue a close question, Izen made a colorable argument based on relevant authority for his lack of rational basis claim – an unsettled matter of first impression – and he should not be sanctioned for doing so. *See Mars Steel Corp. v. Continental Bank*, 880 F.2d at 939. At a minimum, Izen's constitutional challenge was fully set out with *de minimis* plausibility, though reasonable men and women have disagreed over his interpretation of Section 6673(a)(2) and whether a rational basis existed for the disputed classification.

It also bears noting that even where an appellate adversary requests Rule 38 sanctions and the court has granted them, the court predicated its decision on defects in the briefs not present in

5