ment of lawyers or by special counsel employed by the government is not an evaluation as that term is used in this rule. The question is whether the lawyer is retained by the person whose affairs are being examined. When the lawyer is retained by that person, the general rules concerning loyalty to client and preservation of confidences apply, which is not the case if the lawyer is retained by someone else. For this reason, it is essential to identify the person by whom the lawyer is retained. This should be made clear not only to the person under examination, but also to others to whom the results are to be made available.

**Duty to third person**

When the evaluation is intended for the information or use of a third person, a legal duty to that person may or may not arise. That legal question is beyond the scope of this rule. However, since such an evaluation involves a departure from the normal client-lawyer relationship, careful analysis of the situation is required. The lawyer must be satisfied as a matter of professional judgment that making the evaluation is compatible with other functions undertaken in behalf of the client. For example, if the lawyer is acting as an advocate in defending the client against charges of fraud, it would normally be incompatible with that responsibility for the lawyer to perform an evaluation for others concerning the same or a related transaction. Assuming no such impediment is apparent, however, the lawyer should advise the client of the implications of the evaluation, particularly the lawyer's responsibilities to third persons and the duty to disseminate the findings.

**Access to and disclosure of information**

The quality of an evaluation depends on the freedom and extent of the investigation upon which it is based. Ordinarily, a lawyer should have whatever latitude of investigation seems necessary as a matter of professional judgment. Under some circumstances, however, the terms of the evaluation may be limited. For example, certain issues or sources may be categorically excluded or the scope of search may be limited by time constraints or the noncooperation of persons having relevant information. Any such limitations that are material to the evaluation should be described in the report. If, after a lawyer has commenced an evaluation, the client refuses to comply with the terms upon which it was understood the evaluation was to have been made, the lawyer's obligations are determined by law, having reference to the terms of the client's agreement and the surrounding circumstances.

**Financial auditors' requests for information**

When a question concerning the legal situation of a client arises at the instance of the client's financial auditor and the question is referred to the lawyer, the lawyer's response may be made in accordance with procedures recognized in the legal profession. Such a procedure is set forth in the American Bar Association Statement of Policy Regarding Lawyers' Responses to Auditors' Requests for Information, adopted in 1975.

# 4-3. ADVOCATE

## Rule 4-3.1. Meritorious claims and contentions

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252).

### Comment

The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the client desires to have the action taken primarily for the purpose of harassing or maliciously injuring a person or if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification, or reversal of existing law.

## Rule 4-3.2. Expediting litigation

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

### Comment

Dilatory practices bring the administration of justice into disrepute. Delay should not be indulged merely for the convenience of the advocates or for the purpose of frustrating an opposing party's attempt to obtain rightful redress or repose. It is not a justification that similar conduct is often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay. Realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

## Rule 4-3.3. Candor toward the tribunal

**(a) False Evidence; Duty to Disclose.** A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal;

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(4) permit any witness, including a criminal defendant, to offer testimony or other evidence that the lawyer knows to be false. A lawyer may not offer testimony that the lawyer knows to be false in the form of a narrative unless so ordered by the tribunal. If a lawyer has offered material evidence and thereafter comes to know of its falsity, the lawyer shall take reasonable remedial measures.

**(b) Extent of Lawyer's Duties.** The duties stated in subdivision (a) continue beyond the conclusion of the proceeding and apply even if compliance requires disclosure of information otherwise protected by rule 4-1.6.

**(c) Evidence Believed to be False.** A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

**(d) Ex Parte Proceedings.** In an ex parte proceeding a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

Amended March 8, 1990 (557 So.2d 1368); amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252).

### Comment

The advocate's task is to present the client's case with persuasive force. Performance of that duty while maintaining confidences of the client is qualified by the advocate's duty of candor to the tribunal. However, an advocate does not vouch for the evidence submitted in a cause; the tribunal is responsible for assessing its probative value.

