FILED

04 NOV -5 PM 3:24

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ Ridgeway  DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 03-CR-1110-L |
| Plaintiff, | ORDER DENYING GOVERNMENT'S MOTION FOR DISQUALIFICATION OF COUNSEL AND ACCEPTING DEFENDANT'S WAIVER OF CONFLICT OF INTEREST |
| v. | |
| ROBERT RICHARD EVANS (3), | |
| Defendant. | |

The Government has filed a motion seeking a *Wheat*[1] hearing to determine whether counsel for Defendant Evans should be disqualified on the basis of conflict of interest; the motion is opposed by Defendant Evans. By previous order of the Court, the Government's request for a *Wheat* hearing was granted and said hearing was held before the Court on September 9, 2004. Present at the hearing were Defendant O'Brien and her counsel Alex Landon; Defendant Evans and counsel Joe Alfred Izen, Jr.; and Government counsel Charles O'Reilly and Blake Stamm. After oral argument by the parties, the Court questioned the following persons *in camera*, without the presence of any counsel, regarding potential conflicts of interest: Defendant O'Brien, Defendant Evans, David Swanson and Lawrence Wagner.

Having considered this testimony, the arguments presented, the submissions of the parties, and the applicable case law, the Court finds that there does not appear to be any actual

---

[1] *Wheat v. United States*, 486 U.S. 153 (1988).

EXHIBIT N

03CR1110

conflict of interest arising from Attorney Izen's representation of Defendant Evans in this matter and further, that the potential for the development of a conflict of interest during trial appears minimal. The Court further finds that any actual or potential conflict of interest has knowingly and intelligently been waived Defendant Evans.

## Background

Defendants O'Brien and Evans, and six others, are named in a 78-count superseding indictment charging conspiracy to defraud the United States, tax evasion, filing false income tax returns, and aiding the preparation of false tax returns. According to the Government, Defendant Evans is charged as a promoter, salesman and trustee of fraudulent trust packages. (Gov't. Supp. Memo. at 2.) Buyers of these trust packages included David Swanson, Lawrence Wagner, Javier Payan, Kevin Scoggin and others. *Id.* Swanson, Wagner, and Payan, however, are not named in any of the acts set forth in the indictment and any trust packages purchased by them do not appear to be at issue in this case.

Defendant Evans is represented in this matter by Attorney Izen. Attorney Izen also represents David Swanson and Lawrence Wagner who, according to the Government, are potential witness for both the Government and the defense. Attorney Izen represents Swanson and Wagner in matters before the United States Tax Court involving trusts in which Defendant Evans is the trustee; the Tax Court proceedings have been stayed pending the outcome of the instant matter.

## Discussion

The Sixth Amendment recognizes a qualified "right to select and be represented by one's preferred attorney." *Wheat*, 486 U.S at 159. The presumption is that a criminal defendant may have counsel of his choice if he can pay for it and counsel is willing. *Id.* at 164. The presumption, however, may be overcome by even "a showing of a serious potential for conflict." *Id.* Once alerted to a potential conflict of interest, the district court has "an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." *Id.* at 161.

In this case, the Government contends that Attorney Izen's representation of Defendant

2

03CR1110

Evans is burdened by actual and potential conflicts of interest arising from various sources. First, the Government contends that the personal interests of Attorney Izen may conflict with the interests of his client. Second, the Government contends that a conflict of interest exists or may arise as a result of Attorney Izen's representation of prospective trial witnesses and as a result of his prior representation of co-defendants in this matter. Finally, the Government contends that a potential conflict of interest arises as a result of Attorney Izen's own potential as a trial witness. Each of these contentions will be addressed in turn.

1. Personal Interests of Attorney Izen.

The Government contends that Attorney Izen's personal interests in this case may conflict with the interests of his client as a result of legal opinion letters written by Attorney Izen. The Government describes Attorney Izen as a chronic proponent of trusts similar to the trusts at issue in this prosecution and suggests that Attorney Izen's interests in vindicating the positions taken in his opinion letters may compromise his representation of Defendant Evans.

