UNITED STATES DEPARTMENT OF JUSTICE
WASHINGTON, D.C. 20530

WARNING: The information contained in this facsimile is confidential and may be subject to disclosure limitations under Rule 6(e) of the Federal Rules of Criminal Procedure and Section 6103 of the Internal Revenue Code. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the recipient,
you are hereby notified that any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify the sender identified above by telephone.

COVER SHEET FOR TELEFAX

TELEFAX TO:

Recipient's Name:    Joe Alfred Izen, Jr.

Agency/Firm:         Izen & Associates, P.C.

Telephone Number:    (713) 668-8815

Telefax Number:      (713) 668-9402

TELEFAX FROM:        TAX DIVISION/NORTHERN REGION

Sender's Name:       Nanette L. Davis, Esquire

Telephone Number:    202-514-8030

Telefax Number:      202-616-1786


Number of pages including cover sheet 4

EXHIBIT
I



U.S. Department of Justice

Tax Division

*Northern Criminal Enforcement Section*

---

P.O. Box 972, Ben Franklin Station
Washington, D.C. 20044
(202) 514-5150

May 21, 2002

<u>Via Facsimile and First-Class Mail</u>

Joe Alfred Izen, Jr., Esquire
Izen & Associates, P.C.
5222 Spruce Street
Bellaire, TX 77401

    Re:    <u>Edward J. Lashlee</u>

Dear Mr. Izen:

    We are in receipt of your May 10, 2002 letter advising the government of your entry into the case as new counsel for Mr. Lashlee. You have requested a thirty-day period to prepare yourself to "conduct plea negotiations or take other appropriate steps." While we appreciate that you desire some time to acquaint yourself with the case, you, as Mr. Lashlee's third attorney, and Mr. Lashlee should know that the government will not delay resolution of this case for an extended period of time.

    Moreover, you both should be aware that the government will not entertain additional substantive changes to the plea agreement, because of your entry into the case or otherwise. The terms of the information, plea agreement, and statement of facts have been the subject of extensive negotiations between the parties, with the government making numerous changes at your client's request. The primary remaining dispute was apparently the amount of criminal tax loss attributable to the personal income tax evasion of Mr. Lashlee (Count 3) for sentencing purposes. The government's calculation of that amount is detailed in letters to Dean Steward, Mr. Lashlee's prior counsel, which we assume you will obtain from him. Fundamentally, Mr. Lashlee disagrees with the inclusion as personal income funds purportedly received from investors that Mr. Lashlee claims to have invested for them in various real estate and business ventures. In the government's view, Mr. Lashlee's treatment of those funds as his personal assets requires their inclusion in the tax loss computations. The government continues to stand by this position. To the extent that there are facts in Exhibit A to the Plea Agreement that Mr. Lashlee continues to dispute, he needs immediately to identify with particularity those facts and his concerns about them.

Joe Alfred Izen, Jr., Esquire
May 21, 2002
Page 2

  For your information, should Mr. Lashlee decide against a speedy plea disposition, the government will seek charges not only for his extensive tax evasion and conspiracy conduct, but also for his money laundering activities. Charges of this nature will greatly increase his sentencing exposure. The evidence on those charges would include: (1) extensive pre-proffer voluntary admissions of Mr. Lashlee; (2) admissions by Mr. Lashlee as defendant in a civil lawsuit by persons defrauded of hundreds of thousands of dollars by him; (3) evidence of his conduct in creating and implementing a $3,700,000 tax fraud with respect to Dorothy and Anthony Mitchell; (4) documentary evidence of Mr. Lashlee's opening and use of hundreds of trust bank accounts and creation of thousands of bogus trusts for clients; (5) evidence of Mr. Lashlee's failure to file income tax returns or pay income taxes for decades, despite being required to do so by law; (6) recorded statements of Mr. Lashlee in which he details a scheme to create bogus invoices and conceal the receipt of income through the use of offshore accounts; and (7) impeachment of Mr. Lashlee by his post-proffer admissions. The magnitude of Mr. Lashlee's conduct and the quantum of damning evidence against him compels the conclusion that a plea disposition is his wisest course.

  As you are undoubtedly aware, Mr. Lashlee was cooperating with the government prior to your entry into the case. Any further delay in the completion of his plea will seriously compromise his ability to provide useful cooperation to the government in the future and imperil his ability to earn a reduction in his sentence via a government motion for downward departure based on substantial assistance. In addition, Mr. Lashlee's recent written statements to the government, which call into question his acceptance of responsibility, have already impaired his utility as a witness.

  Under these circumstances, time is of the essence. The government is willing to extend its current plea offer to Mr. Lashlee only until the close of business on Friday, June 14, 2002. Please convey this deadline to Mr. Lashlee as soon as possible.

  Finally, there is one additional issue that we must bring to your attention. The government understands that you are not a member of the bar of the U.S. District Court for the Central District of California and would thus have to be admitted pro hac vice for the purposes of the Lashlee case. We trust that you will notify the Court of the various cases in which you have been sanctioned or denied pro hac vice admission, including United States v. Chappell, et al. in the U.S. District Court for the Eastern District of California. If not, then the government would be obliged to notify the Court of such matters

Joe Alfred Izen, Jr., Esquire
May 21, 2002
Page 3

    We look forward to discussing the Lashlee case with you in greater detail. Please contact DOJ Trial Attorney Nanette Davis at (202) 514-8030 or AUSA Richard Robinson at (213) 894-0713 at your convenience.

Sincerely,

*Nanette Davis*

Nanette L. Davis
Trial Attorney

*Richard Robinson /nld*

Richard E. Robinson
Assistant United States Attorney