PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI 96764 ORIGINAL
(808) 962-0025

Joe Alfred Izen Jr.
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(fax)   668-9402

Attorneys for Defendant
Stephen B. Wilson

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 2 7 2006

at / o'clock and 30 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | CR. NO. CR05-00342 HG |
| | § | |
| VS. | § | INDICTMENT |
| | § | |
| STEPHEN B. WILSON, | § | [26 U.S.C. § 7201] |
| | § | |
| Defendant. | § | |

**DEFENDANT, STEPHEN B. WILSON'S, MOTION FOR
COMMUNITY SERVICE IN LIEU OF INCARCERATION PURSUANT TO
18 U.S.C. § 3563(b)(2)-(10) and (12)-22 and §3583(d)(3)
WITH SUPPORTING MEMORANDUM OF LAW; Exhibit A,B,C;
CERTIFICATE OF CONFERENCE; CERTIFICATE OF SERVICE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, the Defendant, Stephen B. Wilson MD ("Wilson") and

files this his Motion for Community Service Under Supervised

Release in Lieu of Incarceration Pursuant to 18 U.S.C. §

3563(b)(2)-(10) and (12)-22 and §3583(d)(3), and, in support of

said Motion, would respectfully show unto the court the following:

1

1.   On July 14, 2006, Defendant Wilson pled guilty to one count of Tax Evasion for tax year 1998.

2.   Depending on the tax loss from "relevant conduct," which, according to government stipulation in this case,  will be based solely on tax years 1998 and 1999, Defendant Wilson may be facing a fifteen (15) to twenty-one (21) month period of incarceration.

3.   It is in the discretion of the Court to approve a plan of Community service in lieu of some or all of Defendant Wilson's period of incarceration. See 18 U.S.C. § 3583, et seq.

4.   Defendant proposes two plans of community service under supervised release in lieu of incarceration.  They are described below.

## TSUNAMI RELIEF

5.   Defendant Wilson would show the Court that prior to being indicted in this case, and while he remained on bond, he has remained outside of the United States in the Kingdom of Thailand pursuing humanitarian tsunami relief medical work in the forensic field.  Specifically, Wilson has identified corpses and classified human remains of victims of the great tsunami who still remain unaccounted for.  Many of the victims are foreign nationals whose

2

governments have urgently requested assistance in identifying remains for transportation and then decent burial. He has also aided in identifying and analyzing remains of victims of separatist (jihadist) attacks in Southern Thailand. His work is specifically authorized by the Ministry of Justice of the Thai Government and is recognized as valuable to the interests of the United States in that country. See attached letters marked Exhibits A, B, C, and D.

Defendant Wilson is informed that the Thai Ministry of Justice has previously contacted the U.S. Probation Office in charge of Defendant's PSR and provided them with letters describing Defendant Wilson's humanitarian service and its value to the community.

6. Defendant Wilson is currently performing his work in Thailand without compensation. He proposes to do so under the supervision of the U.S. Probation Office under the following alternatives:

a. Weekly reporting by telephone to the U.S. Probation Office nearest Bangkok, Thailand and/or Honolulu, Hawaii or as per directed by the Probation Office; and/or

b. Attendance at the US Embassy in Bangkok to sign a diary or any other document to verify his personal appearance as often as the U.S. Probation Office requires; and/or

c. Monthly or bi-weekly reporting in person in the U.S. Probation Office in Honolulu, Hawaii, or as summoned to appear.

## COMMUNITY SERVICE AT PHS INDIAN HEALTH CENTER

7.  In the alternative to performing community service abroad under the first plan proposed above, Defendant proposes to provide needed medical services at PHS Indian Health Center at the direction of the medical Chief of Staff of that institution Carlos Lerner, M.D.

8.  Attached hereto as Exhibit E, is a true and correct copy of a September 12, 2006 letter from the Department of Health and Human Services Office at PHS Indian Health Center, Kayenta, Arizona establishing the public need for the medical services to be performed by Defendant Wilson on a charitable basis.

9.  Defendant Wilson has the necessary experience to render the high risk obstetrics and other medical services needed by the PHS Indian Health Center.  PHS Indian Health Center's medical Executive Committee's acceptance of Defendant Wilson's credentials will serve as certified proof that Defendant Wilson is capable of completing the public community service requested as part of this alternative plan of supervised release.  Dr. Carlos Lerner's letter establishes the potential value of Defendant Wilson's services to the Navaho community served by the PHS Indian Health Center facility.

4

10.    Defendant Wilson proposes to perform the charitable medical services requested by Dr. Lerner and the Department of Health and Human Services while acting under the supervision of the United States Probation Office under the following alternatives:

a.    Weekly reporting by telephone to the U.S. Probation Office in Flagstaff, Arizona or that office nearest to Kayenta, Arizona and the PHS Indian Health Center; and/or

b.    Monthly reporting in person to the U.S. Probation Office in Flagstaff, Arizona or the closest Probation Office to the PHS Indian Health Center, Kayenta, Arizona.

c.    Additionally, subject to appropriate observation and medical confidentiality, various work progress reports reflecting Defendant Wilson's performance of the charitable medical services can be released to and/or reviewed by the United States Probation Office at the direction of Dr. Lerner or the PHS Indian Health Center facility.

