IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 05-00342 HG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STEPHEN B. WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING JOSEPH ALFRED IZEN JR.'S ADMISSION PRO HAC VICE FOR LIMITED PURPOSE OF SENTENCING**

Joseph A. Izen, Jr., an attorney licensed to practice in the state of Texas, filed an application to be admitted pro hac vice to appear in this proceeding before this District Court as co-counsel for Defendant at sentencing.  Defendant pled guilty to income tax evasion and is awaiting sentencing.

**BACKGROUND**

Attorney Izen did not file his application for admission until July 14, 2006 at the hearing when Defendant entered his guilty plea.  The late filing made it impossible for this Court to verify any information in the application prior to the hearing.  Izen's initial request for admission as co-counsel was granted, limited to the hearing that day.  The Court indicated it would thereafter consider Izen's application for admission pro

1

hac vice for purposes of sentencing.

On July 19, 2006, the United States submitted information, including citations to court opinions, indicating that Izen had been federally indicted for conspiracy to commit money laundering and for aiding and abetting money laundering.  The government's assertion is true, however, the indictment was subsequently dismissed due to misconduct by an IRS agent set to serve as a witness.  Izen was neither acquitted nor found guilty.  See, Izen v. Catalina, 398 F.3d 363, (5th Cir. 2005), cert. denied __ U.S. __, 126 S. Ct. 1908 (2006).

Subsequently, Izen filed suit alleging that IRS agents subjected him to malicious and retaliatory prosecution and violated his Fifth Amendment privilege against self-incrimination.  See Catalina, 398 F.3d 363 (determining that IRS agent had probable cause to prosecute Izen for money laundering and affirming district court order granting summary judgment for Defendants on all claims).  The Fifth Circuit Court of Appeals, however, indicated that "[b]y the time the government presented information to the grand jury, it had significant, independently verifiable information that Izen was in fact guilty of money laundering."  Id. at 369.

The United States also indicated that Izen was admonished or sanctioned numerous times by various courts.  The courts criticized Izen for asserting frivolous arguments, for bringing

frivolous appeals, for unreasonably delaying discovery, for refusing to comply with discovery orders, for ignoring other court orders, and for vexatiously and unreasonably multiplying the proceedings.

On August 8, 2006, this Court issued an order for Izen to show cause why the Court should not deny his application for admission pro hac vice. The Court gave Izen until August 23, 2006 to file a response, but he did not file it until late afternoon on August 24, 2006. (Doc. 54 "Response"). As the document lacked an original signature and did not include sufficient copies, he filed it again the next day. (Doc. 55 "Response").

## ANALYSIS

In accordance with the United States District Court for the District of Hawaii Local Rule 83.1(e), admission pro hac vice is permissible when:

> An attorney who is a member in good standing of, and eligible to practice before, the bar of any United States Court or of the highest court of any State or of any Territory or Insular Possession of the United States, who is of good moral character, and who has been retained to appear in this court, may, upon written application and in the <u>discretion of this court</u>, be permitted to appear and participate in a particular case subject to the conditions of this rule.

(emphasis added)

In <u>United States v. Gonzalez-Lopez</u>, __ U.S. __, 126 S. Ct. 2557, 2561 (2006), the United States Supreme Court explained

that:

> [T]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds.  To be sure, the right to counsel of choice "is circumscribed in several important respects."  (internal citations omitted)

The United States Supreme Court went on to discuss the circumscribed right:

> Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them. . . .  The court has, moreover, an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."

Gonzalez-Lopez, 126 S. Ct. at 2565-66 (quoting Wheat, 486 U.S. at 160).

The United States Supreme Court observed in Leis v. Flynt, that "the Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."  439 U.S. 438, 443 (1979)  (citing Ginsburg v. Kovrak, 139 A.2d 889 (Pa.), appeal dismissed, 358 U.S. 52 (1958).  The Supreme Court pointed out that, "[t]his Court, on several occasions, has sustained state bar rules that excluded out-of-state counsel from practice altogether or on a case-by-case basis."  Id. at 443; See Norfolk & Western R. Co. v. Beatty, 423 U.S. 1009 (1975), summarily aff'g 400 F. Supp. 234

4

(S.D. Ill.); Brown v. Supreme Court of Virginia, 414 U.S. 1034 (1973), summarily aff'g 359 F. Supp. 549 (E.D. Va.). Cf. Hicks v. Miranda, 422 U.S. 332, 343-345(1975).

The Ninth Circuit Court of Appeals, in United States v. Ries, stated that "the Sixth Amendment right to chosen counsel is not absolute . . . it can be abrogated to serve a 'compelling purpose.'  Ensuring the ethical and orderly administration of justice is one such purpose." 100 F.3d 1469, 1471 (9th Cir. 1996), cert. denied, 522 U.S. 848 (1997) (internal citations omitted); See Panzardi-Alvarez v. United States, 879 F.2d 975, 980 (1st Cir. 1989), cert. denied, 493 U.S. 1082 (1990).