**Representations by a lawyer**

An advocate is responsible for pleadings and other documents prepared for litigation, but is usually not required to have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client, or by someone on the client's behalf, and not assertions by the lawyer. Compare rule 4-3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in rule 4-1.2(d) not to counsel a client to commit or assist the client in committing a fraud applies in litigation. Regarding compliance with rule 4-1.2(d), see the comment to that rule. See also the comment to rule 4-8.4(b).

**Misleading legal argument**

Legal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. Furthermore, as stated in subdivision (a)(3), an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case.

**False evidence**

When evidence that a lawyer knows to be false is provided by a person who is not the client, the lawyer must refuse to offer it regardless of the client's wishes.

When false evidence is offered by the client, however, a conflict may arise between the lawyer's duty to keep the client's revelations confidential and the duty of candor to the court. Upon ascertaining that material evidence is false, the lawyer should seek to persuade the client that the evidence should not be offered or, if it has been offered, that its false character should immediately be disclosed. If the persuasion is ineffective, the lawyer must take reasonable remedial measures.

Except in the defense of a criminally accused, the rule generally recognized is that, if necessary to rectify the situation, an advocate must disclose the existence of the client's deception to the court or to the other party. Such a disclosure can result in grave consequences to the client, including not only a sense of betrayal but also loss of the case and perhaps a prosecution for perjury. But the alternative is that the lawyer cooperate in deceiving the court, thereby subverting the truth-finding process that the adversary system is designed to implement. See rule 4-1.2(d). Furthermore, unless it is clearly understood that the lawyer will act upon the duty to disclose the existence of false evidence, the client can simply reject the lawyer's advice to reveal the false evidence and insist that the lawyer keep silent. Thus, the client could in effect coerce the lawyer into being a party to fraud on the court.

**Perjury by a criminal defendant**

Whether an advocate for a criminally accused has the same duty of disclosure has been intensely debated. While it is agreed that the lawyer should seek to persuade the client to refrain from perjurious testimony, there has been dispute concerning the lawyer's duty when that persuasion fails. If the confrontation with the client occurs before trial, the lawyer ordinarily can withdraw. Withdrawal before trial may not be possible if trial is imminent, if the confrontation with the client does not take place until the trial itself, or if no other counsel is available.

The most difficult situation, therefore, arises in a criminal case where the accused insists on testifying when the lawyer knows that the testimony is perju-

EXHIBIT
K

tion. If the lawyer tries to rectify the situation, it can increase the likelihood of the client's being convicted as well as opening the possibility of a prosecution for perjury. On the other hand, if the lawyer does not exercise control over the proof, the lawyer participates, although in a merely passive way, in deception of the court.

Although the offering of perjured testimony or false evidence is considered a fraud on the tribunal, these situations are distinguishable from that of a client who, upon being arrested, provides false identification to a law enforcement officer. The client's past act of lying to a law enforcement officer does not constitute a fraud on the tribunal, and thus does not trigger the disclosure obligation under this rule, because a false statement to an arresting officer is unsworn and occurs prior to the institution of a court proceeding. If the client testifies, the lawyer must attempt to have the client respond to any questions truthfully or by asserting an applicable privilege. Any false statements by the client in the course of the court proceeding will trigger the duties under this rule.

**Remedial measures**

If perjured testimony or false evidence has been offered, the advocate's proper course ordinarily is to remonstrate with the client confidentially. If that fails, the advocate should seek to withdraw if that will remedy the situation. Subject to the caveat expressed in the next section of this comment, if withdrawal will not remedy the situation or is impossible and the advocate determines that disclosure is the only measure that will avert a fraud on the court, the advocate should make disclosure to the court. It is for the court then to determine what should be done—making a statement about the matter to the trier of fact, ordering a mistrial, or perhaps nothing. If the false testimony was that of the client, the client may controvert the lawyer's version of their communication when the lawyer discloses the situation to the court. If there is an issue whether the client has committed perjury, the lawyer cannot represent the client in resolution of the issue and a mistrial may be unavoidable. An unscrupulous client might in this way attempt to produce a series of mistrials and thus escape prosecution. However, a second such encounter could be construed as a deliberate abuse of the right to counsel and as such a waiver of the right to further representation.