According to the Government, copies of Attorney Izen's legal opinion letters were seized during the execution of search warrants in this matter and were also provided by Attorney Izen to Kevin Scoggin, a purchaser of one of Defendant Evans' trust packages.[2] The opinion letters that the Court has been provided all pre-date by several years the beginning of the conspiracy alleged in this case and none are addressed to any Defendant in this case, nor to any prospective witness that the Court is aware of. To the contrary, Attorney Izen did not create any of the trusts at issue in this case, nor was he otherwise involved in their creation. Moreover, the Government has not provided the Court with any indication that the illegal conduct alleged against the Defendants in this case was sanctioned by Attorney Izen through his opinion letters. Under these circumstances, the Court cannot conclude that Attorney Izen's representation of Defendant Evans would be hindered by his own personal interests.

Because Attorney Izen was not involved in the creation of the trusts at issue here, this case is distinguishable from *Para Technologies v. Commissioner of Internal Revenue*, 1992 WL

---

[2] Attorney Izen disputes the allegation that he provided Ms. Scoggin with copies of his opinion letters.

1  337247 (U.S. Tax Ct.), 64 T.C.M. (CCH) 922 (1992), a case relied upon by the Government.
2  There, Attorney Izen was found to have a conflict of interest because, in the course of his
3  representation of a certain entity, he prepared and issued opinion letters related to a tax shelter
4  promoted by that entity which were ultimately relied upon by the petitioners before the Tax
5  Court. Therefore, the Tax Court concluded that Attorney Izen had "an interest in vindicating the
6  positions he took in the opinion letters in order to maintain his professional reputation and to
7  protect himself from any potential future liability to petitioners." *Id.* Here, on the other hand,
8  the Court has been presented with no evidence suggesting that Attorney Izen provided legal
9  advice relating to the trusts at issue in this case; therefore the concerns noted by the Tax Court in
10 *Para Technologies* are not present.

11      2.   Attorney Izen's Representation of Prospective Trial Witnesses and/or Prior Representation of Codefendants.

12  The Government contends that Attorney Izen's representation of Defendant Evans is
13  burdened by actual and potential conflicts of interest due to his representation of the following
14  potential witnesses in this case: David Swanson, Lawrence Wagner, Javier Payan, and Kevin
15  Scoggin. The Government indicates that these witnesses are prospective trial witnesses of both
16  the Government and defense, but does not set forth the nature of their proposed testimony or any
17  specific example of how a conflict of interest might arise as a result of their testimony. The
18  Government also maintains that Attorney Izen may have a conflict of interest arising from his
19  prior representation of Defendant O'Brien.[3]

20  The Court finds insufficient evidence to support the existence of any conflict of interest
21  arising out of Attorney Izen's alleged attorney-client relationships with Javier Payan or Kevin
22  Scoggin. Attorney Izen apparently "sat in" on a settlement conference with Mr. Payan during a
23  Tax Court appearance, however, Attorney Izen never filed a notice of appearance in that matter.
24  The Government contends that Attorney Izen had a telephone conversation with Ms. Scoggin

---

[3] The Government actually contends that Attorney Izen's representation of Defendant Evans is conflicted by any previous representation of Defendant O'Brien "or any other co-defendant." (Gov't Supplemental Mem. at 4.) However, the is no evidence before the Court that Attorney Izen had a prior association with any co-defendant other than Defendant O'Brien

and that Attorney Izen sent Ms. Scoggin two opinion letters relating to the legality of trusts.[4] Attorney Izen indicates that he has never represented Kevin Scoggin and does not recall speaking to her. Based upon this evidence, the Court cannot conclude that an attorney-client relationship existed between Attorney Izen and either Mr. Payan or Ms. Scoggin. For purposes of a conflict of interest analysis, an attorney represents a client when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result. *SpeeDee Oil Change Systems, Inc.*, 98 P.2d 371, 380 (Cal. 1999). Here, there has been no showing that any of the limited contacts between Attorney Izen and Mr. Payan and Ms. Scoggin involved the disclosure of material confidential information by the client which resulted in legal advice or services by Attorney Izen. Furthermore, there has been no showing that any confidential information gained as a result of these contacts would result in a potential conflict of interest in the event that either of these individuals testify in this matter. Accordingly, the Court does not find sufficient evidence to demonstrate a serious potential for conflict of interest arising from Attorney Izen's contacts with Mr. Payan or Ms. Scoggin.