## MEMORANDUM OF LAW

1.    **THIS COURT HAS THE POWER TO ORDER SUPERVISED RELEASE OF THE DEFENDANT IN LIEU OF INCARCERATION.**

A District Court may divide a Defendant's sentence between a period in prison and a period of supervised release with community confinement or other special conditions. U.S. v. Fraley, 988 F.2d (4th Cir. 1993).    The power to order

5

supervisory release with the various terms and conditions which may be imposed on the Defendant thereunder, are set out in U.S.S.C.G. § 5D1.3, 18 U.S.C. § 3583, and 18 U.S.C. § 3563.

2.   **BASED ON ITS POWER TO GRANT SUPERVISORY RELEASE, THE DISTRICT COURT MAY ALSO GRANT OR IMPOSE NON-STANDARD CONDITIONS SUCH AS COMMUNITY SERVICE IN A PUBLIC HEALTH FACILITY ON THE PART OF A PHYSICIAN.**

The District Court in imposing sentence and directing that a Defendant be placed on supervisory release is not strait jacketed by the mandatory conditions of the statute. Special conditions may be imposed by the Court in such a manner as to benefit rehabilitation of the Defendant and to further the public goals of our society. U.S. v. Napier, 05-30348 (9th Cir. 2006). Non-standard conditions under supervisory release can include volunteer and charitable work. U.S. v. Canavan, (Minn. 2003).

## PRAYER

11.   Based on all of the above factors, Defendant Wilson moves this Court to Order Special terms of Release which will allow Defendant Wilson to remain in Thailand where he has been for approximately the past two years and to complete his humanitarian work there. Alternatively, Defendant moves for an order granting special terms of release which will allow Defendant to relocate to

Kayenta, Arizona and to perform needed medical services for the PHS Indian Health Center under the direction and supervision of Dr. Carlos Lerner.

12. Defendant further moves this Court to Order that he may perform the humanitarian work while on release and receive a day-to-day credit for his service to count against, and to be in lieu of any term of, incarceration ordered by the Court.

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendant Wilson prays that this Court entertain this Motion and, after due consideration thereof, that this Court enter its Order: (1) Approving one of the alternative plans for supervised Release in Lieu of Incarceration requested by this Motion; (2) Directing that Defendant Wilson shall receive day for day credit against any period or term of incarceration imposed by the Court for each day of humanitarian work he continues to perform; (3) Directing that the Defendant Wilson may report on a weekly or other basis to a Probation Officer or other official of the United States or the Kingdom of Thailand throughout the term of his release to insure performance of the humanitarian work in question; and (4) Granting Defendant such other and further relief, both in law and in equity, to which the Defendant may show himself to be justly entitled.

7

Respectfully submitted,

_____
PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025


ATTORNEY FOR DEFENDANT
STEPHEN B. WILSON


CERTIFICATE OF CONFERENCE

    This is to certify that this matter was first discussed with US Attorney Leslie Osborne in July 2006 shortly following the Defendant's Plea Agreement and again by tele-conference on the 25th day of September, 2006 this Motion was discussed. US Attorney Leslie Osborne stated that he reserved his position on this Motion until he was able to review same.

_____
Paul J. Sulla


CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was sent to Leslie Osborne, Jr., AUSA, Room 6100 PJKK Federal Building, 300 Ala Moana Blvd., Box 50183, Honolulu, HI 96850 by Mail, postage prepaid, on this the 26th day of September, 2006.

_____
Paul J. Sulla

8

PAUL J. SULLA #5398
P. O. Box 425
Laupahoehoe, HI  96764
(808) 962-0025

Joe Alfred Izen Jr.
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(fax)  668-9402

Attorneys for Defendant
Stephen B. Wilson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | CR. NO. CR05-00342 HG |
| | § | |
| VS. | § | INDICTMENT |
| | § | |
| STEPHEN B. WILSON, | § | [26 U.S.C. § 7201] |
| | § | |
| Defendant. | § | |

**ORDER ON DEFENDANT, STEPHEN B. WILSON'S, MOTION FOR**
**COMMUNITY SERVICE IN LIEU OF INCARCERATION PURSUANT TO**
**18 U.S.C. § 3563(b)(2)-(10) and (12)-22 and §3583(d)(3)**

BEFORE the Court on this the ___ day of _____, 2006, came on to be heard the Motion of the Defendant, Stephen B. Wilson, for Community Service in Lieu of Incarceration Pursuant to 18 U.S.C. § 3563(b)(2)-(10) and (12)-22 and §3583(d)(3) and the Court, after due consideration of same, is of the opinion that relief should be granted. It is therefore;

ORDERED that the terms of Release in Lieu of Incarceration requested by this Motion ARE / ARE NOT APPROVED.  It is further;

ORDERED that Defendant Wilson SHALL / SHALL NOT receive day-for-day credit against any period or term of incarceration imposed by the Court for each day of humanitarian work he continues to perform.  It is further;

ORDERED that the Defendant Wilson MAY / MAY NOT report on a weekly or other basis to a designated official of the State Department of the United States or the Kingdom of Thailand throughout the term of his release to insure performance of the humanitarian work in question.

SIGNED on this the ____ day of _____, 2006.

_____
JUDGE PRESIDING

9