The large number of cases in which other courts expressed strong disapproval of Izen's improper litigation practices is of concern to this court.  In Johnson v. Commissioner of Internal Revenue, the Tax Court found that in light of flagrant discovery abuses and past bad conduct, Izen acted in bad faith, warranting sanction.  116 T.C. 111, 117-21 (2001).  The Seventh Circuit Court of Appeals upheld the Tax Court's sanctioning of Izen pursuant to 26 U.S.C. § 6673(a)(2).[1]  Johnson v. Commissioner of

---

[1] 26 U.S.C. § 6673(a)(2) provides: "Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require . . . that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct . . . ."

Internal Revenue, 289 F.3d 452, 456-57 (7th Cir. 2002). The Court of Appeals held that the Tax Court was not required to ignore Izen's bad conduct in other cases in sanctioning him, particularly since his prior record was "very, very bad". Id. at 457. The Court of Appeals stated that Izen appeared in many Tax Court cases since the 1980s and many of them involved the "same script:"

> [T]he IRS determines a deficiency arising from the use of sham trusts established for the taxpayer by a promoter; the taxpayer petitions for redetermination of the deficiency; Izen appears for the taxpayer; the case drags on; with the taxpayer sometimes resisting discovery; the court usually finds the taxpayer's arguments frivolous and either threatens or imposes sanctions.

Id. at 454.

Other cases involving the "same script" referred to by the Seventh Circuit Court of Appeals include: Oelze v. Commissioner, 723 F.2d 1162 (5th Cir. 1983)(per curiam)(affirming dismissal for discovery abuse where court had issued repeated orders to comply with discovery requests and had admonished that failure to comply would result in dismissal, and awarding sanctions because the appeal brought by Izen was "wholly frivolous"); Watson v. Commissioner, 690 F.2d 429, 430-31 (5th Cir. 1982)(dismissing action for failure to comply with discovery, where Izen had "inexcusably defied the court's [] order" and then filed an untimely assertion of privilege after the Court had already rejected such argument); Muhich v. Commissioner, 1999 WL 390695

6

at *11 (U.S. Tax Ct. June 14, 1999)(admonishing Izen's clients that in light of his frivolous arguments "we shall not be inclined to exercise our discretion under section 6673 so favorably in the future if presented with similar arguments"); Dixon v. Commissioner, 2000 WL 337561 at ** 2-3, 11 (U.S. Tax Ct. Mar. 31, 2000)(despite a series of court orders directing Izen and others to follow certain procedures, Izen ignored the court's orders and grossly overstated the attorneys' fees actually due him).

The list continues with Ripley v. Commissioner, 1987 WL 40181 (U.S. Tax Ct. Feb. 25, 1987)(discussing the considerable delay and lack of compliance with ordered discovery by Izen, excluding documents as a sanction, and rejecting Izen's belated and improper attempt at trial to introduce the same information through "purported summaries" that were deemed unreliable). The Court in Ripley expressed its exasperation with Izen's improper tactics, indicating that after months of undue delay, frivolous arguments, and court orders that had been largely ignored, "Petitioners NEVER provided complete bank records to respondent" (capitalization in original).  The Court observed that "it is again tempting to dismiss the petition." Ripley, 1987 WL 40181 at *6-8.

While Izen attempts to explain away these decisions on the basis that he has successfully represented tax clients and is

7

therefore "unpopular" with the Internal Revenue Service, the sheer number of these decisions indicates, at a minimum, that Izen engaged in a pattern of practice that is inconsistent with his obligations as an officer of the court.  The number of such cases raises the possibility that Izen may attempt to follow the same pattern of abusive tactics here.  Counsel is on notice that this Court will not tolerate such tactics.

Unsuccessful motions to disqualify Izen have been filed in other proceedings.  See Dixon v. Commissioner of Internal Revenue, U.S. Tax Court Docket No. 009382-83, Doc. 235 (denying motion to disqualify); United States v. Mayer, U.S. District Court, Middle District of Florida Civ. Docket No. 8:03-00415, Doc. 22 (denying motion to disqualify).  Izen has been admitted pro hac vice in another jurisdiction.  See e.g. United States v. Estate Preservation, et al., U.S. District Court, Eastern District of California Civ. Docket No. 2:97-01166, Doc. 24 (indicating Izen's admission pro hac vice in Eastern District of California).

## Conclusion

The Court recognizes the importance of the Defendant's right to counsel of his own choosing.  Izen is on notice of the court's obligation to ensure the ethical and orderly administration of justice.  Izen's representations before the Court have been reviewed.  Izen's motion is GRANTED.

In accordance with the foregoing, it is HEREBY ORDERED that Joe Alfred Izen's admission pro hac vice is GRANTED for the limited purpose of representing the Defendant at sentencing in <u>United States v. Wilson</u> Crim. No. 05-00342 HG.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, October 18, 2006.



   /s/ **Helen Gillmor**
Chief United States District Judge

_____
<u>United States v. Stephen B. Wilson</u>; CR. NO. 05-00342 HG