**Constitutional requirements**

The general rule—that an advocate must disclose the existence of perjury with respect to a material fact, even that of a client—applies to defense counsel in criminal cases, as well as in other instances. However, the definition of the lawyer's ethical duty in such a situation may be qualified by constitutional provisions for due process and the right to counsel in criminal cases.

**Refusing to offer proof believed to be false**

Generally speaking, a lawyer has authority to refuse to offer testimony or other proof that the lawyer believes is untrustworthy. Offering such proof may reflect adversely on the lawyer's ability to discriminate in the quality of evidence and thus impair the lawyer's effectiveness as an advocate. In criminal cases, however, a lawyer may, in some jurisdictions, be denied this authority by constitutional requirements governing the right to counsel.

A lawyer may not assist the client or any witness in offering false testimony or other false evidence, nor may the lawyer permit the client or any other witness to testify falsely in the narrative form unless ordered to do so by the tribunal. If a lawyer knows that the client intends to commit perjury, the lawyer's first duty is to attempt to persuade the client to testify truthfully. If the client still insists on committing perjury, the lawyer must threaten to disclose the client's intent to commit perjury to the judge. If the threat of disclosure does not successfully persuade the client to testify truthfully, the lawyer must disclose the fact that the client intends to lie to the tribunal and, per 4-1.6, information sufficient to prevent the commission of the crime of perjury.

The lawyer's duty not to assist witnesses, including the lawyer's own client, in offering false evidence stems from the Rules of Professional Conduct, Florida statutes, and caselaw.

Rule 4-1.2(d) prohibits the lawyer from assisting a client in conduct that the lawyer knows or reasonably should know is criminal or fraudulent.

Rule 4-3.4(b) prohibits a lawyer from fabricating evidence or assisting a witness to testify falsely.

Rule 4-8.4(a) prohibits the lawyer from violating the Rules of Professional Conduct or knowingly assisting another to do so.

Rule 4-8.4(b) prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

Rule 4-8.4(c) prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

Rule 4-8.4(d) prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice.

Rule 4-1.6(b) requires a lawyer to reveal information to the extent the lawyer reasonably believes necessary to prevent a client from committing a crime.

This rule, 4-3.3(a)(2), requires a lawyer to reveal a material fact to the tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client, and 4-3.3(a)(4) prohibits a lawyer from offering false evidence and requires the lawyer to take reasonable remedial measures when false material evidence has been offered.

Rule 4-1.16 prohibits a lawyer from representing a client if the representation will result in a violation of the Rules of Professional Conduct or law and permits the lawyer to withdraw from representation if the client persists in a course of action that the lawyer reasonably believes is criminal or fraudulent or repugnant or imprudent. Rule 4-1.16(c) recognizes that notwithstanding good cause for terminating representation of a client, a lawyer is obliged to continue representation if so ordered by a tribunal.

To permit or assist a client or other witness to testify falsely is prohibited by section 837.02, Florida Statutes (1991), which makes perjury in an official proceeding a felony, and by section 777.011, Florida Statutes (1991), which proscribes aiding, abetting, or counseling commission of a felony.

Florida caselaw prohibits lawyers from presenting false testimony or evidence. Kneale v. Williams, 30 So.2d 284 (Fla.1947), states that perpetration of a fraud is outside the scope of the professional duty of an attorney and no privilege attaches to communication between an attorney and a client with respect to transactions constituting the making of a false claim or the perpetration of a fraud. Dodd v. The Florida Bar, 118 So.2d 17 (Fla.1960), reminds us that "the courts are ... dependent on members of the bar to ... present the true facts of each cause ... to enable the judge or the jury to [decide the facts] to which the law may be applied. When an attorney ... allows false testimony ... [the attorney] ... makes it impossible for the scales [of justice] to balance." See The Fla. Bar v. Agar, 394 So.2d 405 (Fla.1981), and The Fla. Bar v. Simons, 391 So.2d 684 (Fla.1980).