As to David Swanson and Lawrence Wagner, there is no dispute that they are represented by Attorney Izen. The Court has conducted separate *in camera* interviews of both Mr. Swanson and Mr. Wagner, outside the presence of all counsel, regarding the nature of their Tax Court cases and their defenses in those proceedings. Based on these conversations, the Court finds it difficult to perceive how the testimony of these "prospective witnesses" would even be relevant to this prosecution. Moreover, if the testimony of Mr. Swanson or Mr. Wagner were relevant to this case in some manner, the Court finds little likelihood that an actual conflict would arise as a result of Attorney Izen's representation of them before the Tax Court.

In cases involving "successive representation, conflicts of interest may arise if the cases are substantially related or if the attorney reveals privileged communications of the former client or otherwise divides his loyalties." *United States v. Shwayder*, 312 F.3d 1109, 1118 (9th Cir.

---

[4] These opinion letters are not addressed to Ms. Scoggin and are dated September 26, 1983 and June 20, 1985. (Gov't Supplemental Mem. Ex. C.) Attorney Izen's telephone conversation with Ms. Scoggin is alleged to have occurred during 1997.

5

03CR1110

1  2002), quoting *Fitzpatrick v. McCormick*, 869 F.2d 1247, 1252 (9th Cir. 1989). Based upon its
2  interviews with each of the affected parties, the Court finds that the representations are not related to a
3  degree which would likely present any significant risk of conflicting interests. Although each of
4  the representations do apparently involve trusts set up by Defendant Evans, the disputed conduct
5  in each case is unique to that particular case. Further, the positions of Mr. Swanson, Mr.
6  Wagner, and Defendant Evans regarding each case do not appear to be adverse to one another.
7  Based on the *in camera* conversations, the Court is confident that both Mr. Swanson and Mr.
8  Wagner are fully aware of the potential for misuse of confidential information which might arise
9  should they be called as witnesses in this matter and neither expressed any reservation regarding
10 Attorney Izen's dual representation. For these reasons, the Court concludes that there is little
11 realistic risk that Attorney Izen's loyalties would be divided in the event that Mr. Swanson or
12 Mr. Wagner are called as witnesses in this matter.
13     Likewise, the Court finds that there is no serious potential for conflict of arising from
14 Attorney Izen's prior representation of, or contacts with, Defendant O'Brien. Attorney Izen was
15 consulted by Defendant O'Brien regarding the filing of a Motion for Return of Seized Property
16 arising out of the service of a search warrant at her office prior to the date of the indictment in
17 this case; Defendant O'Brien ultimately retained different counsel to pursue that matter. Also,
18 the Government indicates that it has obtained information from a former employee of Defendant
19 O'Brien that Defendant O'Brien consulted with Attorney Izen on "various trust issues" and that
20 Defendant O'Brien referred to Attorney Izen as a "trust-whiz attorney." (Gov't. Supplemental
21 Mem. at 3.) Based upon its *in camera* examination of Defendant O'Brien, the Court finds that
22 Defendant O'Brien's previous contacts with Attorney Izen do not appear to involve the
23 disclosure of confidential information that would be adverse to her interests in this case.
24 Furthermore, having been advised by the Court of the possible conflicts arising from Attorney
25 Izen's representation of Defendant Evans, Defendant O'Brien disputed the existence of any
26 confidential relationship between herself and Attorney Izen, but unequivocally stated her desire
27 to waive any actual or potential conflict. The Court finds that this waiver of conflict of interest
28 was knowingly, intelligently and voluntarily made, and given these circumstances, the Court

does not find a serious potential for conflict arising from Attorney Izen's prior representation of defendant [*Polo*].