*The United States Supreme Court in Nix v. Whiteside*, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986), answered in the negative the constitutional issue of whether it is ineffective assistance of counsel for an attorney to threaten disclosure of a client's (a criminal defendant's) intention to testify falsely.

**Ex parte proceedings**

Ordinarily, an advocate has the limited responsibility of presenting 1 side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. However, in an ex parte proceeding, such as an application for a temporary injunction, there is no balance of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. The judge has an affirmative responsibility to accord the absent party just consideration. The lawyer for the represented party has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision.

Comment amended April 21, 1994 (635 So.2d 968).

## Rule 4-3.4. Fairness to Opposing Party and Counsel

A lawyer shall not:

**(a)** unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act;

**(b)** fabricate evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness, except a lawyer may pay a witness reasonable expenses incurred by the witness in attending or testifying at proceedings; a reasonable, noncontingent fee for professional services of an expert witness; and reasonable compensation to reimburse a witness for the loss of compensation incurred by reason of preparing for, attending, or testifying at proceedings;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or intentionally fail to comply with a legally proper discovery request by an opposing party;

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused;

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless:

(1) the person is a relative or an employee or other agent of a client; and

(2) it is reasonable to believe that the person's interests will not be adversely affected by refraining from giving such information;

**(g)** present, participate in presenting, or threaten to present criminal charges solely to obtain an advantage in a civil matter; or

**(h)** present, participate in presenting, or threaten to present disciplinary charges under these rules solely to obtain an advantage in a civil matter.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252); Oct. 20, 1994 (644 So.2d 282); Sept. 24, 1998, effective Oct. 1, 1998 (718 So.2d 1179).

### Comment

The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.

Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed, or destroyed. Applicable law in many jurisdictions makes it an offense to destroy material for the purpose of impairing its availability in a pending proceeding or one whose commencement can be foreseen. Falsifying evidence is also generally a criminal offense. Subdivision (a) applies to evidentiary material generally, including computerized information.

With regard to subdivision (b), it is not improper to pay a witness's expenses or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is improper to pay an occurrence witness any fee for testifying and that it is improper to pay an expert witness a contingent fee.

Subdivision (f) permits a lawyer to advise employees of a client to refrain from giving information to another party, for the employees may identify their interests with those of the client. See also rule 4-4.2.

## Rule 4-3.5. Impartiality and decorum of the tribunal

**(a) Influencing Decision Maker.** A lawyer shall not seek to influence a judge, juror, prospective juror, or other decision maker except as permitted by law or the rules of court.

**Communication with Judge or Official.** In an adversary proceeding a lawyer shall not communicate or cause another to communicate as to the merits of the cause with a judge or an official before whom the proceeding is pending except:

(1) in the course of the official proceeding in the cause;

(2) in writing if the lawyer promptly delivers a copy of the writing to the opposing counsel or to the adverse party if not represented by a lawyer;

(3) orally upon notice to opposing counsel or to the adverse party if not represented by a lawyer; or

(4) as otherwise authorized by law.

**(c) Disruption of Tribunal.** A lawyer shall not engage in conduct intended to disrupt a tribunal.

**(d) Communication With Jurors.** A lawyer shall not:

(1) before the trial of a case with which the lawyer is connected, communicate or cause another to communicate with anyone the lawyer knows to be a member of the venire from which the jury will be selected;

(2) during the trial of a case with which the lawyer is connected, communicate or cause another to communicate with any member of the jury;

(3) during the trial of a case with which the lawyer is not connected, communicate or cause another to communicate with a juror concerning the case;

(4) after dismissal of the jury in a case with which the lawyer is connected, initiate communication with or cause another to initiate communication with any juror regarding the trial except to determine whether the verdict may be subject to legal challenge; provided, a lawyer may not interview jurors for this purpose unless the lawyer has reason to believe that grounds for such challenge may exist; and provided further, before conducting any such interview the lawyer must file in the cause a notice of intention to interview setting forth the name of the juror or jurors to be interviewed. A copy of the notice must be delivered to the trial judge and opposing counsel a reasonable time before such interview. The provisions of this rule do not prohibit a lawyer from communicating with members of the venire or jurors in the course of official proceedings or as authorized by court rule or written order of the court.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252).