3. Attorney Izen as a Witness.

The Government contends that a conflict of interest is presented by the potential that Attorney Izen will be called as a witness in this matter and also because, by virtue of his appearance in this matter, Attorney Izen will functionally become an unsworn witness. As to Attorney Izen's potential to become a trial witness in this matter, the Government contends that such a scenario is likely "in cases like this one where a reliance-on-counsel defense is implicated." (Gov't. Mot. at 8). The Court agrees that if a Defendant in this case actually intended to offer a defense of reliance upon Mr. Izen's advice, this would indeed present a conflict of interest issue. However, there is no evidence before the Court that any party in this case actually consulted Attorney Izen regarding the formation of a trust or any course of conduct at issue in this case. Therefore, there is no evidence that any Defendant would be qualified to assert a defense of reliance upon Attorney Izen's advice.

To qualify for an advice of counsel instruction, the defendant must show that there was full disclosure to his attorney of all material facts and that he relied in good faith on the specific course of conduct recommended by the attorney. *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). Here, the only suggestion that Attorney Izen may have provided advice regarding the allegations in this matter is the existence of the legal opinion letters discussed above. However, the mere fact that an unrelated opinion letter by Attorney Izen was discovered in the possession of a Defendant herein would not entitle that Defendant to claim reasonable reliance on the advice of Attorney Izen. *See, e.g., United States v. Munoz*, 233 F.3d 1117, 1132 (9th Cir. 2000) (Defendant not entitled to advice of counsel instruction where defendant offered no evidence that he consulted attorneys who drafted opinion letters and attorneys who drafted the opinion letters were not given all of the material facts by defendant). Therefore, the Court does not find any evidence to support the contention that Attorney Izen may be called as a witness on a reliance on counsel theory.

The Court rejects the Government's contention that even if Attorney Izen is not called as

a witness, his appearance in the matter will create a conflict because he will functionally present an unsworn defense in support of his argument. The conclusion is based upon *United States v. Locascio*, 6 F.3d 924, 933 (2nd Cir. 1993), a Second Circuit decision which recognizes that "an attorney acts as an unsworn witness when his relationship to his client results in his having first-hand knowledge of the events presented at trial." Again, the Court notes that in this case it has been presented with no evidence suggesting that Attorney Izen has first-hand knowledge of any event charged in the indictment. Standing alone, the fact that Attorney Izen has been a proponent of trusts similar to trusts involved in this case is not sufficient to support a finding that he has first-hand knowledge of the events alleged herein. Accordingly, the Court concludes that there is no serious potential for conflict of interest arising from the Government's concerns regarding Attorney Izen as a witness.

4. **Defendant's Waiver.**

As set forth above, the Court finds that there is no actual conflict of interest or serious potential for conflict of interest in this matter that would require the Court to override Defendant Evans' choice of counsel pursuant to *Wheat*. Based upon its *in camera* colloquy with Defendant Evans, the Court is satisfied that Defendant Evans is fully aware of the circumstances which may present a conflict of interest arising as a result of his choice of counsel and that Defendant Evans' stated decision to waive his right to counsel unhindered by any conflict of interest was voluntarily, knowingly, and intelligently made. Accordingly, the Court accepts Defendant Evans' waiver of conflict of interest.

## Conclusion

For the above stated reasons, the Court finds that there has been no showing of actual conflict or serious potential for conflict sufficient to overcome the presumption in favor of Defendant Evan's Sixth Amendment right to counsel of choice. Accordingly, to the extent that the Government's Notice of Potential Conflict of Interest and Motion for *Wheat* Hearing seeks

///
///
///

1  disqualification of Attorney [illegible] is DENIED. [illegible]
2  [illegible]
3      IT IS SO ORDERED.
4
5  Dated: 11/5/04                    /s/ M. James Lorenz
6                                    M. JAMES LORENZ
                                     UNITED STATES DISTRICT JUDGE
7  COPY TO:
8  ALL PARTIES/COUNSEL