### Comment

Many forms of improper influence upon a tribunal are proscribed by criminal law. Others are specified in Florida's Code of Judicial Conduct, with which an advocate should be familiar. A lawyer is required to avoid contributing to a violation of such provisions.

The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants. A lawyer may stand firm against abuse by a judge but should avoid reciprocation; the judge's default is no justification for similar dereliction by an advocate. An advocate can present the cause, protect the record for subsequent review, and preserve professional integrity by patient firmness no less effectively than by belligerence or theatrics.

## Rule 4-3.6. Trial Publicity

**(a) Prejudicial Extrajudicial Statements Prohibited.** A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding due to its creation of an imminent and substantial detrimental effect on that proceeding.

**(b) Statements of Third Parties.** A lawyer shall not counsel or assist another person to make such a statement. Counsel shall exercise reasonable care to prevent investigators, employees, or other persons assisting in or associated with a case from making extrajudicial statements that are prohibited under this rule.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252); Oct. 20, 1994 (644 So.2d 282).

### Comment

It is difficult to strike a balance between protecting the right to a fair trial and safeguarding the right of free expression. Preserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where trial by jury is involved. If there were no such limits, the result would be the practical nullification of the protective effect of the rules of forensic decorum and the exclusionary rules of evidence. On the other hand, there are vital social interests served by the free dissemination of information about events having legal consequences and about legal proceedings themselves. The public has a right to know about threats to its safety and measures aimed at assuring its security. It also has a legitimate interest in the conduct of judicial proceedings, particularly in matters of general public concern. Furthermore, the subject matter of legal proceedings is often of direct significance in debate and deliberation over questions of public policy.

## Rule 4-3.7. Lawyer as witness

**(a) When Lawyer May Testify.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;

(3) the testimony relates to the nature and value of legal services rendered in the case; or

(4) disqualification of the lawyer would work substantial hardship on the client.

**(b) Other Members of Law Firm as Witnesses.** A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 or 4-1.9.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252).

### Comment

Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client.

The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

Subdivision (a)(1) recognizes that if the testimony will be uncontested, the ambiguities in the dual role are purely theoretical. Subdivisions (a)(2) and (3) recognize that, where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has first-hand knowledge of the matter in issue; hence, there is less dependence on the adversary process to test the credibility of the testimony.

Apart from these 2 exceptions, subdivision (a)(4) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. The principle of imputed disqualification stated in rule 4-1.10 has no application to this aspect of the problem.

Whether the combination of roles involves an improper conflict of interest with respect to the client is determined by rule 4-1.7 or 4-1.9. For example, if there is likely to be substantial conflict between the testimony of the client and that of the lawyer or a member of the lawyer's firm, the representation is improper. The problem can arise whether the lawyer is called as a witness on behalf of the client or is called by the opposing party. Determining whether such a conflict exists is primarily the responsibility of the lawyer involved. See comment to rule 4-1.7. If a lawyer who is a member of a firm may not act as both advocate and witness by reason of conflict of interest, rule 4-1.10 disqualifies the firm also.

## Rule 4-3.8. Special responsibilities of a prosecutor

The prosecutor in a criminal case shall:

(a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;

(b) not seek to obtain from an unrepresented accused a waiver of important pretrial rights such as a right to a preliminary hearing;

(c) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense; and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal.

Amended July 23, 1992, effective Jan. 1, 1993 (605 So.2d 252).

### Comment

A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations such as making a reasonable effort to assure that the accused has been advised of the right to and the procedure for obtaining counsel and has been given a reasonable opportunity to obtain counsel so that guilt is decided upon the basis of sufficient evidence. Precisely how far the prosecutor is required to go in this direction is a matter of debate. Florida has adopted the American Bar Association Standards of Criminal Justice Relating to Prosecution Function. This is the product of prolonged and careful delibera-